COOLEY LLP
THOMAS J. FRIEL, JR. (80065)
(TFRIEL@COOLEY.COM)
REUBEN H. CHEN (228725)
(RCHEN@COOLEY.COM)
CARRIE J. RICHEY (270825)
(CRICHEY@COOLEY.COM)
DENA CHEN (286452)
(DCHEN@COOLEY.COM)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:   (650) 843-5000
Facsimile:    (650) 849-7400

Attorneys for Defendant
Twilio Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESIGN CORPORATION,<br><br>            Plaintiff,<br><br>      v.<br><br>TWILIO INC.,<br><br>            Defendant. | Case No.  2:16-cv-02106-PSG-SS<br><br>**DEFENDANT TWILIO'S NOTICE OF *EX PARTE* APPLICATION & *EX PARTE* APPLICATION FOR ENLARGEMENT OF TIME TO RESPOND TO COMPLAINT**<br><br>(Memorandum of Points and Authorities; Declaration of Wayne O. Stacy; and Proposed Order Granting *Ex Parte* Application for Enlargement of Time to Respond to Complaint)<br><br>Honorable Philip S. Gutierrez |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

*EX PARTE* APP. RE ENLARGE. OF TIME TO
RESP. TO COMPLAINT
2:16-CV-2106-PSG-SS

**TO ALL PARTIES HEREIN AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Twilio Inc. ("Twilio") hereby moves *ex parte* to enlarge the time to respond to the complaint by 30 days from April 21, 2016 to May 23, 2016. This *ex parte* application is brought pursuant to Civil Local Rule 7-19 and the Procedures of the Honorable Philip S. Gutierrez.

This *ex parte* application is based on this notice of *ex parte* application, memorandum of points and authorities, and the Declaration of Wayne O. Stacy in Support of Ex Parte Application to Enlarge Time To Respond to Complaint ("Stacy Decl.") filed simultaneously herewith, the pleadings, the record and other papers on file in this action, and upon such further evidence or argument as may be presented to the Court.

Prior to bringing this *ex parte* application, the parties met and conferred on April 6, 2016 whereat TeleSign's counsel stated that it opposed the proposed enlargement of time to respond to the complaint. Counsel for TeleSign includes Mary Peal (mpeal@shb.com), Jesse Camacho (jcamacho@shb.com), and Gary Miller (gmiller@shb.com) from Shook, Hardy & Bacon LLP (Address: 5 Park Plaza, Suite 1600, Irvine, California 92614; Phone: (949) 475-1500)).

| | | |
|---|---|---|
| 1 | Dated: April 7, 2016 | Respectfully Submitted: |
| 2 | | |
| 3 | | COOLEY LLP<br>THOMAS J. FRIEL, JR. (80065)<br>REUBEN H. CHEN (228725) |
| 4 | | CARRIE J. RICHEY (270825)<br>DENA CHEN (286452) |

*/s/ Thomas J. Friel, Jr.*
THOMAS J. FRIEL, JR.

Attorneys for Defendant
Twilio Inc.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

*EX PARTE* APP. RE ENLARGE. OF TIME TO
RESP. TO COMPLAINT
2:16-CV-2106-PSG-SS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Civil Local Rule 7-19, and the Procedures of the Honorable Philip S. Gutierrez, Defendant Twilio respectfully submits this *ex parte* application for an extension to respond to the complaint by 30 days to May 23, 2016. No previous extensions have been taken.

The complaint has 162 paragraphs, 41 pages, 39 exhibits, patent infringement accusations against nine products, and three independent patent infringement allegations. The extra time is needed to investigate the factually and legally complex claims.

Twilio apologizes for having to make this request. Twilio requested the extension from Telesign. Telesign refused, and would only offer a 7 day extension conditioned on waiver of rights to file a Rule 12(b) motion. (Stacy Decl. at ¶ 4.)

## II. BACKGROUND

TeleSign filed suit March 28, 2016. (ECF No. 1.) Twilio's response to the complaint is due April 21, 2016. (ECF No. 13.) **TeleSign's complaint consists of 162-paragraphs, 41-pages, and 39 exhibits.** (ECF No. 1.) The complaint alleges direct and indirect infringement of U.S. Patent No. 9,300,792 (the '792 patent)—the just-issued continuation of two patents already asserted in *TeleSign Corp. v. Twilio Inc.*, Case No. 2:15-cv-03240-PSG-SS ("*TeleSign I*"), which is administratively closed pending *inter partes* reviews.

