COOLEY LLP
THOMAS J. FRIEL, JR. (80065)
(TFRIEL@COOLEY.COM)
REUBEN H. CHEN (228725)
(RCHEN@COOLEY.COM)
CARRIE J. RICHEY (270825)
(CRICHEY@COOLEY.COM)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:  (650) 843-5000
Facsimile:   (650) 849-7400

WAYNE O. STACY (*pro hac vice*)
(WSTACY@COOLEY.COM)
380 Interlocken Crescent Suite 900
Broomfield, CO 80021
Telephone: (720) 566-4000
Facsimile: (720) 566-4099

Attorneys for Defendant
Twilio Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESIGN CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>TWILIO INC.,<br><br>    Defendant. | Case No.  2:16-cv-02106-PSG-SS<br><br>**[PROPOSED] ORDER GRANTING TWILIO'S MOTION TO DISMISS COMPLAINT**<br><br>Date: August 1, 2016<br>Time: 1:30 p.m.<br>Dept.: 880<br><br>Honorable Philip S. Gutierrez<br><br>JURY TRIAL DEMANDED |

Before this Court is Defendant Twilio Inc.'s Motion to Dismiss Complaint. For the reasons discussed below, the motion is GRANTED.

Plaintiff TeleSign Corp. ("TeleSign") has filed a complaint that fails to adequately plead either direct infringement or indirect infringement of U.S. Patent No. 9,300,792 ("the '792 patent"). Following the abolition of Form 18, which

contained a sample patent complaint, *Iqbal* and *Twombly* now apply to patent infringement claims. A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.v. Twombly*, 550 U.S. 544, 570 (2007)). TeleSign accuses a broad list of products and services of Defendant Twilio, Inc. ("Twilio"). TeleSign also includes a provision in its complaint accusing any other product it may discover.

Further, TeleSign does not include the factual support in its complaint to make its allegations of direct infringement possible. It does not allege that any one product meets all the elements of its exemplary patent claim. For many of the identified products and services, TeleSign includes no factual support whatsoever. TeleSign fails to adequately plead direct infringement.

TeleSign's induced infringement claim lacks adequate factual support to state a claim under the *Twombly/Iqbal* standard. To state a claim of induced infringement, a plaintiff must allege (1) direct infringement by a third party, (2) that the alleged infringer intended to induce the third party's infringement, and (3) that the alleged infringer knew of the patent **and** knew that the induced acts constituted patent infringement. *DSU Med. Corp. v. JMS Co*., 471 F.3d 1293, 1306 (Fed. Cir. 2006). TeleSign alleged that Twilio's customers are direct infringers but did not plead adequate factual support to show that the customers' use of any of the named Twilio products infringed the '792 patent. TeleSign did not identify factual support for any one product or service. TeleSign also failed to plead facts to support its allegation that Twilio knew its customers' use of Twilio's products and services infringed the '792 patent. Again, TeleSign did not identify factual support for any named Twilio product or service. TeleSign also did not identify factual support for its allegations that Twilio intended to induce its customers to infringe the '792 patent. Thus, TeleSign failed to state a claim of indirect infringement.

Accordingly, it is ORDERED that Plaintiff's direct infringement and indirect infringement claims are DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6). The Court orders TeleSign to (1) identify specifically each product and combination of products that it accuses of infringement and (2) allege underlying facts for each identified product (and any accused combination of products) that support a reasonable inference of infringement.

**IT IS SO ORDERED.**

Dated: _____    _____
Honorable Philip S. Gutierrez
United States District Judge