# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A., | § <br> § <br> § | |
| *Plaintiff*, | § <br> § | |
| v. | § | |
| AVAYA INC., | § <br> § | Case No. 6:15-cv-1168-JRG<br>LEAD CASE |
| | § | |
| SHORETEL, INC., | § <br> § | Case No. 6:15-cv-1169-JRG<br>CONSOLIDATED CASE |
| | § | |
| CISCO SYSTEMS, INC., | § <br> § | Case No. 6:15-cv-1175-JRG<br>CONSOLIDATED CASE |
| | § | |
| *Defendants*. | | |

### ORDER

Before the Court is Defendant Avaya Inc.'s ("Avaya") Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim or, in the Alternative, Motion to Strike Under Federal Rule of Civil Procedure 12(f) (Case No. 6:15-cv-1168, Dkt. No. 20, "Mot."). Defendants Shoretel, Inc. ("Shoretel") and Cisco Systems, Inc. ("Cisco") have filed substantially similar motions in their respective member cases (Case No. 6:15-cv-1169, Dkt. No. 21; Case No. 6:15-cv-1175, Dkt. No. 20). Having considered the motions, the pleadings, and the arguments contained in the parties' briefs, and for the following reasons, Defendants' motions are **DENIED**.

### BACKGROUND

Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively "Uniloc") filed its complaint for patent infringement against Avaya on December 28, 2015. The Complaint alleges

that Avaya directly infringes three patents related to "instant message to voice conference initiation" under theories of direct infringement, induced infringement, and contributory infringement. (Dkt. No. 1, "Complaint" ¶ 21).

To support its claims for induced infringement, Uniloc alleges that Avaya had knowledge of the asserted patents at least as early as the filing of the suit, and is actively inducing its enterprise customers to infringe the asserted patents by instructing such customers "through live and web demonstrations, training videos, brochures and administration, maintenance, installation and user guides." (*Id.* ¶¶ 22, 25). Uniloc provides links to at least eight representative instructional documents or videos. (*Id.* ¶ 22).

Finally, to support its contributory inducement claim, Uniloc alleges that (1) Avaya had knowledge of the patents at least as early as the filing of this suit; (2) Avaya's enterprise customers directly infringe the asserted patents by initiating conference calls from an individual or group instant message window, the accused products are components of a patented machine, manufacture, combination, or apparatus for use in practicing a patented process; and (3) that such components have no substantial non-infringing use. (*Id.* ¶¶ 23–25).

Avaya contends that these allegations fail to state a claim upon which relief can be granted.

## LEGAL STANDARDS

Rule 8(a) of the Federal Rules of Civil Procedure, which governs pleadings in patent infringement cases, provides that a claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rule of Civil Procedure, a court must assume that all well-pleaded facts are true, and view those facts in the light most favorable to the

plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then decide whether those facts state a claim for relief that is plausible on its face. *Bowlby*, 681 F.3d at 217. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As the Supreme Court noted, the plausibility requirement is not akin to a "probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal" that the defendant is liable for the alleged misconduct. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007).

Prior to its recent abrogation, Rule 84 of the Federal Rule of Civil Procedure provided that form pleadings automatically satisfy the pleading requirements of Rule 8(a). In practice, compliance with Form 18 "effectively immunize[d] a claimant from attack regarding the sufficiency of the pleading." *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282–85 (Fed. Cir. 2013). Form 18 pleadings in patent cases required only the following to state a claim for direct infringement: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, and using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction. With the abrogation of Rule 84, Form 18 no longer provides a safe harbor for direct infringement claims. Now, to state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that a defendant "without authority makes, uses, offers to sell, or sells any patented

invention during the term of the patent." 35 U.S.C. § 271(a); Fed. R. Civ. P. 8(a); *Bowlby*, 681 F.3d at 217.

