# EXHIBIT C

Case 2:16-cv-02106-PSG-SS Document 36-5 Filed 07/11/16 Page 1 of 7 Page ID #:800

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01756-REB-MEH

TEXTILE NETWORK, INC.,

    Plaintiff,

v.

CALIFORNIA WEBBING MILLS, INC.,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff/Counterclaim Defendant Textile Network, Inc.'s Motion and Memorandum of Law in Support of its Motion to Dismiss Defendant California Webbing Mills, Inc.'s Counterclaims [filed November 16, 2015; docket #19]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1(c), the matter is referred to this Court for recommendation [docket #20]. The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court respectfully RECOMMENDS that the Motion to Dismiss be granted.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings

## BACKGROUND

Plaintiff initiated this action on August 13, 2015 alleging claims of direct infringement of two patents (the '634 and '540 patents). In its answer filed on October 23, 2015, Defendant included counterclaims of noninfringement and invalidity, and unenforceability. Plaintiff seeks to dismiss these counterclaims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

---

of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir.1991)).

"The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

## **ANALYSIS**

In its first counterclaim, Defendant asserts: "The '634 and '540 Patents, on information and belief, are invalid and unenforceable for one or more of the reasons alleged above." However, Defendant provides no "reasons alleged above" in the answer and counterclaim. Likewise, in its second counterclaim, Defendant asserts: "The '634 and '540 Patents, on information and belief, are not infringed for one or more of the reasons alleged above." Again, however, Defendant provides no "reasons alleged above" in the answer and counterclaim. At most, in its affirmative defenses,

Defendant alleges that, "[u]pon information and belief, the '634 [and '540] Patent[s] [are] invalid and/or unenforceable for failure to meet the conditions for patentability set forth in 35 U.S.C. §§101 et seq., including with limitation §§ 101, 102, 103, and/or 112 thereof." Eighth and Tenth Affirmative Defenses, docket #9 at 3-4. Otherwise, the answer and counterclaims contain no allegations concerning the patents whatsoever.

I find that the counterclaims do not provide fair notice to Plaintiff of the bases for Defendant's claims of noninfringement, invalidity, and unenforceability. Since there are no factual allegations whatsoever, but rather only conclusory legal statements, the counterclaims cannot meet any pleading standard, let alone that established in *Iqbal* and *Twombly*. Even in patent cases, those pleading standards apply. *See Gharb v. United States*, 112 Fed. Cl. 94, 97 (2013). Defendant alleges that Form 18 of the Federal Rules of Civil Procedure prevails over the Supreme Court's holdings in *Iqbal* and *Twombly*. While this may be true, *see In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012), the courts strictly construe Form 18: "Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement . . . ." *Id.* at 1336-37. The issue of whether Form 18 applies to counterclaims alleging noninfringement is a matter of dispute in the federal courts.[2] Form 18 would not apply on

---

[2] "Form 18 applies to patent infringement claims. It is not an example complaint for a patent invalidity claim. And, therefore, there is no legal basis . . . to ignore the clear mandates of the Supreme Court [in *Twombly* and *Iqbal* ] even though the result is a disparate pleading burden between a patentee and an accused infringer." *Gemcor II, LLC v. Electroimpact Inc.*, No. 11-CV-2520, 2012 WL 628199, at *2 (D. Kan. Feb. 27, 2012) (emphases added); *see also Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 904 (E.D. Pa. 2011) (dismissing invalidity counterclaim for failure to satisfy *Twombly's* "plausibility"standard, though acknowledging that "this may place a burden on patent defendants, who will have to plead counterclaims in accordance with *Twombly* but will often be tasked with answering conclusory complaints of direct infringement."). *But see Gradient Enterprises, Inc. v. Skype Techs. S.A.*, 932 F. Supp. 2d 447, 451 (W.D.N.Y. 2013) (Form 18 applies to counterclaims seeking a declaration of noninfringement, but *Twombly* standard in the

its face to counterclaims alleging invalidity or unenforceability. *Senju Pharm. Co. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 303 (D. Del. 2013). *But see Microsoft Corp. v. Phoenix Sols., Inc.,* 741 F. Supp. 2d 1156, 1159 (C.D. Cal. 2010). In any event, Defendant's counterclaims do not faithfully follow the wording of Form 18 and, thus, are deficient even under that standard.

Dismissal of a case under Fed. R. Civ. P. 12(b)(6) is "a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice." *Cayman Exploration Corp. v. United Gas Pipe Line,* 873 F.2d 1357, 1359 (10th Cir. 1989). As such, in this jurisdiction, the court typically does not dismiss a claim under Fed. R. Civ. P. 12(b)(6) until the pleading party has been provided notice and an opportunity to amend its claims to cure the defective allegations. *See " Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). Here, it is possible Defendant may cure the pleading deficiencies noted above; therefore, the Court recommends that Defendant be allowed to file amended counterclaims, consistent with Fed. R. Civ. P. 8 and other federal and local rules, within thirty (30) days of the District Court's Order.

## **CONCLUSION**

The currently alleged counterclaims fail to state claims against Plaintiff. Accordingly, the Court RECOMMENDS that the District Court **grant** Defendant Textile Network, Inc.'s Motion and Memorandum of Law in Support of its Motion to Dismiss Defendant California Webbing Mills, Inc.'s Counterclaims [filed November 16, 2015; docket #19] as set forth herein, dismiss Defendant's two counterclaims against Plaintiff, but grant the Defendant leave to file amended counterclaims articulating cognizable claims of noninfringement, invalidity, and unenforceability.

---

event defendant alleges (1) that they have not indirectly infringed the patent in suit, or (2) that the patents are invalid).

Respectfully submitted at Denver, Colorado, this 23rd day of February, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge