# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NU-YOU TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:15-CV-03434-N |
| | § | |
| YOUSSEFF ELTOWEISSY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This Order addresses Defendants Yousseff Eltoweissy and Diamond Cuts Barber Studio LLC's ("Diamond Cuts") motion to dismiss [24] and motion for acceptance of late filing [25]. The Court grants leave to submit the late response but denies the motion to dismiss.

This case arises from Eltoweissy and Diamond Cuts's manufacture, use, importation, offer for sale, and sale of a hair styling product called the Curl Sponge. Plaintiff Nu-You Technologies, LLC ("Nu-You") maintains that the use of the Curl Sponge to create hair twists or curls infringes U.S. Patent No. 7,198,050 (the "'050 Patent"). According to Nu-You, the '050 Patent "relates generally to the method of using a handheld device with a plurality of spaced-apart bores to create clumps of hair at substantially regular intervals." *See* Pl.'s Am. Compl. ¶ 28 [20]. Nu-You is the assignee of the '050 Patent. *Id.* ¶ 27.

Nu-You brings claims against Eltoweissy and Diamond Cuts for direct, contributory, and induced infringement of the '050 Patent pursuant to 35 U.S.C. § 271. Eltoweissy and

ORDER – PAGE 1

Diamond Cuts now move to dismiss all claims for lack of personal jurisdiction, for improper venue, and for failure to state a claim upon which relief can be granted. Nu-You opposes the motion but does not seek leave to amend.

To determine whether personal jurisdiction exists, "[a] court must inquire whether the defendant has 'purposefully directed his activities' at the forum state and, if so, whether 'the litigation results from alleged injuries that arise out of or relate to those activities.'" *Breckenridge Pharm., Inc. v. Metabolite Labs.*, 444 F.3d 1356, 1361–62 (Fed. Cir. 2006) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Nu-You has alleged that Eltoweissy, personally and as the alter ego of Diamond Cuts, performed the claimed method in the '050 Patent at a barber competition in Texas. *See* Pl.'s Am. Compl. ¶¶ 15–16, 20–22. Eltoweissy then used his success at this competition to promote sales of the Curl Sponge through the Diamond Cuts interactive website. *Id.* ¶¶ 20–22, 25. At least one sale through the website went to an individual in Texas. *Id.* ¶ 25. These factual allegations support the reasonable inference that Eltoweissy and Diamond Cuts purposefully targeted end users in Texas. These activities also gave rise to Nu-You's claims of infringement. The Court holds that Nu-You has presented a prima facie case for personal jurisdiction.

"Venue in patent infringement trials is proper in any judicial district 'where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business.'" *Hoover Grp., Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1410 (Fed. Cir. 1996) (quoting 28 U.S.C. § 1400(b)). For purposes of venue, a business entity resides in any district where the entity is subject to the court's personal

ORDER – PAGE 2

jurisdiction. *Id.*; 28 U.S.C. § 1391(c)). Moreover, a corporate owner or officer's "ownership, control, and active management of the corporation provide sufficient basis" to establish proper venue. *Hoover*, 84 F.3d at 1411. Nu-You has alleged sufficient facts to establish the court's personal jurisdiction of the infringement claims against Diamond Cuts, and Eltoweissy is the alleged founder and owner of Diamond Cuts. *See* Pl.'s Am. Compl. ¶¶ 18–21. The Court holds that venue is proper in this action.

To state a legally sufficient claim for relief, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nu-You has plausibly alleged that Eltoweissy, personally and as the alter ego of Diamond Cuts, performed the patented method. Nu-You has also plausibly alleged that Eltoweissy and Diamond Cuts induced others to infringe the '050 Patent by promoting and selling the Curl Sponge and providing instructions for its use with a styling liquid. *See* Pl.'s Am. Compl. ¶¶ 31, 43. Eltoweissy and Diamond Cuts argue that they have not infringed the '050 Patent because the Curl Sponge does not have a "substantially smooth" bottom. *See* Defs.' Mem. of Law in Supp. of Mot. to Dismiss 8 [24-1]. However, "[c]laim construction and infringement analysis should not be resolved on a motion to dismiss." *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, 890 (N.D. Cal. 2011). The Court holds that Nu-You has stated legally sufficient claims for infringement.

Because Nu-You will not be prejudiced by the late filing of Eltoweissy and Diamond Cuts's motion to dismiss, the Court grants the motion for acceptance of late filing. The Court denies Eltoweissy and Diamond Cuts's motion dismiss.

ORDER – PAGE 3

Signed July 5, 2016.

_____
David C. Godbey
United States District Judge