COOLEY LLP
THOMAS J. FRIEL, JR. (80065)
(TFRIEL@COOLEY.COM)
REUBEN H. CHEN (228725)
(RCHEN@COOLEY.COM)
CARRIE J. RICHEY (270825)
(CRICHEY@COOLEY.COM)
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

WAYNE O. STACY (*pro hac vice*)
(WSTACY@COOLEY.COM)
380 Interlocken Crescent Suite 900
Broomfield, CO 80021
Telephone: (720) 566-4000
Facsimile: (720) 566-4099

Attorneys for Defendant
Twilio Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESIGN CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TWILIO INC.,<br><br>　　　　Defendant. | Case No. 2:16-cv-02106-PSG-SS<br><br>**TWILIO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**<br><br>Date:　　August 1, 2016<br>Time:　　1:30 p.m.<br>Dept.:　　880<br><br>Honorable Philip S. Gutierrez<br><br>JURY TRIAL DEMANDED |

# Table of Contents

**Page**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT........................................................................................................2

    A. TeleSign's direct infringement allegations are insufficient and should be amended ...............................................................................2

        1. TeleSign's single sentence accusation is insufficient to plead infringement under the doctrine of equivalents ............................2

        2. TeleSign cannot defend the use of its coined term to sweep in all Twilio products and conceivable product combinations .......3

            a. Case law does not support TeleSign's use of an all-inclusive coined term .......................................................3

            b. TeleSign's new contention that Twilio's products are related is not in the complaint .............................................5

        3. TeleSign does not set forth an infringement case for even a single product ..................................................................................5

    B. TeleSign failed to plead facts sufficient to support the three prongs of the indirect infringement test ..................................................................6

        1. TeleSign's complaint lacks factual support showing that Twilio's customers directly infringe................................................7

        2. TeleSign's complaint lacks factual support for its allegations that Twilio intended to induce its customers' infringement...........8

        3. TeleSign's complaint contains no factual support to show that Twilio knew that its customers infringed the '792 patent .......8

III. CONCLUSION ....................................................................................................9

# TABLE OF AUTHORITIES

Page

**Cases**

*Atlas IP, LLC v. Exelon Corp.*,
  No. 15 C 10746, 2016 WL 2866134 (N.D. Ill. May 17, 2016) ............................... 6

*Atlas IP LLC v. Pac. Gas & Elec. Co.*,
  No. 15-CV-05469-EDL, 2016 WL 1719545 (N.D. Cal. Mar. 9, 2016) .................... 7

*Audio MPEG, Inc. v. HP Inc.*,
  2:15-cv-00073-HCM-RJK, slip op. (E.D. Va. July 1, 2016)
  (Dkt. No. 36-7) ........................................................................................................ 4

*Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*,
  No. 12-cv-1111, 2013 WL 6058472 (D. Del. Nov. 18, 2013) ................................ 9

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) ............................................................................... 7

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*,
  No. 2:15-CV-1202-WCB, 2016 U.S. Dist. LEXIS 55197
  (E.D. Tex. Apr. 26, 2016) ........................................................................................ 4

*Fujitsu Ltd. v. Netgear, Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010) ............................................................................... 4

*Harris v. Wells Fargo Bank N.A.*,
  No. 516CV00645CASKKX, 2016 WL 3410161
  (C.D. Cal. June 15, 2016) ........................................................................................ 5

*InCom Corp. v. The Walt Disney Co.*,
  CV15-3011 PSG (MRWx), 2016 U.S. Dist. LEXIS 71319
  (C.D. Cal. Feb. 4, 2016) ..................................................................................... 3, 4

*Intellectual Ventures I LLC v. Bank of Am., Corp.*,
  No. 13-cv-358, 2014 WL 868713 (W.D.N.C. Mar. 5, 2014) .................................. 9

*MIS Scis. Corp. v. RPost Comm'ns Ltd.*,
  No. 14-cv-00376-VC, 2016 U.S. Dist. LEXIS 70892
  (N.D. Cal. May 18, 2016) ........................................................................................ 4

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

ii.

