UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2106 PSG (SSx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | TeleSign Corp. v. Twilio, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Motion to Dismiss

Before the Court is Defendant Twilio, Inc.'s motion to dismiss Plaintiff TeleSign Corp.'s complaint. Dkt. #34. The court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7–15. After considering the moving, opposing, and reply papers, the Court GRANTS the motion.

I.   Background

Plaintiff works in Internet security and user authentication. *Compl.* ¶¶ 2–4. Plaintiff owns the right, title, and interest in United States Patent No. 9,300,792 (the "'792 Patent"). *Id.* ¶¶ 16–20. The first claim of the '792 patent

> is directed to a verification and notification method implemented by a computing system, the method comprising: receiving, from a user, information via a computing interface presented to the user as a result of an attempt by the user to access a service, the received information including a telephone number associated with the user; verifying the telephone number by: establishing a short message service (SMS) connection with the user using the received telephone number; communicating a verification code to the user through the SMS connection; receiving, via the computing interface, a submitted verification code that is entered by the user; and verifying the telephone number if the submitted verification code is the same as the communicated verification code; completing a registration of the user based on the received information and verified telephone number, wherein the completed registration enables the user to access the service; maintaining a record of one or more notification events associated with actions that require acknowledgement by the user; upon receiving an indication of an occurrence of an established notification event, transmitting a message addressed to the verified telephone number indicating the occurrence of the notification event; and receiving, from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2106 PSG (SSx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | TeleSign Corp. v. Twilio, Inc. | | |

the user, an acknowledgement of an action associated with the established notification event.

*Id.* ¶ 66.

Defendant offers technology that is similar to Plaintiff's technology, and the two are viewed as competitors. *Id.* ¶¶ 34–45. Plaintiff alleges that Defendant directly infringes on the claims of the '792 patent:

> On information and belief, Twilio directly infringes the claims of the '792 Patent by making, using, selling, offering to sell and/or importing at least the following Twilio products or services (alone or in combination with each other): Authy, Twilio's "2FA" technology, multi-factor authentication or "MFA," "2FA powered by SMS," "Authy OneTouch," "Authy 2FA App," "Authy OneCode," "Authy SoftToken," "Authy Phone Intelligence," "Authy 2FA," "Authy Authentication," "Authy Verification," "Authy Mobile and Desktop," and "Authy REST API," the Twilio.com account portal, "Twilio SMS," "Twilio Voice," the Twilio API, and registration technology (hereafter collectively referred to as the "Accused Technologies").
>
> On information and belief, Twilio is making, using, selling, offering to sell and/or importing technology similar to the above-mentioned products and services but not known to TeleSign. If that is the case, such related technology is also within the scope of "Accused Technologies."

*Id.* ¶¶ 63–64. Plaintiff offers a number of screenshots and exhibits in support of the contention that Defendant's products directly infringe on the claims of the '792 patent. *Id.* ¶¶ 65–94, Exs. 9, 15–30.

On March 28, 2016, Plaintiff filed suit in this Court. Dkt. #1. The complaint included causes of action for direct infringement, induced infringement, and willful infringement. *See generally Compl.* On May 23, 2016, Defendant filed this motion to dismiss. Dkt. #34.

II.     Analysis

Prior to December 1, 2015, patent pleading for direct-infringement claims was controlled by Federal Rule of Civil Procedure 84 and Form 18. *See InCom Corp. v. Walt Disney Co.*, 2016 U.S. Dist. LEXIS 71319, at *5 (C.D. Cal. Feb. 4, 2016). Federal Rule of Civil Procedure 84 stated that "[t]he forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2106 PSG (SSx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | TeleSign Corp. v. Twilio, Inc. | | |

*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1360 n.4 (Fed. Cir. 2007). Form 18, in turn, set forth a sample complaint for direct-infringement claims. *See K-Tech Telecommc'ns, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013). Pursuant to Rule 84, a patent complaint alleging direct infringement was immunized from attack if it followed Form 18. *See id.* Courts, however, struggled to reconcile the simplicity and brevity of Form 18 with the pleading rules articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See K-Tech*, 714 F.3d at 1283–84; *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012); *see also InCom*, 2016 U.S. Dist. LEXIS 71319, at *5.

The most recent amendments to the Federal Rules of Civil Procedure, which took effect on December 1, 2015, abrogated Rule 84. *See InCom*, 2016 U.S. Dist. LEXIS 71319, at *5–6. Courts have ruled that the normal *Twombly* and *Iqbal* rules now apply with equal force in the patent realm. *See id.* at *6–7; *accord Atlas IP, LLC v. Exelon Corp.*, No. 15 C 10746, 2016 WL 2866134, at *5 (N.D. Ill. May 17, 2016); *Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-CV-05469-EDL, 2016 WL 1719545, at *1–2 (N.D. Cal. Mar. 9, 2016); *FootBalance Sys. Inc. v. Zero Gravity Inside, Inc.*, No. 15-CV-1058 JLS (DHB), 2016 WL 903681, at *2–4 (S.D. Cal. Feb. 8, 2016). Thus, the operative question in analyzing direct-infringement claims is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Defendant broadly challenges Plaintiff's complaint on two related grounds. First, Defendant argues that Plaintiff's "broad definition of 'Accused Technologies' does not inform [Defendant] of what products or services are accused." *Mot.* 8–10. Second, Defendant argues that Plaintiff's "factual support does not contain enough detail to accuse any [Defendant] product or service of infringement." *Id.* 10–11. Defendant thus argues that all three claims must fail. *See id.* 7–13.

