| | |
|---|---|
| 1 | **BAKER BOTTS L.L.P.**<br>Wayne O. Stacy (*pro hac vice*) |
| 2 | wayne.stacy@bakerbotts.com<br>2001 Ross Avenue |
| 3 | Dallas, TX 75201<br>Telephone: 214.953.6678 |
| 4 | Facsimile: 214.661.4678 |
| 5 | Sarah J. Guske (SBN 232467)<br>sarah.guske@bakerbotts.com |
| 6 | 101 California St., Ste. 3070<br>San Francisco, CA 94111 |
| 7 | Telephone: 415.291.6200<br>Facsimile: 415.291.6300 |
| 8 | |
| 9 | Christopher Scott Ponder (SBN 296546)<br>chris.ponder@bakerbotts.com |
| 10 | Jay Bayard Schiller (SBN 298747)<br>jay.schiller@bakerbotts.com |
| 11 | 1001 Page Mill Road,<br>Building One, Suite 200 |
| 12 | Palo Alto, CA 94304<br>Telephone: 650.739.7500 |
| 13 | Facsimile: 650.739.7600 |
| 14 | Attorneys for Defendant<br>TWILIO, INC. |

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESIGN CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>TWILIO, INC.,<br><br>    Defendant. | Case No. 2:16-CV-02106-PSG-SS<br><br>**TWILIO'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Honorable Judge Philip S. Gutierrez<br>Hearing Date: November 14, 2016<br>Hearing Time: 1:30 P.M.<br>Courtroom: 880 |

# **TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................... 1

II. FACTUAL BACKGROUND ........................................................................ 2

    A.  This action has already been dismissed once ........................................ 2

    B.  TeleSign's doctrine of equivalents allegations ...................................... 2

    C.  TeleSign's indirect infringement allegations ......................................... 3

    D.  This is TeleSign's second litigation against Twilio .............................. 4

    E.  The '792 Patent .................................................................................... 4

III. LEGAL STANDARD .................................................................................... 4

    A.  Direct infringement and doctrine of equivalents .................................. 5

    B.  Indirect infringement ........................................................................... 5

IV. ARGUMENT ................................................................................................. 6

    1.  TeleSign's passing mention of "equivalents" is insufficient to plead doctrine of equivalents ............................................................ 6

    2.  TeleSign inadequately pleads specific intent in its induced infringement claims ................................................................................ 8

V.  CONCLUSION ............................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................... 4, 8, 10

*Automated Transaction Corp. v. Bill Me Later, Inc.*,
  2010 WL 1882264 (S.D. Fla. 2010) ............................................................. 5, 7, 8

*Bell Atl. Corp.v. Twombly*,
  550 U.S. 544 (2007) .............................................................................................. 4

*Cleveland Clinic Foundation v. True Health Diagnostics LLC*,
  2016 WL 705244 (N.D. Ohio 2016) .................................................................. 11

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) .................................................................. 5, 8, 10

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  131 S. Ct. 2060 (2011) .......................................................................................... 6

*Legare v. Lee*,
  No. EDCV1500833, 2016 WL 633863 (C.D. Cal. Feb. 17, 2016) ..................... 5

*Macronix Int'l Co. v. Spansion Inc.*,
  4 F. Supp. 3d 797 (E.D. Va. 2014) ...................................................................... 7

*Memory Integrity, LLC v. Intel Corp.*,
  No. 15 Civ. 262, 2015 WL 4251026 (D. Oregon July 13, 2015) ................ 10, 11

*McZeal v. Sprint Nextel Corp.*,
  501 F.3d 1354 (Fed. Cir. 2007) ........................................................................ 5, 8

*Proxyconn Inc. v. Microsoft Corp.*,
  No. SACV 11–1681, 2012 WL 1835680 (C.D. Cal. May 16, 2012) .................. 5

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) .............................................................................. 5

*Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*,
  No. 14-cv-502, 2014 WL 1266623 (D.N.J. Mar. 26, 2014) .......................... 6, 11

*Unisone Strategic IP, Inc. v. Life Tech. Corp.*,
   No. 13-cv-1278, 2013 WL 5729487 (S.D. Cal. Oct. 22, 2013) ..................... 6, 11

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009) ........................................................................ 5