TeleSign accuses Twilio of direct infringement for making, using, selling, offering to sell and/or importing at least **nine** different Twilio products. (ECF No. 1 at ¶ 63.) TeleSign also alleges that Twilio induces customers to infringe each of these **nine** accused products. (ECF No. 1 at ¶¶ 96-156.) TeleSign alleges two different direct infringement theories as the prerequisite direct infringement to its inducement claim. First, TeleSign alleges that Twilio's customers, as "single actors," directly infringe for making, using, selling, offering to sell and/or

importing the nine accused products. (ECF No. 1 at ¶¶ 101-102.) Second, TeleSign alleges that Twilio and its customers are joint infringers, and Twilio's customers direct and control the performance of each step of the claims of the '792 patent. (ECF No. 1 at ¶¶ 103-121.)

### III. ARGUMENT

Twilio respectfully requests an order expanding the time to respond to the Complaint for 30 days to May 23, 2016 for good reason.

*First*, TeleSign's Complaint alleges three theories of infringement and accuses nine products of infringement. Thus, the complaint contains at least 27 separate claims of infringement. Early investigation casts doubt on the sufficiency of these allegations. Twilio is entitled to a pleading that satisfies *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). The Supreme Court recently abolished Form 18 pleading for direct infringement. This was a significant change to the pleading standards in patent cases. Twilio seeks additional time to evaluate, for each infringement allegation, whether TeleSign plead the perquisite facts that make liability "plausible," meaning that they "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570.) From the 39 exhibits appended to the complaint, TeleSign has mixed and matched various disclosures from different products to patch together claims of infringement. Many of these allegations do not appear plausible based on the pleading and exhibits. For example, TeleSign has combined disclosures regarding the two-factor authentication (2FA) use case powered by Twilio SMS with disclosures of Twilio's Authy-branded 2FA product to allege Twilio directly infringes when its customers use Twilio SMS for 2FA. These allegations are not plausible and amount to conclusory statements of direct infringement regarding Twilio SMS. Twilio seeks to evaluate in detail each of TeleSign's claims and explain to the Court in why many of the claims fail.

*Second*, the proposed enlargement is appropriate. Extensions to responding to complaints are routine given by counsel. It is so commonplace that the Local Rules of this District require stipulations not more than a cumulative total of 30 days be filed with the Clerk without approval from the presiding judge. (*See* L.R. 8-3.) Also, courts routinely grant extensions in the pleading context. *Mullen v. Surtshin*, No. C 03-3676 RMW (PR), 2008 WL 3823028, at *3 (N.D. Cal. Aug. 13, 2008) (granting motion to enlarge time to respond to amended complaint because good cause shown); *Jamul Action Comm. v. Chaudhuri*, No. 313CV01920KJMKJN, 2015 WL 6744531, at *2 (E.D. Cal. Nov. 4, 2015) (granted ex parte application for enlargement of time to respond to amended complaint). Here too, a brief, 30-day extension to respond is warranted to allow Twilio time to investigate each of TeleSign's 27 claims of infringement and challenge those claims that are not plausible.

*Third*, *ex parte* relief is justified here. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Twilio's cause will be prejudiced if its response is due according to the regular responsive pleading deadline. This is because the default 21-day response time does not provide Twilio adequate time to investigate in detail all 27 of TeleSign's infringement claims and respond accordingly.

TeleSign's proposal for Twilio to forego filing any response other than an answer seeks to prevent Twilio from challenging the sufficiency of TeleSign's complaint under *Iqbal* and *Twombly*—a notion recently rejected by the Supreme Court in its adoption of the new rules. The sufficiency of TeleSign's pleading is a more serious proposition than when it filed its original complaint in *TeleSign I*. Indeed, harm is threatened because the current timeline fails to provide a fair opportunity for Twilio to respond against the broad infringement claims asserted by TeleSign.

Finally, the modest extension will not prejudice TeleSign. The Court has not

set the Rule 26(f) Conference nor does Twilio's *ex parte* application seek to delay the setting of that conference.  Additionally, TeleSign appears to be arguing that this case is related to *TeleSign I* which is currently stayed.  (ECF 1 at ¶ 8.) TeleSign failed to show compelling evidence of irreparable harm, after *TeleSign I* was pending for nearly a year, to prevent a stay.  (*TeleSign I*, ECF 124 at 5-7.)  A brief extension here of 30 days will not prejudice TeleSign.  There are numerous procedural issues to be addressed that will take longer than the default three weeks and will not impact the overall timing of the case.

## IV.  CONCLUSION

For the reasons stated herein, Twilio respectfully requests that the Court grant Twilio's request for an enlargement of time to respond to the complaint by 30 days to May 23, 2016.

.

Dated:  April 7, 2016.            Respectfully Submitted:

COOLEY LLP
THOMAS J. FRIEL, JR. (80065)
REUBEN H. CHEN (228725)
CARRIE J. RICHEY (270825)
DENA CHEN (286452)

*/s/Thomas J. Friel, Jr.*
Thomas J. Friel, Jr. (80065)

Attorneys for Defendant
Twilio Inc.

129847014 v3

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

*EX PARTE* APP. RE ENLARGE. OF TIME TO RESP. TO COMPLAINT
2:16-CV-2106-PSG-SS