To state a claim for induced infringement, a plaintiff must allege facts to plausibly support the assertion that the defendant specifically intended a third party to directly infringe the plaintiff's patent and knew that the third party's acts constituted infringement. 35 U.S.C. § 271(b); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006). Knowledge of infringement alone, however, is not enough. "Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Id.* at 1306.

To state a claim for induced infringement, a plaintiff must allege facts to plausibly support the assertion that there was (1) an act of direct infringement; (2) that the defendant knew that the combination for which its components were especially made was both patented and infringed; and (3) the components have no substantial non-infringing use. 35 U.S.C. § 271(c); *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005).

## ANALYSIS

### A.     Direct Infringement

Avaya first contends that Uniloc fails to state a claim for direct infringement, because the Complaint amounts to nothing more than "threadbare recitals of elements" and "conclusory statements." (Mot. at 9). Avaya further contends that Uniloc has done nothing more than satisfy

the outdated requirements of Form 18. (Dkt. No. 36, "Reply" at 1). The Court disagrees. The Complaint provides factual allegations at a level of specificity beyond what was previously required by Form 18. In addition to identifying which patent claims it asserts (something not required under Form 18), Uniloc identifies specific Avaya products that allegedly infringe the asserted claims. Specifically, Uniloc alleges that Avaya's "Unified Communication software including, without limitation, the Avaya Aura Suites, Core, Power, Foundation, Mobility and Collaboration, including Avaya Communicator with Presence and Multimedia messaging capabilities" infringe the asserted patents. (Complaint ¶ 20). To give further notice of the scope of its claims, Uniloc describes the accused functionality as "instant message to voice conference initiation or implementations of the hardware/software," and explains that such functionality arises when users of the software "initiate a conference call from an individual or group instant message window." (*Id.* ¶ 24). Uniloc buttresses these factual allegations with numerous publicly available illustrations, which further describe the accused products and functionality.

Despite these concrete factual allegations Avaya maintains that "[w]ithout any additional information from Uniloc, Avaya is left with no meaningful understanding of the basis for Uniloc's claim of infringement or even what purportedly infringes." (Mot. at 11). In essence, Avaya is asserting that Uniloc must include element-by-element infringement contentions within the original complaint to properly state a claim for direct infringement. The Court declines to infuse Federal Rule of Civil Procedure 8(a)'s well-established pleading standard with such a heightened burden at the initial pleading stage.

Rule 8 requires that a claim for relief need only contain "a *short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Infringement contentions, as a general matter, are much more than a "short and plain statement."

Initial infringement contentions may, in some cases, be as much as several hundred pages, if not more. Indeed, in this case Uniloc's infringement contentions total over 300 pages. (Dkt. No. 41, Sur-Reply at 2). Far from a "short and plain statement," this level of specificity is tantamount to a legal exposition of the claimant's infringement theories. *See Skinner v. Switzer*, 562 U.S. 521, 530 ("Rule 8(a)(2) . . . generally requires only a plausible 'short and plain statement' of the plaintiff's claim, not an exposition of his legal argument."). As the Supreme Court has cautioned, the plausibility requirement is not akin to a "probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Bill of Lading*, 681 F.3d at 1341 ("[Defendant] is essentially arguing that, at the pleading stage, [plaintiff] must allege facts that prove all aspects of its claims, or at the very least make those claims probable. But that is not what is required.").

The Court recognizes that defendants in patent cases need infringement contentions at an early stage in the litigation in order to assess the asserted claims and develop effective defense theories. The Court has well-established local rules that facilitate such disclosures. Under these rules, plaintiffs are required to serve infringement contentions on defendants at least 10 days before the initial case management conference with the Court. Local Rule 3-1. This deadline mandates disclosure of infringement contentions at a very early stage of the case—prior to entry of discovery and docket control orders. Not only do the local rules provide for early disclosure, they demand detailed disclosure. For instance, plaintiff's infringement contentions must identify with specificity at least the following: (a) each claim of each patent in suit that is allegedly infringed; (b) each accused instrumentality identified by name or model number; (c) a claim chart identifying where each element of each asserted claim is found within each accused

instrumentality; and (d) whether each element of each asserted claim is literally present or present under the doctrine of equivalents. Local Rule 3-1(a)–(d).