**REPLY IN SUPPORT OF MOTION TO DISMISS**
**2:16-CV-02106-PSG-SS**

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Rembrandt Patent Innovations LLC v. Apple Inc.*,
  No. 14-cv-05093, 2015 WL 8607390 (N.D. Cal. Dec. 13, 2015) ......................... 2, 3

*Uniloc USA, Inc. v. Avaya Inc.*,
  No. 6:15-cv-1168-JRG, slip op. (E.D. Tex. May 13, 2016)
  (Dkt. No. 36-4) ................................................................................................. 5

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

iii.

**REPLY IN SUPPORT OF MOTION TO DISMISS**
**2:16-CV-02106-PSG-SS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

TeleSign's complaint attempts to preserve several hundred possible infringement accusations—accusing every known Twilio product, every unknown Twilio product, and every possible product combination of infringing in every possible way, including directly, indirectly, and under the doctrine of equivalents. But TeleSign refuses to provide the required plausible factual case for the accusations. It uses patchwork facts from several Twilio products and services and does not plead infringement for any one Twilio product. Instead, TeleSign contends that it is **Twilio's** responsibility to piece together TeleSign's patchwork facts and determine (1) which products and combinations are actually accused of infringement and (2) what infringement theory TeleSign is pursing for each accused product. (*See* Dkt. No. 36 at 9.) TeleSign has it backward. The Supreme Court in *Iqbal/Twombly* and the Ninth Circuit in *Starr* assigned the pleading responsibility to the plaintiff.

TeleSign has the power and ability to fix its complaint. TeleSign can specifically identify the accused products and plead facts sufficient to demonstrate a plausible infringement case for each accused product. Similarly, if TeleSign wants to accuse particular combinations of products, it can specifically identify those combinations and provide a plausible infringement case for each combination. During its Rule 11 pre-filing diligence, TeleSign presumably collected all of the information that it needs to specifically identify the products and product combinations that it actually accuses of infringement. And, presumably, TeleSign already knows which theories of infringement it can sufficiently support for each accused product and combination. Using this already-completed diligence work, TeleSign should be able to amend its complaint with little difficulty.

TeleSign's amended complaint will help the Court better understand the boundaries of this case and the boundaries of discovery. And the amended complaint will help Twilio understand which products and combinations it needs to defend.

With a modest investment of time, TeleSign can focus this case and satisfy the requirements of *Iqbal/Twombly* and *Starr*. Accordingly, Twilio asks that the complaint be dismissed and that TeleSign be given the right to amend.

## II. ARGUMENT

### A. TeleSign's direct infringement allegations are insufficient and should be amended

TeleSign failed to adequately plead direct infringement both literally and under the doctrine of equivalents. Both allegations should be dismissed and TeleSign should be given the right to amend.

#### 1. TeleSign's single-sentence accusation is insufficient to plead infringement under the doctrine of equivalents

TeleSign argues that it does not need to plead a doctrine-of-equivalents infringement accusation with facts sufficient to make a plausible case. (Dkt. No. 36 at 19-20.) In fact, TeleSign goes so far as to argue that a single mention of doctrine of equivalents is sufficient to support infringement assertions against 19 Twilio products, all unknown Twilio products, and all possible combinations of Twilio products. *Id.*

According to TeleSign, *Iqbal/Twombly* and *Starr* do not apply to doctrine of equivalents infringement theories. TeleSign supports this startling proposition by pointing to cases that predate the abrogation of Form 18. *Teashot*, *Probatter Sports,* and *Automated Transaction*, for example, all predate the abrogation of Form 18 and are no longer good law. TeleSign gives no explanation as to why these cases should apply today or why they trump *Iqbal/Twombly* and *Starr*.

Infringement under the doctrine of equivalents is a direct infringement theory and it must be pleaded with sufficient facts to support a plausible case of infringement. Form 18 no longer protects bare-bones pleadings. *Rembrandt Patent Innovations LLC v. Apple Inc.*, No. 14-cv-05093, 2015 WL 8607390, at *2 (N.D. Cal. Dec. 13, 2015). And neither the Supreme Court nor the Ninth Circuit carved out pleading exceptions for the doctrine of equivalents. Accordingly, TeleSign's

infringement assertions under the doctrine of equivalents should be dismissed and TeleSign should be permitted to replead with facts sufficient to support a plausible infringement theory under the doctrine of equivalents.