Courts have disagreed about the extent to which plaintiffs must specify the product or products that allegedly infringe on their patents. *See Patent Harbor, LLC v. DreamWorks Animation SKG, Inc.*, No. 6:11-CV-229, 2012 WL 10978964, at *3 & nn.3–4 (E.D. Tex. July 27, 2012) (noting the lack of uniformity and collecting cases); *Bender v. LG Elecs. U.S.A., Inc.*, No. C 09-02114 JF (PVT), 2010 WL 889541, at *4–5 (N.D. Cal. Mar. 11, 2010) (same). The Court agrees with Defendant that, especially in light of the abrogation of Rule 84 and Form 18, a plaintiff must offer sufficient specificity to put the defendant on notice of which products are at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2106 PSG (SSx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | TeleSign Corp. v. Twilio, Inc. | | |

issue. *See FootBalance*, 2016 WL 903681, at *4 (holding that allegations that "encompass essentially [a defendant's] entire business" are insufficient to state a claim even under Form 18); *Bender*, 2010 WL 889541, at *5 ("[W]ithout identifying specific products or product parts, Bender has not put Defendants on notice as to what products or parts are subject to the infringement claim."). In this vein, the Court finds that Plaintiff's catch-all allegation in paragraph 64 ("On information and belief, Twilio is making, using, selling, offering to sell and/or importing technology similar to the above-mentioned products and services but not known to TeleSign. If that is the case, such related technology is also within the scope of 'Accused Technologies.'") is clearly deficient.

Paragraph 63 is a closer call. There, Plaintiff defines "Accused Technologies" as any one of a number of specified products of Defendant, as well as other "registration technology." On the one hand, the use of "registration technology" raises similar concerns as the catch-all allegation in paragraph 64—namely, that Defendant's entire business is encompassed by this allegation. *See FootBalance*, 2016 WL 903681, at *4; *Prism Techs., LLC v. AT&T Mobility, LLC*, No. 8:12CV122, 2012 WL 3867971, at *4–5 (D. Neb. Sept. 6, 2012). On the other hand, if "registration technology" covers a narrow band of Defendant's products, then it may be sufficient to put Defendant on notice. *See Symantec Corp. v. Veeam Software Corp.*, No. C 12-00700 SI, 2012 WL 1965832, at *1, 3 (N.D. Cal. May 31, 2012) (finding that the product category "Backup & Replication products" was sufficient to state a claim, and distinguishing *Bender* because that case involved a "much broader spectrum of products than Veeam's services related to its identified Backup & Replication software").

The analysis for paragraph 63, however, is compounded by an additional problem—the complaint fails to sufficiently allege that any of Defendant's products, or any combination of Defendant's products, infringe on the '792 patent. To be liable for direct infringement, a product must practice all elements of a patent claim. *See Wi-Lan, Inc. v. Apple, Inc.*, 811 F.3d 455, 463 (Fed. Cir. 2016); *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995). Thus, in the post-Form 18 world, a plaintiff must include allegations sufficient to "permit [the] court to infer that the accused product infringes each element of at least one claim." *See Exelon*, 2016 WL 2866134, at *5; *accord Asghari-Kamrani v. United Servs. Auto. Ass'n*, No. 2:15CV478, 2016 WL 1253533, at *4 (E.D. Va. Mar. 22, 2016); *Pac. Gas & Elec. Co.*, 2016 WL 1719545, at *3–5. Plaintiff argues that its complaint is sufficient because it explains the elements of claim one and "ties each claim element to representative Twilio technology." *Opp.* 8. In other words, for each element of claim one, Plaintiff alleges that some product produced by Defendant performs that element. *See id.* ¶¶ 65–94, Exs. 9, 15–30. But Plaintiff does not plausibly allege that any one product produced by Defendant performs all elements. Nor does Plaintiff plausibly allege that the multiple products tied to the various claim elements are used

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2106 PSG (SSx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | TeleSign Corp. v. Twilio, Inc. | | |

conjunctively to infringe.[1]  Thus, Plaintiff has failed to give Defendant sufficient notice to state a claim in the world of *Twombly* and *Iqbal*.  *See Exelon*, 2016 WL 2866134, at *5; *Asghari-Kamrani*, 2016 WL 1253533, at *4; *Pac. Gas & Elec. Co.*, 2016 WL 1719545, at *3–5.[2]