**STATUTES**

35 U.S.C. § 271(a) ............................................................................................. 2, 6

FRCP 12(b)(6) ................................................................................................... iv, 4

**TO ALL PARTIES HEREIN AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on November 14, 2016, at 1:30 p.m. or as soon thereafter as the matter may be heard before the Honorable Philip S. Gutierrez in Courtroom 880 of the United States District Court for the Central District of California, Western Division, located at 255 East Temple Street, Los Angeles, California, 90012-3332, Twilio moves under FRCP 12(b)(6) to dismiss TeleSign's amended complaint. This motion is made following the conference of counsel pursuant to L.R. 7-3 that took place on September 12, 2016.

## MOTION

Twilio moves pursuant to FRCP 12(b)(6) to dismiss TeleSign's inducement allegation and for further clarification as to its doctrine of equivalents claim and indirect infringement claims. This motion is based on this notice and memorandum of points and authorities filed simultaneously, the pleadings, the record and other papers on file in this action, and upon such further evidence or argument as may be presented to the Court.

## I. INTRODUCTION

TeleSign's Amended Complaint still fails to remedy the deficiencies for two infringement theories. TeleSign's doctrine of equivalents remains insufficiently pled, if it is pled at all, and its induced infringement allegation deficiency has not been fully cured from its original complaint.

In *Iqbal* and *Twombly*, the Supreme Court warned against plaintiffs that fail to plead enough facts to plausibly support the causes of action. Applying the ordinary analysis of *Iqbal* and *Twombly*, then TeleSign must plead that every limitation, or equivalent thereof, in the representative claim can plausibly be found in an accused product. For any doctrine of equivalents theory, the amended complaint needs to allege how the now-accused five products comprise an equivalent of each limitation of the claim. TeleSign makes no such attempt. Now, it is impossible to determine whether or not TeleSign meant to plead a doctrine of equivalents theory–its amended complaint is more conclusory and ambiguous than its original. In 198 paragraphs, TeleSign does not include the phrase "doctrine of equivalents" (which was included in its original complaint) but merely places the *word* "equivalent" at the end of one sentence in paragraph 86.

For induced infringement, TeleSign fails to articulate a complete inducement claim that addresses <u>all</u> of the required elements for making an induced infringement claim under the law.

As the Ninth Circuit held in *Starr*, a complaint must provide sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. TeleSign's amended complaint does not come close to meeting this standard. Instead, TeleSign vaguely hints at the idea of doctrine of equivalents and also fails to properly allege its inducement claim.

While the Court has already dismissed TeleSign's original complaint in this case once before, Twilio asks that TeleSign be provided with one more opportunity to properly plead its doctrine of equivalents and inducement claim

such that Twilio is at a minimum provided fair notice. Twilio therefore requests that the Court dismiss the amended complaint and order TeleSign to (1) specifically allege and provide notice of any doctrine of equivalents theory and (2) cure its deficient inducement claim.

## II. FACTUAL BACKGROUND

### A. This action has already been dismissed once

This Court granted Twilio's motion to dismiss on August, 3 2016 for TeleSign's failure to show direct infringement. (Dkt 39, Court's Order Granting Dismissal). This Court found that Plaintiff's "catch-all allegation" was clearly deficient for failing to identify specific products and failing to plausibly allege that any one product produced by Twilio performed each and every element of the asserted claims. (*Id*. at 4). TeleSign was permitted leave to amend and filed its amended complaint on September 2, 2016. (Dkt 40, Amended Complaint). TeleSign's amended complaint comes closer to satisfying the notice requirements for identifying specific products accused of direct infringement, but fails to properly plead its doctrine of equivalents and induced infringement allegations.

### B. TeleSign's doctrine of equivalents allegations

In TeleSign's original complaint, its infringement allegations under the doctrine of equivalents were contained in a single, two-line paragraph. TeleSign stated: "Twilio is liable as a direct infringer under 35 U.S.C. § 271(a), including liable under the 'doctrine of equivalents.'" (Dkt. 1 ¶ 95). Telesign provided no additional explanation of its theory.