While the abrogation of Form 18 does not require plaintiffs to augment their complaints with element-by-element infringement contentions, claims for direct infringement must nevertheless satisfy the pleadings standards set forth by the Supreme Court in *Twombly* and *Iqbal*. Determining whether a complaint states a claim for infringement is a very "context specific task." *Iqbal*, 556 U.S. at 679. Cases involving tangible inventions and relatively straightforward claims may require less detail to state a claim and provide fair notice to the accused infringer. In contrast, "cases involving more nebulous, less tangible inventions such as computer software methods may require a higher degree of specificity to provide proper notice to the defendant." *Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199, at *13 (E.D. Tex. July 27, 2012) (internal citations omitted).

In this case, Uniloc has identified with specificity representative claims from each patent-in-suit that are allegedly infringed by Avaya. Uniloc has further identified by name the accused products, described the accused functionality within these products, and provided descriptive illustrations of these products and the accused functionality. These factual allegations are sufficient to support a reasonable inference that Avaya is liable for direct infringement of the asserted claims. *See Bowlby*, 681 F.3d at 217. Requiring more would improperly and unfairly elevate the plausibility standard to a probability standard. The Court concludes that Uniloc has stated a claim for direct infringement and Avaya's motion with regard to these claims is should be denied.

## B.    Indirect Infringement

Avaya next seeks dismissal of Uniloc's claims for induced and contributory infringement. Avaya contends that, because the Complaint does not allege pre-suit knowledge of the patents-in-suit, Uniloc has failed to state a claim for indirect infringement. Uniloc concedes that the Complaint does not allege pre-suit knowledge, but contends Avaya had knowledge of the asserted patents at least as early as the filing of this lawsuit. (Compl. ¶ 25). The Court has previously addressed this argument and concluded that "[a] pre-suit knowledge requirement for induced infringement would lead to absurd results." *Tierra Intelectual Borinquen, Inc. v. Asus Computer Int'l, Inc.*, Case No. 2:13-cv-44-JRG 2014 LEXIS 38570, at *2 (E.D. Tex. Mar. 24, 2014). Failing to allege pre-suit knowledge of the patent is not a basis to dismiss indirect infringement claims. *Inmotion Imagery Techs. v. Brain Damage Films*, Case No. 2:11-cv-414-JRG 2012 LEXIS 112630, at *3 (E.D. Tex. Aug. 10, 2012). In this case there can be no credible dispute that Avaya has actual notice of the patents-in-suit at least as early as the filing of this lawsuit. Accordingly, Uniloc is not barred from alleging induced infringement based on Avaya's post-filing conduct.

Avaya also contends that Uniloc's induced infringement claims should fail because the Complaint does not sufficiently allege the intent requirement. (Mot. at 13–14).  Avaya again seeks to improperly elevate the pleading standard from plausibility to probability. Uniloc sufficiently pleads the intent requirement for induced infringement by alleging that Avaya's enterprise customers use the accused products to directly infringe the patents-in-suit in accordance with Avaya's instructions. (Complaint ¶ 22). Uniloc further alleges that "Avaya instructs its customers through live and web demonstrations, training videos, brochures and administration, maintenance, installation and user guides." (*Id.*). Additionally, Avaya provides links to publicly available documents that allegedly instruct Avaya's customers to use the

accused products in a way that infringes the asserted patents. (*Id.*). This level of specificity exceeds the level considered in *Bill of Lading*. There, the Federal Circuit held that advertising the benefits of the accused functionality "gives rise to a reasonable inference that you intend to induce your customers to accomplish these benefits through utilization of the patented method." *Bill of Lading*, 681 F.3d at 1341–42. Here, going well beyond merely advertising the benefits of the accused functionality, Uniloc alleges that Avaya has provided step-by-step instructions on how to infringe. These factual allegations coupled with Avaya's knowledge of the patents are enough to give rise to a reasonable inference that Avaya possessed the requisite intent to induce infringement.