### 2. TeleSign cannot defend the use of its coined term to sweep in all Twilio products and conceivable product combinations

TeleSign created a coined term, "Accused Technologies," that lumps together 19 Twilio products and services and any combination of those 19 products, as well as any similar Twilio products that may exist. (Dkt. No. 1 at ¶¶ 63-64; Dkt. No. 34 at 8.) TeleSign's infringement allegations are directed at this coined term rather than any specific product or combination of products. Through this coined term, TeleSign has alleged infringement against every Twilio product and every possible combination of Twilio products. If TeleSign wants to accuse every product and combination, *Iqbal/Twombly* and *Starr* require TeleSign to plead sufficient facts to support each accusation. The law does not permit TeleSign to hide behind a coined term.

#### a. Case law does not support TeleSign's use of an all-inclusive coined term

TeleSign argues that complaints can accuse broad categories of products without specificity. While potentially true in some instances, this argument does not apply to TeleSign's use of its all-inclusive coined term.

TeleSign's argument relies mainly on cases that predate the Form 18 abrogation. (Dkt. No. 36 at 12-13, n.50, n.54, n.57.) As of December 1, 2015, direct infringement complaints must comply with *Twombly* and *Iqbal*. *Rembrandt Patent Innovations*, 2015 WL 8607390, at *2. The older cases TeleSign cites—one of which, *Symbol Technologies*, predates even the Supreme Court's *Twombly/Iqbal* law— cannot support TeleSign's argument.

TeleSign primarily relies on this Court's recent decision in *InCom Corp. v. The Walt Disney Company*. TeleSign argues that it, just like the *InCom* plaintiff, attached the patent and named specific products. (Dkt. No. 36 at 6-7.) But the *InCom* complaint

accused a **single** device used with a **single** system. *InCom Corp. v. The Walt Disney Co.*, CV15-3011 PSG (MRWx), 2016 U.S. Dist. LEXIS 71319, at *6 (C.D. Cal. Feb. 4, 2016). The identity of the accused product was clear from the pleading. There is no coined definition in the *InCom* complaint comparable to TeleSign's "Accused Technologies" definition. *See id.* In addition, the *InCom* plaintiff filed its complaint before the abrogation of Form 18 took effect. *Id.* at *5-6. TeleSign, in contrast, filed this complaint well after Form 18 ceased to apply.

TeleSign's other cited cases similarly do not support TeleSign's contention that it can plead infringement allegations by using an all-inclusive coined term. (Dkt. No. 36 at 7.)

- *Audio MPEG* accused a company's products that used the MPEG standard. *Audio MPEG, Inc. v. HP Inc.*, 2:15-cv-00073-HCM-RJK, slip op. at 18 (E.D. Va. July 1, 2016) (Dkt. No. 36-7 at 18). In denying a motion to dismiss, the court relied on Federal Circuit precedent holding that "a district court may rely on an industry standard in analyzing infringement." *Id.* (quoting *Fujitsu Ltd. v. Netgear, Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010)). The accused infringer could identify accused products based on knowledge of which products were advertised to comply with the industry standard. TeleSign, however, does not allege that any industry standard applies in this case.

- In *UroPep*, the defendant's dismissal argument concerned whether providing a drug to patients could be considered "administering" the drug, which the court characterized as a claim construction argument that could not be decided on a motion to dismiss. *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 U.S. Dist. LEXIS 55197, at *4-5 (E.D. Tex. Apr. 26, 2016). The defendant's argument was not based on the sufficiency of facts in the complaint. *Id.*

- *MIS Sciences* addresses a declaratory judgment complaint, in which the plaintiff arguably "can plead less, because the accuser-defendant should typically already

be on notice of the patent infringement questions posed by the lawsuit." *MIS Scis. Corp. v. RPost Comm'ns Ltd.*, No. 14-cv-00376-VC, 2016 U.S. Dist. LEXIS 70892, at *2 (N.D. Cal. May 18, 2016). This case does not involve a declaratory judgment complaint.

- In *Uniloc*, the court evaluated a complaint that listed multiple representative claims and named specific products for each defendant in the case. *Uniloc USA, Inc. v. Avaya Inc.,* No. 6:15-cv-1168-JRG, slip op. at 6-7 (E.D. Tex. May 13, 2016) (Dkt. No. 36-4). *Uniloc* does not address a complaint where the plaintiff created a coined term to cover every product and every conceivable combination of products produced by the accused infringer.

TeleSign did not point to a single case—post-abrogation of Form 18—that permitted the use of a coined term that was designed to cover all known and unknown products and all possible combinations of those products. To comply with *Iqbal/Twombly* and *Starr,* TeleSign must amend its complaint to specifically identify each accused product and each accused combination of products.

### b. TeleSign's new contention that Twilio's products are related is not in the complaint

TeleSign, in its opposition brief, contends that all 19 products it names in its "Accused Technologies" definition are related. (Dkt. No. 36 at 7-8.) **This contention is not in the complaint.** Further, TeleSign's complaint provides no factual support for the allegation that the 19 Twilio products are related. (Dkt. No. 1; Dkt. No. 36 at 7-8.) The contention is TeleSign attorney argument that cannot be considered in a motion to dismiss. When deciding a motion to dismiss, courts decide the motion only on what is in the complaint. *Harris v. Wells Fargo Bank N.A.,* No. 516CV00645CASKKX, 2016 WL 3410161, at *3 (C.D. Cal. June 15, 2016).

### 3. TeleSign does not set forth an infringement case for even a single product

TeleSign admits it did not know what Twilio products it was accusing and admits that its infringement evidence relies on pieces of different products. (Dkt. No. 36 at 9.) Put simply, TeleSign's complaint does not match even one patent claim against one Twilio product. As a court recently wrote, the *Iqbal/Twombly* standard requires facts that "permit a court to infer that the accused product infringes each element of at least one claim." *Atlas IP, LLC v. Exelon Corp.*, No. 15 C 10746, 2016 WL 2866134, at *5 (N.D. Ill. May 17, 2016) (emphasis added). The law as applied to this case requires TeleSign to match at least one claim against a specifically-identified product or specifically-identified combination of products.

Instead of following the proper proof requirements, TeleSign mixed and matched screenshots from multiple Twilio products to piece together an infringement case. (Dkt. No. 34 at 3-4, 10-11.) In its opening brief, Twilio illustrated this mix-and-match approach with a bullet-point identification showing the different products TeleSign identified for each element of claim 1. (Dkt. No. 34 at 4.)

TeleSign mischaracterizes Twilio's argument as a factual argument about what functions Twilio's products perform. (Dkt. No. 36 at 7.) But Twilio is not arguing about what functions are performed. Instead, Twilio is pointing out that TeleSign is impermissibly relying on the functions of different products for what should be an infringement chart against a single product. And, to the degree that TeleSign is attempting to point to a combination of products in its infringement chart, TeleSign does not plead that those products were ever combined or are even combinable. TeleSign appears to be randomly selecting different products to chart in its complaint as a single product.

This Court should require TeleSign to file an amended complaint that sets forth a plausible infringement case for each specifically-accused products using information from the corresponding specifically-accused product.

### B. TeleSign failed to plead facts sufficient to support the three prongs of the indirect infringement test

As Twilio explained in its opening papers, to adequately plead indirect infringement, TeleSign was required to plead facts sufficient to support allegations that (1) Twilio's customers directly infringe, (2) Twilio intended to induce its customers' infringement, and (3) Twilio knew of the '792 patent **and** knew that its customers' acts constituted patent infringement. (Dkt. No. 34 at 11 (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).) TeleSign was required to plead facts sufficient to support all three elements for **each** of the 19 accused products (and any accused combinations) encompassed in its definition of "Accused Technologies." TeleSign did not do so even for a single product. (Dkt. No. 34 at 11-14.)

### 1. TeleSign's complaint lacks factual support showing that Twilio's customers directly infringe

First, TeleSign's complaint alleges that Twilio's customers directly infringe the '792 patent. (Dkt. No. 1 at ¶¶ 101-02.) Using its coined term "Accused Technologies," TeleSign makes allegations against every Twilio product and possible combination of products. But as TeleSign admits, the complaint only identified alleged customer infringement of two products. (Dkt. No. 36 at 16.) An adequate infringement allegation must give factual support for each accused product and product combination. *See Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-CV-05469-EDL, 2016 WL 1719545, at *3 (N.D. Cal. Mar. 9, 2016). Accordingly, TeleSign should amend its complaint to address each accused product and combination.

Second, TeleSign's complaint alleges joint infringement between Twilio and Twilio's customers. (Dkt. No. 1 at ¶¶ 103-105.) But, as Twilio explained in its motion, TeleSign does not identify—for any product or combination—what steps are allegedly performed by Twilio and what steps are performed by Twilio customers. (Dkt. No. 34 at 12-13.) In its opposition, TeleSign completely ignored this issue. (Dkt. No. 36 at 17-18.) This Court should require TeleSign to file an amended complaint that

identifies how Twilio customers' actions allegedly jointly infringe each product and product combination.

### 2. TeleSign's complaint lacks factual support for its allegations that Twilio intended to induce its customers' infringement

TeleSign's complaint did not contain factual support for its allegations that Twilio intended to induce its customers' infringement. (Dkt. No. 34 at 14-15; Dkt. No. 1 at ¶¶ 123-38.) TeleSign defends its complaint by stating that it has alleged enough facts. TeleSign, however, provided no support for its defense. (Dkt. No. 36 at 19.)

To adequately plead the intent element of induced infringement, TeleSign must plead facts for **each** named product and product combination that are sufficient to allow the Court to infer that Twilio intended to induce infringement for those products. (Dkt. No. 34 at 14-15.) TeleSign's complaint only shows that Twilio has customers and provides those customers with instructions. (Dkt. No. 34 at 15.) Those facts alone are insufficient to support a plausible induced infringement case.

This Court should order TeleSign to file an amended complaint that identifies specific products and product combinations and contains facts sufficient to allow an inference that Twilio intended to induce infringement of each product and combination.

### 3. TeleSign's complaint contains no factual support to show that Twilio knew that its customers infringed the '792 patent

TeleSign's complaint did not contain sufficient facts to show that Twilio knew its customers performed infringing acts. (Dkt. No. 1 at ¶¶ 140-53.) Twilio called out this issue in its motion to dismiss. (Dkt. No. 34 at 13-14.) But TeleSign offered no defense. (Dkt. No. 36 at 18.) Instead, TeleSign makes a single blanket cite to the paragraphs in its complaint that address Twilio's alleged knowledge. (*Id*. at 18 n.85.) TeleSign's cited paragraphs do not mention a single Twilio product. (Dkt. No. 34 at 13-14.) At most, they show that Twilio knew that customers used Twilio products— but knowledge that a customer uses a product is not enough to plead induced

infringement.

The law of induced infringement requires that Twilio know that customer use infringes. *Intellectual Ventures I LLC v. Bank of Am., Corp.*, No. 13-cv-358, 2014 WL 868713, at *5 (W.D.N.C. Mar. 5, 2014); *see also Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, No. 12-cv-1111, 2013 WL 6058472, at *1 n.5 (D. Del. Nov. 18, 2013) (dismissing induced infringement claim). TeleSign points to no facts in its complaint that support this requirement. Accordingly, this Court should order TeleSign to file an amended complaint that contains factual support, if it exists, demonstrating that Twilio knew of customer infringement for each accused product and specific product combination.

## III. CONCLUSION

Rather than set out its case as is required by *Iqbal/Twombly* and *Starr,* TeleSign wants to keep every possible option open. To do so, it coined a term that covered every known product, unknown product, and every conceivable combination. Stated differently, TeleSign accused every product that Twilio makes and every possible use of those products. But TeleSign failed to provide the necessary factual support for such sweeping accusations. To properly focus this case, TeleSign should be required to amend its complaint and specifically name the accused products, identify the infringement theory, and provide a plausible infringement case for each accused product and theory.

Dated: July 18, 2016.

Respectfully Submitted:

COOLEY LLP
THOMAS J. FRIEL, JR. (80065)
WAYNE O. STACY (*pro hac vice*)
REUBEN H. CHEN (228725)
CARRIE J. RICHEY (270825)


*/s Wayne O. Stacy*
Wayne O. Stacy (*pro hac vice*)

Attorneys for Defendant
Twilio Inc.