Plaintiff contends that requiring it to allege more about the relationships of the products compels a "level of granular detail" that is not warranted by *Twombly* and *Iqbal*.  *Opp.* 1; *see also id.* 9–10.  Although Plaintiff is correct that a complaint need only "contain a 'short and plain statement of the claim showing that the pleader is entitled to relief,'" *see Iqbal*, 556 U.S. at 677–78 (quoting Federal Rule of Civil Procedure 8(a)(2)), a plaintiff must still plausibly allege that a defendant's product or products practice all elements of at least one patent claim, *see Exelon*, 2016 WL 2866134, at *5; *Asghari-Kamrani*, 2016 WL 1253533, at *4; *Pac. Gas & Elec. Co.*, 2016 WL 1719545, at *3–5.  Similarly, Plaintiff argues that requiring more detailed allegations essentially requires Plaintiff to prove that it wins on the merits.  *Opp.* 1, 12.  But it is irrelevant at this stage whether Plaintiff's allegations are accurate, as the Court accepts all of Plaintiff's allegations as true.  *See Iqbal*, 556 U.S. at 679–80.  The Court only requires that Plaintiff plausibly alleges that a product or products of Defendant infringes on at least one claim of the '792 patent.

Plaintiff also argues that its complaint is sufficient under this Court's decision in *InCom*.  *See Opp.* 1–4, 6–7.  In *InCom*, the Court addressed allegations that the defendant used certain technology that infringed on the plaintiff's patent:

> Plaintiff alleges that Defendants' infringing activities include development, manufacture, and use of an attendance tracking device known as "MagicBand" which is incorporated as part of an infringing system known as "MyMagic+." Plaintiff asserts that "My Magic+" is used to authorize admission at Defendants' theme parks, track attendance at the parks,

---

[1] Plaintiff also argues that many of the products cited appear to function similarly, so it was not improper to tie the claim elements to different products.  *Opp.* 8–10.  No allegation in the complaint, however, supports this contention.  *See Reply* 5.

[2] "The doctrine of equivalents . . . provides that 'if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form or shape.'"  *Spigen Korea Co. v. Ispeak Co.*, No. SACV151050DOCDFMX, 2016 WL 3982307, at *9 (C.D. Cal. July 22, 2016) (quoting *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950)).  The parties debate whether Plaintiff needed to offer separate and more specific allegations regarding this theory.  *Compare Mot.* 7–8, *with Opp.* 19–20.  The Court need not enter this debate because, for the reasons discussed in the text, Plaintiff has failed to sufficiently allege that Defendant's products, alone or in combination, infringe on any claim in the '792 patent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2106 PSG (SSx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | TeleSign Corp. v. Twilio, Inc. | | |

> track attendance on a system known as the "FastPass," monitor a record of attendees at the parks and hotels, maintain a record of those utilizing FastPass, track attendance at restaurants, and maintain a record of purchases made by attendees at the parks. Plaintiff claims that these activities utilize elements which infringe the patents in suit.

2016 U.S. Dist. LEXIS 71319, at *2–3 (citations omitted). The Court found these allegations sufficient because Plaintiff described its technology and stated that Defendant's technology did functionally the same thing. *Id.* at *8. But *InCom* explicitly notes that a direct-infringement claim must be "plausible." *See id.* at *6. Further, nothing in *InCom* remotely countenances the allegations as pleaded in Plaintiff's complaint. In short, the Court's decision here is perfectly consistent with *InCom*.

The Court's determination that Plaintiff fails to show direct infringement dooms Plaintiff's induced infringement and willful infringement claims as well. "In order to succeed on a claim of inducement, the patentee must show . . . that there has been direct infringement." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005) (quoting *Minn. Min. & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304–05 (Fed. Cir. 2002)). Here, the complaint fails to allege that Defendant, its customers, or some combination of the two directly infringes Plaintiff's patent using Defendant's products. Willful infringement occurs where a defendant willfully or deliberately infringes a patent. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1928–30 (2016). Again, Plaintiff has failed to allege any actual infringement of its patent.[3]

The final question is whether Plaintiff should get leave to amend. "Generally, [Federal Rule of Civil Procedure] 15 advises the court that 'leave shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Court, however, may deny leave to amend if a plaintiff has repeatedly failed to cure deficiencies or if amendment would be futile. *See Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041–42 (9th Cir. 2015). Here, even Defendant acknowledges that the issue is not whether Plaintiff can state a claim, but whether the complaint, as alleged, is sufficient. *Mot.* 16. The Court will therefore allow leave to amend.

III.  Conclusion

---

[3] Defendant raises a number of additional points regarding the sufficiency of the complaint. Because the Court finds that the failure to allege direct infringement is fatal to all claims, it need not address these other arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2106 PSG (SSx) | Date | August 3, 2016 |
|---|---|---|---|
| Title | TeleSign Corp. v. Twilio, Inc. | | |

    The Court therefore GRANTS the motion to dismiss WITH LEAVE TO AMEND. Plaintiff may file an amended complaint by **September 2, 2016**. Failure to file an amended complaint will result in the dismissal of all claims with prejudice.

    **IT IS SO ORDERED.**