Instead of providing the additional required detail to provide adequate notice of its theory in its amended complaint, TeleSign's solution to the deficiencies in the original complaint was to simply delete the sentence mentioning the doctrine of equivalents. Despite removing the doctrine of equivalents sentence from the amended complaint, TeleSign embedded in the middle of its amended complaint, in paragraph 86, the following language: "Authy

verifies the user's telephone number by sending a verification code via SMS to the user's telephone number (*or equivalent*). (Dkt. 40 ¶ 86). TeleSign's change makes unclear whether TeleSign is even continuing to allege the doctrine of equivalents and, if so, what TeleSign contends infringes under the doctrine. In the parties' September 12, 2016 L.R. 7-3 meet and confer, TeleSign did not confirm or deny whether it was going to pursue a doctrine of equivalents theory in this case.

### C. TeleSign's indirect infringement allegations

TeleSign alleges three theories of indirect infringement (Dkt. 40 ¶¶ 122-156), but it fails to establish that Twilio possessed the specific intent to encourage another's infringement. TeleSign has not provided any evidence that Twilio actively encourages its customers to allegedly infringe the asserted patent. Inducement requires evidence of *culpable conduct*, directed to encouraging another's infringement, not merely that the inducer had knowledge of the alleged direct infringer's activities. Notably, despite investigating Twilio and its customers for well over a year, TeleSign's amended complaint still does not identify a single customer who TeleSign contends is a direct infringer and who Twilio allegedly induced to infringe.

To support its allegations that Twilio had the specific intent to encourage customers' infringement, TeleSign relies on conclusory legal statements and miscellaneous documents on Twilio's website that describe its technical products and guides. (*Id.* ¶¶ 157-189). TeleSign, however, does not allege facts identifying which functionalities of the accused products are at issue or how Twilio is alleged to have directed customers to use those products in an infringing manner. TeleSign does not allege that Twilio specifically intends its customers to practice every claim element for the single claim addressed in the amended complaint and instead relies on blanket assertions of intent. (*Id.* ¶¶ 158).

### D. This is TeleSign's second litigation against Twilio

This is the second patent case TeleSign has filed against Twilio. In *TeleSign Corp. v Twilio, Inc.* No. 15-03240-PSG ("*TeleSign I*"), TeleSign asserted three patents. (*Telesign I,* Dkt. 13). In this suit, *TeleSign II*, TeleSign is asserting a different patent, but one that is closely related to two patents asserted in *TeleSign I*. *TeleSign I* is currently stayed pending the conclusion of three petitions for *inter partes* review (IPR) filed by Twilio. (*TeleSign I*, Dkt. 124). Twilio has also filed an IPR and CBM petition on the asserted patent in this case, the '792 patent. (*Twilio, Inc. v Telesign Corp.*, IPR2016-01688, Paper 1 (PTAB Aug. 29, 2016); *Twilio, Inc. v Telesign Corp.*, IPR2016-00099, Paper 1 (PTAB Aug. 25, 2016)).

### E. The '792 Patent

TeleSign asserts U.S. Patent No. 9,300,792 ("'792 patent"), which issued on March 29, 2016—the day after TeleSign filed its original complaint. (Dkt. 1 ¶ 10). The '792 patent is a continuation-in-part of two of the patents asserted in *TeleSign I*. (*Id*. ¶ 23; Dkt. 10 at 1). TeleSign's amended complaint references only claim 1 of the '792 patent. (Dkt. 1 ¶ 66; Dkt. 10 at cl. 1). Both an IPR and CBM petition are currently in front of the Patent Trials and Appeal Board ("PTAB"). (IPR2016-01688; IPR2016-00099).

## III. LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.v. Twombly*, 550 U.S. 544, 570 (2007)). A pleaded claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 678. In the Ninth Circuit, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of

underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### A. Direct infringement and doctrine of equivalents

TeleSign's original complaint was filed March 28, 2016, well after the amendments to the Federal Rules of Civil Procedure took effect on December 1, 2015, TeleSign cannot rely on Form 18. Accordingly, TeleSign must plead infringement under the Supreme Court standard in *Iqbal/Twombly* and the Ninth Circuit standard in *Starr*. *Starr*, 652 F.3d at 1216; *see also Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11–1681 DOC (ANx), 2012 WL 1835680, at *2 (C.D. Cal. May 16, 2012); *Legare v. Lee*, No. EDCV1500833JVSAFM, 2016 WL 633863, at *3 (C.D. Cal. Feb. 17, 2016). Additionally, the Federal Rules require the plaintiff "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007); *see also Automated Transaction Corp. v. Bill Me Later, Inc.*, 2010 WL 1882264, *2 (S.D. Fla. 2010) (plaintiff did not expressly plead doctrine of equivalents to put defendant on fair notice—the court ruled that the patentee had to amend its complaint to formally plead doctrine of equivalents).

### B. Indirect infringement

Pleaded claims of indirect infringement must also meet the *Iqbal/Twombly* standard. To state a claim of induced infringement, a plaintiff must allege (1) direct infringement by a third party, (2) that the alleged infringer intended to induce the third party's infringement, and (3) that the alleged infringer knew of the patent and knew that the induced acts constituted patent infringement. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006). To show intent to induce infringement, "the mere knowledge of possible infringement will not suffice." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). The Supreme Court clarified that induced infringement "requires knowledge that the induced acts constitute patent infringement," not just knowledge that a product is

being used. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011).

Courts have dismissed complaints where the plaintiff cited extensively to instructions on a defendant's website but did not plausibly show that the defendant intended to induce infringement through those instructions. *See Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*, No. 14-cv-502, 2014 WL 1266623, at *2 (D.N.J. Mar. 26, 2014); *see also Unisone Strategic IP, Inc. v. Life Tech. Corp.*, No. 13-cv-1278, 2013 WL 5729487, at *3 (S.D. Cal. Oct. 22, 2013) (dismissing complaint because the mere allegation that defendant provides instructions, technical support, and training for use of the product is not sufficient to plead affirmative intent to induce infringement).

## IV. ARGUMENT

### 1. TeleSign's passing mention of "equivalents" is insufficient to plead doctrine of equivalents

In TeleSign's original complaint, its entire allegation of infringement under the doctrine of equivalents ("DOE") consisted of a single sentence: "Twilio is liable as a direct infringer under 35 U.S.C. § 271(a), including liable under the 'doctrine of equivalents.'" (Dkt. 1 ¶ 95.) TeleSign refused to identify which individual products or combination of products it is accusing under the DOE. Similarly, TeleSign failed to provide a single fact related to its DOE allegations for any product. Twilio had no way to effectively defend itself against these infringement allegations.

Now, TeleSign's amended complaint is more vague and ambiguous. In TeleSign's amended complaint the words "doctrine of equivalents" do not even appear, only the word "equivalent," which appears in a parenthetical:

> "Authy verifies the user's telephone number by sending a verification code via SMS to the user's telephone number (or ***equivalent***)."

(*See* Dkt. 40 at ¶ 86 (emphasis added).)

It is now impossible to determine whether TeleSign is even pleading DOE. And, if TeleSign is attempting to advance a DOE theory for a single claim element for a single accused product with its "equivalents" parenthetical, it is not clear to what TeleSign alleges is the equivalent of the claim language addressed in paragraph 86. For example, it is not clear whether it is the equivalent of a user's telephone number, the sending of a code via SMS, the verification, or the entire clause. Further, in the parties meet and confer, TeleSign did not concede that it was not going to pursue its DOE allegation and did not clarify as to what its DOE allegation applied to.

Once again, Twilio is unable to effectively defend itself because Twilio is unable to discern what—if any—DOE theory is at play in this case. Recognizing the harm to defendants, courts have struck complaints for this type of insufficient pleading on the doctrine of equivalents. For example, in *Macronix*, the court dismissed bare bones DOE infringement allegations, holding that a plaintiff must plead DOE infringement under the *Twombly*/*Iqbal* standard and cannot "merely assert[] liability under that doctrine in a bare bones, conclusory form." *Macronix Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014).

Additionally, courts have held that to give an accused infringer fair notice of the full scope of the patentee's infringement accusation, if a patentee intends to rely on the DOE to prove infringement it *must* plead infringement under the DOE. *Automated Transaction Corp. v. Bill Me Later, Inc.*, 2010 WL 1882264, *2 (S.D. Fla. 2010). In *Automated*, the court found that the patentee had not expressly pled infringement under DOE in its complaint and ruled that the patentee must amend its complaint to formally plead DOE to provide fair notice to the defendant. *Id*. The court expressly stated that "the two different theories of infringement must be included in a pleading to properly inform the alleged infringer of what it must defend." *Id*.

The entirety of TeleSign's amended complaint, which does not make any express allegation of a DOE theory, undoubtedly does not "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 678. Similarly, Paragraph 86's passing reference to "equivalents," which itself is ambiguous, also does not provide adequate notice of TeleSign's theory. *Automated Transaction Corp.*, 2010 WL 1882264 at *2 (S.D. Fla. 2010) (requiring plaintiff to plead both theories to properly inform the alleged infringer). As a result, TeleSign's amended complaint should be dismissed, and if TeleSign is permitted to amend its complaint, it should be required to clearly identify any doctrine of equivalents theory, including what it contends constitutes is the equivalent of particular claim language, for each accused product and for each limitation TeleSign contends is infringed under DOE.

### 2. TeleSign inadequately pleads specific intent in its induced infringement claims

When this Court first dismissed TeleSign's original complaint, it did so without reaching the sufficiency of TeleSign's induced infringement claims. (Dkt 39 at 6, Order Dismissing Complaint ("The Court's determination that Plaintiff fails to show direct infringement dooms Plaintiff's induced infringement [] claims as well.")

While TeleSign's amended complaint better identifies the accused products in this case and facially attempts to address the elements of an induced infringement claim, the amended complaint still lacks adequate factual support to state a claim under the *Twombly/Iqbal* standard. TeleSign is required to plead facts sufficient to support an allegation that (1) Twilio's customers directly infringe, (2) Twilio intended to induce its customers' infringement, and (3) Twilio knew of the '792 patent and knew that its customers' acts constituted patent infringement. *DSU*, 471 F.3d at 1306. The amended complaint, however, fails to show the specific intent to induce a third-party to infringe. *McZeal v. Sprint Nextel Corp.*,

501 F.3d 1354, 1357–58 (Fed. Cir. 2007). Specifically, TeleSign fails to allege specific intent to induce infringement for the claim element that it argued to the Patent Appeal and Trial Board saved the claims at issue in the *inter partes* reviews ("IPR") of related the '038 and '920 patents (U.S. Patent Nos. 8,687,038 and 8,462,920, respectively) (part of the *Twilio I* suit) from a finding of unpatentability and pointed to the importance of the element. (*See* Declaration of Jay B. Schiller ("Schiller Decl."), Ex. 2 IPR2016-00450, Paper 7, Patent Owners Prelim Response, at 11-17, 25-29 (PTAB Apr. 13, 2016)).

The '792 patent claims generally relate to three parts of the fraud-prevention process: (1) registering a user and confirming her telephone number; (2) determining that an event requiring user notification and acknowledgement occurred; and (3) notifying the user and receiving an acknowledgement. *See generally* '792 Patent. In the pending IPRs of the related '920 and '038 patents, the PTAB found that only part (3)--the user notification element--was not shown to be obvious.[1] (Schiller Decl., Ex. 1, IPR2016-00450, Paper 17, '920 Institution Decision at 7-14). Therefore, given its significance for the related '920 and '0838 patents, the element of notifying the user will also be central to this case.

Despite the significance of the user notification element, the amended complaint does not contain factual allegations sufficient for notification. For the element, TeleSign only parrots the claim language and provides conclusory legal statements:

> Twilio recommends and encourages users to use Authy and Twilio's REST API to verify and notify users of events to provide additional security, and Twilio knows or is willfully blind to the fact that these induced acts constitute patent infringement.

(*See* Dkt 40 ¶ 174). TeleSign has not plead any facts that would allow this Court or a fact finder to infer Twilio had the intent to induce infringement and therefore

---

[1] Twilio has requested that the PTAB reconsider its rulings for the '920 and '038 patents claims challenged in the IPRs.

1  lacks the required notice of its specific intent allegations. *Memory Integrity, LLC
2  v. Intel Corp.*, No. 15 Civ. 262, 2015 WL 4251026, at *2-3 (D. Oregon July 13,
3  2015) (citing *Iqbal*, 556 U.S. at 678–79) (rejecting "legal conclusions couched as
4  factual allegations" as insufficient to sustain a claim of specific intent). Moreover,
5  despite having studied Twilio and its customers for well over a year, TeleSign's
6  amended complaint does not identify even a single customer that allegedly has
7  practiced all of the claim steps--let alone that Twilio intended for such a customer
8  to practice every claim limitation in order to infringe. Put differently, even
9  accepting all factual allegations in the amended complaint as true, a fact finder
10  could not find in TeleSign's favor because TeleSign pleads no facts showing that
11  customers practiced and that Twilio intended its customers to practice all claim
12  elements in an infringing manner. *Iqbal*, 556 at 678; *DSU*, 471 F.3d at 1306.

13        Comparing TeleSign's contentions regarding the receiving and verifying
14  claim elements against the user notification is even more telling. For example, at
15  least in paragraphs 162-164 of the amended complaint, TeleSign identifies several
16  examples that TeleSign contends show Twilio's instructions and tutorials and that
17  TeleSign attempts to connect these to the first two elements. While Twilio does
18  not agree that the allegations in these paragraphs contain facts that support a
19  reasonable inference that Twilio specifically intends its customers to infringe those
20  claim elements or that any customers practiced the elements, the amended
21  complaint does at least attempt to support the allegations with citations to Twilio
22  documentation and tutorials for those elements. In contrast, TeleSign provides no
23  similar support to show Twilio's specific intent regarding user notification. (*See*
24  Dkt 40 ¶ 174). The materials referenced for the other claim elements make no
25  mention of user notification, and TeleSign does not link these screenshots to
26  Twilio's alleged intent to induce infringement

27        Because the amended complaint contains no allegation or support for
28  specific intent for the user notification claim element, the amended complaint does

not allow for an inference to be drawn that Twilio intends for its customers to practice the claim element. *See Cleveland Clinic Foundation v. True Health Diagnostics*, LLC, 2016 WL 705244, at *8 (N.D. Ohio 2016) (granting motion to dismiss inducing infringement claims, finding that plaintiff did not allege facts to satisfy the specific intent element because it was not shown how the accused infringer had the specific intent to induce a third-party to perform the claimed method); *see generally Unisone*, 2013 WL 5729487, at *3; *Memory Integrity*, 2015 WL 4251026, at *2.

Even had TeleSign cited to documentation that it contended provides instructions on how to use Twilio's products to practice the user notification element, that documentation would not be sufficient to show that Twilio intended its customers to use the products in an infringing manner. *Unisone*, 2013 WL 5729487, at *3; *Memory Integrity*, 2015 WL 4251026, at *2.  Courts have dismissed complaints where the plaintiff cited extensively to instructions on a defendant's website but did not plausibly show that the defendant intended to induce infringement through those instructions. *See Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*, No. 14-cv-502, 2014 WL 1266623, at *2 (D.N.J. Mar. 26, 2014). Additionally, one court dismissed a complaint because an allegation that "Defendant provides instruction, technical support, and training" for the use of its product was insufficient to plead affirmative intent to induce infringement. *Unisone*, 2013 WL 5729487.

The amended complaint provides no factual basis to support a claim that Twilio allegedly knew and intended for its customers to provide user notifications in an infringing manner.  Accordingly, Twilio respectfully requests the court dismiss TeleSign's induced infringement allegation, and if leave to amend is granted, order TeleSign to adequately plead specific intent.

TWILIO'S NOTICE OF MOTION AND MOTION TO
DISMISS AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

11

## V. CONCLUSION

TeleSign does not adequately plead infringement by the doctrine of equivalents or adequately plead indirect infringement to satisfy the *Twombly/Iqbal* standard. First, it is unclear whether TeleSign's one word, "equivalent," is intended to allege DOE, which cannot support a pleading of infringement. And second, TeleSign has failed to plead sufficient facts to show that Twilio possesses the specific intent to encourage its customers' to provide the required notification events.

Twilio requests that this Court dismiss TeleSign's amended complaint and, if leave to amend is granted, order TeleSign to file a new amended complaint that specifically identifies whether TeleSign is pleading infringement under the DOE, including by fully pleading its theory, and to plead sufficient facts to support its specific intent claims.

1  Dated: September 16, 2016                    Respectfully submitted,

                                                BAKER BOTTS L.L.P.

                                                _____
                                                Sarah J. Guske

                                                Attorney for Defendant
                                                TWILIO, INC.