Avaya similarly argues that Uniloc's contributory infringement claims fail to sufficiently plead each element of 35 U.S.C. § 271(c). (Mot. at 15). Uniloc alleges that the accused "software module that allows its enterprise clients to initiate a conference call from an individual or group instant message window is a component of a patented machine, manufacture, or combination or an apparatus for use in practicing a patented process." (Complaint ¶ 24). Uniloc further alleges that this software module is "a material part" of the process employed by Avaya's enterprise customers and is "not a staple article or commodity of commerce suitable for substantial non-infringing use." (*Id.* ¶ 23).

These allegations, if true, are sufficient to "raise a reasonable expectation that discovery will reveal" that Avaya is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. It may very well be the case that the accused software module is not a material part of the infringing process and does, in fact, have a substantial non-infringing use. However, it is not the province of the Court to resolve these factual disputes at this early juncture. *Id.* ("[O]f course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is

improbable, and that a recovery is very remote or unlikely.") (internal quotations and citation omitted). For these reasons, the Court concludes that Avaya's motion to dismiss Uniloc's indirect infringement claims should be denied.

### C.    Motion to Strike Under Rule 12(f)

Finally, Avaya urges the Court to strike paragraphs 21, 31, and 42 of Uniloc's Complaint as insufficient and improper under Rule 12(f). (Mot. at 17–18). The basis for Avaya's motion is that these paragraphs include broad allegations concerning "software utilizing the same or reasonably similar functionality." Avaya's stated concern is that the inclusion of allegations concerning unspecified software products will give rise to "unrestricted discovery across Avaya's large volume of products." (*Id.* at 18).

The Court finds no compelling reason to strike these paragraphs. The inclusion of these broader allegations merely serves as notice to Avaya that Uniloc alleges infringement against all Avaya products that practice the patented invention. It is often the case that litigants have good reason to believe that additional, unspecified products infringe their patents, but formal discovery may be necessary to ascertain the precise scope and application of the alleged infringement. Uniloc has represented to the Court that it intends to serve interrogatories on Avaya concerning its products to further refine the scope of its allegations and subsequent discovery requests. (Opp. at 15). The inclusion of these allegations does not grant to Uniloc a license to engage in unrestricted or otherwise excessive discovery. Accordingly, the Court is of the opinion that Avaya's motion with regard to these allegations should be denied.

### D.    Shoretel and Cisco

Defendants Shoretel and Cisco also filed motions to dismiss Uniloc's claims for direct and indirect infringement pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil

Procedure. These motions are substantially similar—if not identical—to Avaya's motion. The Court has separately reviewed these motions and the pleadings in each case. The complaint in each case contains factual allegations that support Uniloc's claims for infringement. For instance, Uniloc identifies each claim of the asserted patents that Defendants allegedly infringe, lists the accused Shoretel and Cisco products by name, and provides various illustrations describing the accused functionality found in these products. Moreover, in support of its indirect infringement claims, Uniloc has identified with particularity the instructions, demonstrations, and brochures that Shoretel and Cisco allegedly use to induce their enterprise customers to infringe the asserted patents. For these reasons, and for those reasons set forth above, the Court concludes that Shoretel and Cisco's motions should be denied.

## CONCLUSION

Having considered Defendants' motions (Case No. 6:15-cv-1168, Dkt. No. 20; Case No. 6:15-cv-1169, Dkt. No. 21; Case No. 6:15-cv-1175, Dkt. No. 20), and for the foregoing reasons, Defendants' motions to dismiss pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure are in all things hereby **DENIED**.

**So ORDERED and SIGNED this 13th day of May, 2016.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE