Gary Miller (*pro hac vice*)
(gmiller@shb.com)
Jesse Camacho (*pro hac vice*)
(jcamacho@shb.com)
Mary Jane Peal (*pro hac vice*)
(mpeal@shb.com)
Tony M. Diab (SBN 277343)
(tdiab@shb.com)
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614
Telephone:  949.475.1500
Facsimile:  949.475.0016

Attorneys for Plaintiff
TELESIGN CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESIGN CORPORATION, | Case No. 16-2106-PSG-SS |
| Plaintiff, | **TELESIGN'S OPPOSITION TO TWILIO'S MOTION TO DISMISS** |
| v. | |
| TWILIO, INC., | Date:  November 14, 2016 |
| Defendant. | Time:  1:30 PM |
| | Ctrm:  880 |
| | **Honorable Philip S. Gutierrez** |

All emphasis (italics, bolding, underlining, etc.) in quotations in this brief has been added unless otherwise indicated.

Table of Contents

I.      Summary .................................................................................................1

II.     Authority ...............................................................................................2

        A.      Sufficiency of direct-infringement allegations. ....................................2

        B.      Sufficiency of induced-infringement allegations. ...............................2

III.    Argument ...............................................................................................2

        A.      TeleSign's Amended Complaint sufficiently pleads that
                Twilio is liable for direct infringement under 35 U.S.C.
                § 271(a). .......................................................................................2

                1.      Plaintiffs are not required to plead legal theories. .....................3

                2.      Infringement under the doctrine of equivalents is a
                        legal theory. ..............................................................................4

                3.      Thus, TeleSign's complaint need not articulate or
                        identify a doctrine-of-equivalents theory. ...............................5

        B.      Twilio's position is unfounded. ........................................................6

                1.      *Twombly* and *Iqbal* are not on point. ..........................................6

                2.      Courts have refused to require doctrine-of-
                        equivalents pleading. .................................................................6

                3.      Twilio does not dispute the sufficiency of
                        TeleSign's literal-infringement allegations (which
                        compels a finding that TeleSign's direct-
                        infringement claims are sufficiently pleaded). .........................6

                4.      Twilio's cases are not controlling. ..............................................8

                5.      Twilio's requested relief would affect all manner
                        of cases. .....................................................................................9

                6.      TeleSign reserves its right to assert infringement
                        under the doctrine of equivalents. .............................................9

        C.      TeleSign sufficiently alleges facts allowing the court to
                reasonably infer that Twilio specifically intends to induce
                infringement. ................................................................................10

                1.      TeleSign's allegations are sufficient. ........................................10

                2.      TeleSign sufficiently alleges specific intent. ...........................11

                3.      Specific intent does not need to be alleged on an
                        element-by-element basis; but even if it were,
                        TeleSign has done so. ...............................................................14

4.    Twilio's cases are distinguishable. ...........................................15

IV.    Conclusion ......................................................................................16

# **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Am. Patent Dev. Corp., LLC v. Movielink, LLC,*
    637 F. Supp. 2d 224 (D. Del. 2009) ...................................................4

*Ashcroft v. Iqbal,*
    556 U. S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ......2, 3, 6, 8, 9, 12, 13

*Automated Transaction Corp. v. Bill Me Later, Inc.,*
    No. 09-1903, 2010 U.S. Dist. LEXIS 46101 (S.D. Fla. May 11, 2010) .............8

*Bell Atlantic Corp. v. Twombly,*
    550 U. S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ......2, 3, 6, 8, 9, 12, 13

*Cadence Pharms., Inc. v. Exela Pharma Scis., LLC,*
    No. 11-733, 2013 U.S. Dist. LEXIS 166097 (D. Del. Nov. 14, 2013) ...............4

*Cleveland Clinic Foundation v. True Health Diagnostics LLC,*
    No. 15-2331, 2016 WL 705244 (N.D. Ohio Feb. 23, 2016) ............................15

*Commil USA, LLC v. Cisco Sys., Inc.,*
    135 S. Ct. 1920 (2015)................................................................10

*Crull v. GEM Ins. Co.,*
    58 F.3d 1386 (9th Cir. 1995) ............................................................3

*Eminence Capital, LLC v. Aspeon, Inc.,*
    316 F.3d 1048 (9th Cir. 2003) (per curiam) ........................................17

*Ferring B.V. v. Watson Labs., Inc.,*
    No. 11-481, 2013 U.S. Dist. LEXIS 75342 (D. Nev. May 28, 2013) .................1

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.,*
    535 U.S. 722 (2002).........................................................................4

*InCom Corp. v. Walt Disney Co.,*
    No. 15-3011, 2016 U.S. Dist. LEXIS 71319 (C.D. Cal. Feb. 4, 2016)...............3

*JDS Uniphase Corp. v. Coadna Photonics, Inc.,*
    No. 14-1091, 2014 U.S. Dist. LEXIS 88031 (N.D. Cal. June 26, 2014) ...........9

*Johnson v. City of Shelby,*
    135 S. Ct. 346 (2014).............................................1, 3, 4, 5, 6, 8, 9

*L.A. Biomedical Research Inst. at Harbor-UCLA Med. Ctr. v. Eli Lilly & Co.,*
    No. 13-8567, 2014 U.S. Dist. LEXIS 185431 (C.D. Cal. May 12, 2014)...........................................................................16

*Liquid Dynamics Corp. v. Vaughan Co.,*
    No. 01-6934, 2002 U.S. Dist. LEXIS 14102 (N.D. Ill. July 31, 2002),
    *vacated & remanded on other grounds,* 355 F.3d 1361 (Fed. Cir. 2004) .................................................................6

iv

*Lyda v. CBS Corp.*,
  2016 U.S. App. LEXIS 17694 (Fed. Cir. Sept. 30, 2016) ....................................1

*Macronix Int'l Co. v. Spansion Inc.*,
  4 F. Supp. 3d 797 (E.D. Va. 2014) ....................................................................8, 9

*McZeal v. Sprint Nextel Corp.*,
  501 F.3d 1354 (Fed. Cir. 2007) ........................................................................8, 11

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
  420 F.3d 1369 (Fed. Cir. 2005) ............................................................................10

*Memory Integrity, LLC v. Intel Corp.*,
  No. 15-262, 2015 WL 4251026 (D. Or. July 13, 2015) ......................................15

*MGM Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005) ..............................................................................................13

*Nexeon Ltd. v. Eaglepicher Techs., LLC*,
  No. 15-955, 2016 U.S. Dist. LEXIS 96995 (D. Del. July 26, 2016) ....................6

*O'Reilly v. Morse*,
  56 U.S. 62 (1853) ....................................................................................................4

*Probatter Sports, LLC v. Sports Tutor, Inc.*,
  No. 05-1975, 2015 U.S. Dist. LEXIS 92107 (D. Conn. July 15, 2015) ...............6

*R+L Carriers, Inc. v. DriverTech LLC* (*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*),
  681 F.3d 1323 (Fed. Cir. 2012) ........................................... 1, 2, 8, 10, 11, 12, 14

*Skinner v. Switzer*,
  562 U.S. 521 (2011) ........................................................................................3, 8, 9

*Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*,
  No. 14-502, 2014 WL 1266623 (D.N.J. Mar. 26, 2014) .....................................15

*Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*,
  785 F.3d 625 (Fed. Cir. 2015) ..............................................................................13

*TecSec, Inc. v. Adobe Sys.*,
  2016 U.S. App. LEXIS 15149 (Fed. Cir. Aug. 18, 2016) ...........................6, 7, 8

*TeleSign Corp. v. Twilio, Inc.*,
  No. 15-3240 ("*TeleSign I*"), ECF No. 75 (C.D. Cal. Oct. 16, 2015) .......2, 10, 11

*Unisone Strategic IP, Inc. v. Life Tech. Corp.*,
  No. 13-1278, 2013 WL 5729487 (S.D. Cal. Oct. 22, 2013) ................................16

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
  520 U.S. 17 (1997) ..................................................................................................7

**FEDERAL RULES**

Fed R. Civ. P. 8(a)(2) ................................................................................................3

Fed R. Civ. P. 15(a)(2)............................................................................................16

**FEDERAL STATUTES**

35 U.S.C. § 271............................................................................................2, 6, 7

42 U.S.C. § 1983..................................................................................................5

# I.    Summary

"Like the doctrine of negligence per se, the doctrine of equivalents is not a separately cognizable cause of action that need be (or can be) separately pled, but a legal theory that may aid a plaintiff in proving his claim."[1]

Twilio urges this Court to require plaintiffs to set forth their legal theories in complaints in this District.  The Court should deny Twilio's motion based on the Supreme Court's confirmation that "it is unnecessary to set out a legal theory for the plaintiff's claim for relief."[2]  Although Twilio's request is in the context of requiring TeleSign to set forth a doctrine-of-equivalents infringement theory in a patent case, granting Twilio's request would affect all manner of pleadings—civil and criminal, requiring all plaintiffs to set forth all legal theories in their complaints.

Twilio also requests that TeleSign's entire inducement-infringement count be dismissed because the Amended Complaint (ECF No. 40) purportedly does not— though it does—allege that Twilio specifically intends to induce infringement of one *step* of a claim.  The leading case on this issue is *Bill of Lading*, which Twilio does not cite.[3]  There, the Federal Circuit rejected similar arguments urging a step-by-step analysis.[4]  Granting Twilio's motion would conflict with *Bill of Lading*.  The Court

---

[1] *Ferring B.V. v. Watson Labs., Inc.*, No. 11-481, 2013 U.S. Dist. LEXIS 75342, at *11 (D. Nev. May 28, 2013).

[2] *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) (quotation omitted).

[3] *R+L Carriers, Inc. v. DriverTech LLC* (*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*), 681 F.3d 1323, 1339 (Fed. Cir. 2012).  Because Form 18 applied only to direct infringement—and not to inducement—*Bill of Lading's* holding regarding inducement allegations continue to apply despite the abrogation of Rule 84 on December 1, 2015.  *Lyda v. CBS Corp.*, 2016 U.S. App. LEXIS 17694 (Fed. Cir. Sept. 30, 2016) ("We have also held that allegations of induced or contributory infringement, which have additional elements not found in direct infringement claims, are not governed by Form 18.) (citing *Bill of Lading*, 681 F.3d at 1336).

[4] *Bill of Lading*, 681 F.3d at 1343 (rejecting the argument that because a defendant's "advertising does not expressly mention preparing an 'advance loading manifest,'— an essential step of the patented method—it cannot intentionally induce its customers to practice the '078 patent.").

TELESIGN'S OPPOSITION TO TWILIO'S MOTION TO DISMISS

denied a similar motion in *TeleSign I*, and should deny Twilio's current motion as well.[5]

## II.    Authority

### A.    Sufficiency of direct-infringement allegations.

As the Court has explained, "the operative question in analyzing direct-infringement claims is whether the complaint 'contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'"[7]

### B.    Sufficiency of induced-infringement allegations.

To plead induced infringement, a complaint "must contain facts plausibly showing that [a defendant] specifically intended [its] customers to infringe the . . . patent and knew that the customer's acts constituted infringement."[8]

## III.    Argument

### A.    TeleSign's Amended Complaint sufficiently pleads that Twilio is liable for direct infringement under 35 U.S.C. § 271(a).

Because TeleSign's complaint includes allegations sufficient to state a claim that Twilio is liable for direct patent infringement under 35 U.S.C. § 271(a), it should not be dismissed.  Quoting *Bender v. LG Electronics*, this Court recently affirmed that *Twombly* and *Iqbal* require plaintiffs to include "a brief description of what the patent at issue does and an allegation that certain named and specifically identified products or product components also do what the patent does, thereby raising a plausible claim

---

[5] *TeleSign Corp. v. Twilio, Inc.*, No. 15-3240 ("*TeleSign I*"), ECF No. 75 (C.D. Cal. Oct. 16, 2015).
[6] ECF No. 39, p. 3 (citing *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)).
[7] *Id*.
[8] *Bill of Lading*, 681 F.3d at 1339.

TELESIGN'S OPPOSITION TO TWILIO'S MOTION TO DISMISS

that the named products are infringing."[9]  TeleSign's Amended Complaint does this in its Sections IV and VIII.  Twilio does not dispute that TeleSign's literal-infringement allegations are sufficient.  Thus, Twilio's motion should be denied.

### 1.   Plaintiffs are not required to plead legal theories.

The Supreme Court has twice held in the last five years that a plaintiff does not have to plead specific legal theories.[10]  *Skinner* dealt with whether a convicted criminal's complaint was properly dismissed for failure to state a claim by a district court (which was affirmed by the Fifth Circuit).[11]  The Supreme Court reversed, confirming:  "under the Federal Rules of Civil Procedure, a complaint *need not pin plaintiff's claim for relief to a precise legal theory*. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument."[12]

*Johnson v. City of Shelby* is even more clear and forceful.[13]   That case concerned a group of police officers who alleged that they were fired by a city's board of aldermen because they brought to light alleged criminal activities of one of the aldermen.   They sought compensatory relief from the city for violations of their Fourteenth Amendment due-process rights.   The district court entered summary judgment against them for failure to expressly invoke 42 U.S.C. § 1983 in their complaint (which was affirmed on appeal).   A unanimous Supreme Court "summarily" reversed, holding that *Twombly* and *Iqbal* were **not** on point; that the Rules do not support dismissing complaints that include a short and plain statement of

---

[9] *InCom Corp. v. Walt Disney Co.*, No. 15-3011, 2016 U.S. Dist. LEXIS 71319, at *8 (C.D. Cal. Feb. 4, 2016) (quoting *Bender v. LG Electronics U.S.A.*, Inc., No. 09-02114, 2010 U.S. Dist. LEXIS 33075, at *6 (N.D. Cal. Mar. 11, 2010)).

[10] *Skinner v. Switzer*, 562 U.S. 521, 529-530 (2011); *see also Johnson*, 135 S. Ct. at 347; *Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir. 1995).

[11] *Skinner*, 562 U.S. at 529-530.

[12] *Skinner*, 562 U.S. at 529-530.

[13] *Johnson*, 135 S. Ct. at 347.

TELESIGN'S OPPOSITION TO TWILIO'S MOTION TO DISMISS

a claim showing that the pleader is entitled to relief; and that "it is unnecessary to set out a legal theory for the plaintiff's claim for relief."[14]

### 2.    Infringement under the doctrine of equivalents is a legal theory.

The "Doctrine" of Equivalents is a legal doctrine created by the courts.  More than 160 years ago, the Supreme Court stated, "It is a well-settled principle of law, that the mere change in the form of the machinery (unless a particular form is specified as the means by which the effect described is produced) or an alteration in some of its unessential parts; or in the use of known equivalent powers, not varying essentially the machine, or its mode of operation or organization, will not make the new machine a new invention."[15]

Twilio's demand undercuts the very nature of the Doctrine of Equivalents – the inability of language to fully capture the nuances of the invention.  "Unfortunately, the nature of language makes it impossible to capture the essence of a thing in a patent application. . . .  The language in the patent claims may not capture every nuance of the invention or describe with complete precision the range of its novelty."[16]  This is especially true where, as in this case, the claims have yet to be construed.

As courts have recognized, the doctrine of equivalents is an alternate infringement legal *theory* by which a patent owner may prove direct infringement (the other being via literal infringement).[17]

---

[14] *Johnson*, 135 S. Ct. 346, 347.

[15] *O'Reilly v. Morse*, 56 U.S. 62, 123 (1853).

[16] *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 731 (2002).

[17] *Cadence Pharms., Inc. v. Exela Pharma Scis., LLC*, No. 11-733, 2013 U.S. Dist. LEXIS 166097, at *37 (D. Del. Nov. 14, 2013) ("A patent owner may prove infringement under **two theories**: literal infringement or the doctrine of equivalents."); *Am. Patent Dev. Corp., LLC v. Movielink, LLC*, 637 F. Supp. 2d 224, 229 (D. Del. 2009) ("Infringement may be proven under either of **two theories**: literal infringement or the doctrine of equivalents.").  Twilio's motion itself refers to the doctrine of equivalents as a theory more than 10 times.  ECF No. 42 at 1:10, 1:14, 2:3, 2:24, 3:6, 7:3, 7:12, 8:2, 8:6, 8:10, 12:12.

TELESIGN'S OPPOSITION TO TWILIO'S MOTION TO DISMISS

### 3.    Thus, TeleSign's complaint need not articulate or identify a doctrine-of-equivalents theory.

Twilio demands what the Supreme Court does not require: that TeleSign articulate and plead a doctrine-of-equivalents legal theory.    Twilio states "it is impossible to determine whether or not TeleSign meant to plead a doctrine of equivalents theory."[18]  But TeleSign's Amended Complaint does not have to set forth its legal theories (including the doctrine of equivalents) nor pin its claim for relief to a precise legal theory.    Twilio's misunderstanding of the pleadings requirements is captured by its critique that, "In 198 paragraphs, TeleSign does not include the phrase 'doctrine of equivalents.'"[19]  Including such a phrase is precisely what the Supreme Court has determined that plaintiffs need not do.[20]

Twilio argues that its lack of knowledge of whether TeleSign is advancing a doctrine-of-equivalents theory justifies requiring TeleSign to plead it or dismissing TeleSign's Amended Complaint.[21]  But if doubt as to whether a party was advancing a certain legal argument was an adequate basis to dismiss a pleading, then parties could simply pick a theory and move to dismiss a pleading simply because they are unsure whether that theory is being advanced against them.    Granting Twilio's requests would resurrect the "theory of the pleadings" doctrine—the principle that "a complaint must proceed upon some definite theory, and on that theory the plaintiff must succeed, or not succeed at all."[22]  The federal rules, however, have abolished the "theory of pleadings" doctrine.[23]

---

[18] ECF No. 42 at 1:13-14 7:1.

[19] ECF No. 42 at 1:15-16.

[20] *Johnson*, 135 S. Ct. at 347 (reversing a "requirement that complaints expressly invoke §1983").

[21] ECF No. 42, p. 1.

[22] 5 C. Wright & A. Miller, §1219, p. 1 (3d ed. April 2016 update).

[23] *Johnson*, 135 S. Ct. at 347 ("The federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief.") (quoting 5 C. Wright & A. Miller, *supra*, §1219).

TELESIGN'S OPPOSITION TO TWILIO'S MOTION TO DISMISS

### B.    Twilio's position is unfounded.

#### 1.    *Twombly* and *Iqbal* are not on point.

Twilio cites to and relies heavily on *Twombly* and *Iqbal*.  But as *Johnson* held, *Twombly* and *Iqbal* are not on point given that they concern factual allegations (as opposed to theories).[24]

#### 2.    Courts have refused to require doctrine-of-equivalents pleading.

Several courts have refused to require that the doctrine of equivalents be pleaded.  *See e.g.*, *Probatter Sports, LLC v. Sports Tutor, Inc.*, No. 05-1975, 2015 U.S. Dist. LEXIS 92107, *29-31 (D. Conn. July 15, 2015) ("'[T]he nature of the infringement—whether literal or under the doctrine of equivalents—need not be pleaded.'"); *Nexeon Ltd. v. Eaglepicher Techs., LLC*, No. 15-955, 2016 U.S. Dist. LEXIS 96995, at *13 (D. Del. July 26, 2016) ("A pleading for direct infringement does not require an expressed claim for literal infringement and/or by doctrine of equivalents."); *Liquid Dynamics Corp. v. Vaughan Co.*, No. 01-6934, 2002 U.S. Dist. LEXIS 14102, at *8 (N.D. Ill. July 31, 2002), *vacated & remanded on other grounds*, 355 F.3d 1361 (Fed. Cir. 2004) ("A patent infringement claim encompasses two different theories of infringement: literal infringement and infringement under the doctrine of equivalents.  Liquid Dynamics' allegation of patent infringement under 35 U.S.C. § 271 is sufficient." (citation omitted)).  These holdings are in line with Supreme Court precedent and should be followed in this case.

#### 3.    Twilio does not dispute the sufficiency of TeleSign's literal-infringement allegations (which compels a finding that TeleSign's direct-infringement claims are sufficiently pleaded).

Twilio does not dispute that TeleSign's literal-infringement allegations are sufficient.  The Federal Circuit's analysis in its recent unpublished *TecSec* opinion is

---

[24] *Johnson*, 135 S. Ct. at 347 ("Our decisions in *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U. S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), are not in [sic] point, for they concern the factual allegations a complaint must contain to survive a motion to dismiss.").

helpful.[25]    There, TecSec had not asserted or mentioned infringement under the doctrine of equivalents until the district court raised a related issue *sua sponte*.   On appeal, the defendant argued that TecSec had waived its opportunity to argue infringement of a certain limitation under the doctrine of equivalents.[26]    In disagreeing, the Federal Circuit affirmed that "TecSec was under no obligation to assert the doctrine of equivalents with respect to a limitation that Adobe did not even dispute was literally met by the accused product."[27]   This confirms that TecSec was under no obligation to include it in its complaint, and it was not waived.

Twilio's proposed heightened pleading standard would require all plaintiffs to allege both literal infringement and, in the alternative, a theory of infringement under the doctrine of equivalents (and any other possible theories of infringement).   Under the doctrine of equivalents, "a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention."[28]   This can be graphically represented as follows:



The above diagram (and the Supreme Court's holdings mentioned herein) illustrates why pleading a doctrine of equivalents theory is not necessary:   because

---

[25] *TecSec, Inc. v. Adobe Sys.*, 2016 U.S. App. LEXIS 15149 (Fed. Cir. Aug. 18, 2016).
[26] *Id.* at *43.
[27] *Id.*
[28] *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997).

TELESIGN'S OPPOSITION TO TWILIO'S MOTION TO DISMISS

pleading facts showing literal infringement is sufficient to state a claim for relief for direct patent infringement. If articulating a doctrine-of-equivalents-theory were required, despite sufficiently pleading literal infringement, then complaints would balloon as plaintiffs attempt to set forth a doctrine-of-equivalents theory on a voluminous "element-by-element" basis even though they have already alleged sufficient facts to state a claim under 35 USC § 271(a).[29] This would be required in every patent-infringement case (as a defendant would only need to speculate—as here—that a plaintiff might assert a doctrine of equivalents theory).

Here, Twilio does not dispute that TeleSign has sufficiently alleged that Twilio's accused products literally infringe. Under the rationale in *TecSec* (and other authority mentioned herein), TeleSign is under no obligation to assert the doctrine of equivalents and preserves its opportunity to do so.

### 4. Twilio's cases are not controlling.

Twilio cites *Automated Transaction Corp. v. Bill Me Later, Inc.*[30]—a case prior to the Supreme Court's *Skinner* and *Johnson* opinions—to support its view that "if a patentee intends to rely on the DOE to prove infringement it *must* plead infringement under the DOE."[31] But the court in *Automated Transaction* explicitly stated: "This Court cannot conclude that [pleading doctrine of equivalents] is a requirement in every case—only the Federal Circuit or Supreme Court can do so."[32] And the Supreme Court has confirmed that a complaint need not set out a legal theory for a plaintiff's claim for relief.[33] Thus, *Automated Transaction* is not controlling.

Twilio also cites *Macronix Int'l Co. v. Spansion Inc.*[34] to support its positions.[35] TeleSign respectfully submits that *Macronix* was wrongly decided. In 2014, the law

---

[29] *Warner-Jenkinson*, 520 U.S. at 40.
[30] ECF No. 42, p. 7 (citing *Automated Transaction Corp. v. Bill Me Later, Inc.*, No. 09-1903, 2010 U.S. Dist. LEXIS 46101 (S.D. Fla. May 11, 2010)).
[31] ECF No. 42 at 7:20-21 (emphasis in original).
[32] *Automated Transaction*, 2010 U.S. Dist. LEXIS 46101, at *7.
[33] *Johnson*, 135 S. Ct. at 347.
[34] 4 F. Supp. 3d 797 (E.D. Va. 2014).
[35] ECF No. 40 at 7:14-18.

TELESIGN'S OPPOSITION TO TWILIO'S MOTION TO DISMISS

was well settled that a patent-infringement complaint that complies with Form 18 was sufficient.  Despite two Federal Circuit cases (*McZeal* and *In re Bill of Lading*) holding that complaints were then sufficient if they complied with Form 18, *Macronix* declined to accept those holdings.[36]  Thus, it has been criticized.[37]  *Macronix* should not have informed its decision by considering that it was "not even clear from the FAC what is alleged to be literally infringed and what is alleged to be infringed by equivalents."[38]  As later confirmed by *Johnson*, that would wrongly require plaintiffs to articulate their legal theories in complaints

### 5.    Twilio's requested relief would affect all manner of cases.

Granting Twilio's requests would require a plaintiff to articulate all possible legal theories it might advance in a case.  Such a holding would not be limited only to patent cases.  For example, criminal complaints requesting relief would have to set out all theories that they might rely on.  But the Supreme Court expressly confirmed in *Skinner* that only a plausible short and plain statement of the plaintiff's claim is needed,[39] and in *Johnson* that it is unnecessary to set out any legal theory for the plaintiff's claim for relief.[40]

### 6.    TeleSign reserves its right to assert infringement under the doctrine of equivalents.

TeleSign reserves its right to advance an infringement theory under the doctrine of equivalents as the record is developed by the parties through discovery and claim

---

[36] *Macronix*, 4 F. Supp. 3d at 801 ("The threshold problem with *McZeal* and *Bill of Lading* is that they accord no force to either the text or teaching of *Twombly* and *Iqbal* which require more to plead a legally sufficient claim than is set out in Form 18.").

[37] *See JDS Uniphase Corp. v. Coadna Photonics, Inc.*, No. 14-1091, 2014 U.S. Dist. LEXIS 88031, 6-7 (N.D. Cal. June 26, 2014) ("As for [Macronix], that opinion forcefully disagrees that *Bill of Lading* and *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357-60 (Fed. Cir. 2007), correctly applied the Supreme Court's decisions in *Twombly* and *Iqbal*. This court is unpersuaded by the opinion in *Macronix*, since it provides no argument for how *K-Tech*, which again reinforced the Federal Circuit's understanding of Form 18, can be distinguished.").

[38] *Macronix*, 4 F. Supp. 3d at 804.

[39] *Skinner*, 562 U.S. at 529-530.

[40] *Johnson*, 135 S. Ct. at 347.

TELESIGN'S OPPOSITION TO TWILIO'S MOTION TO DISMISS

construction.   To help fully assess this issue, TeleSign requested Twilio's claim-construction positions during the referenced meet and confer (ECF No. 42 at 3:5), but Twilio denied that request.

### C.   TeleSign sufficiently alleges facts allowing the court to reasonably infer that Twilio specifically intends to induce infringement.

When ruling on a similar motion in *TeleSign I*, the Court stated what a plaintiff must allege to support an induced-infringement cause of action:[41] (1) direct infringement by some actor[42]; (2) that "the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement"[43]; and (3) that the alleged infringer "knew of the patent and that 'the induced acts constitute patent infringement.'"[44]   Thus, to survive a motion to dismiss, a complaint "must contain facts plausibly showing that [defendants] specifically intended their customers to infringe the . . . patent and knew that the customer's acts constituted infringement."[45]

### 1.   TeleSign's allegations are sufficient.

Applying the above framework, TeleSign's Amended Complaint (1) alleges underlying direct infringement in Section IX(B)[46]; (2) alleges that Twilio knowingly induced infringement and possessed specific intent to encourage another's infringement in Section IX(C)[47]; and (3) alleges that Twilio knew of the '792 patent (Sections VII and IX(A))[48] and that the induced acts constitute patent infringement.[49]

---

[41] *TeleSign I*, ECF No. 75 (Order), pp. 8-9.

[42] *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005)

[43] *Bill of Lading* 681 F.3d at 1339 (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)).

[44] *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011)).

[45] *TeleSign I*, ECF No. 75 (Order), p.9 (quoting *Bill of Lading*, 681 F.3d at 1339).

[46] ECF No. 40 at ¶¶ 119-156.

[47] ECF No. 40 at ¶¶ 157-189.

[48] ECF No. 40 at ¶¶ 53-66 and 115-118.

[49] ECF No. 40, generally at Sections IX(A)-(C) (and specifically, at e.g., ¶¶ 108-110, 113, 118, 122-156, 159-165, 174-175, and 184).

The Court has addressed this issue before in *TeleSign I*. In denying Twilio's motion to dismiss in *TeleSign I*, and on the issue of specific intent, the Court stated:

> The Court believes that Plaintiff's allegations are sufficient to reasonably infer specific intent. For each patent, the FAC gives an overview of the patent, explains what Defendant's service does that Plaintiff believes could infringe, and then gives specific examples of how Defendant shows others how to use its product to infringe.[50]

Here, TeleSign has done just that. The Amended Complaint gives an overview of the patent,[51] explains how direct infringement occurs,[52] and explains how Twilio instructs others to use its product to infringe.[53] Though not necessary, the Amended Complaint even provides notice of the specific claims TeleSign alleges are infringed.[54] When the allegations of TeleSign's Amended Complaint are considered as a whole and in the context of the technology in the asserted patent, the Court can reasonably infer that Twilio is actively inducing its customers to infringe TeleSign's patent, which is the applicable standard.[55]

### 2.    TeleSign sufficiently alleges specific intent.

Twilio appears to dispute only the sufficiency of TeleSign's specific-intent allegations.[56] Thus, we focus on those. Twilio does not mention the seminal case on the *pleading* requirements for induced infringement: *In re Bill of Lading*.[57] There, the

---

[50] *TeleSign I*, ECF No. 75 (Order), p. 14.

[51] ECF No. 40 at Section II, particularly at ¶¶ 33-34.

[52] ECF No. 40 at Section IX(B).

[53] ECF No. 40 at Section IX(C), particularly at ¶¶ 160-64, 166, 172-175, 178-183.

[54] *Id.* at ¶ 38; *cf. TeleSign I*, ECF No. 75 at 14 ("To be sure, the FAC does not expressly say which specific claims of which patents are being infringed.").

[55] *Bill of Lading*, 681 F.3d at 1340 ("[W]hen the allegations in [plaintiff's] lengthy and detailed amended complaint are considered as a whole, and the facts are considered in the context of the technology disclosed in the [asserted] patent and the industry to which Appellees sell and tout their products, it is clear that the inferences [plaintiff] asks to be drawn are both reasonable and plausible.").

[56] ECF No. 42 at 3:8-10.

[57] 681 F.3d 1323 (Fed. Cir. 2012). Twilio cites *McZeal* to argue that TeleSign's Amended Complaint "fails to show the specific intent to induce a third-party to infringe." ECF No. 42 at 8:27-28. But *McZeal* did not address induced infringement. *See generally McZeal v. Sprint Nextel Corp., et al.*, 501 F.3d 1354 (Fed. Cir. 2007).

TELESIGN'S OPPOSITION TO TWILIO'S MOTION TO DISMISS

Federal Circuit addressed arguments similar to Twilio's.  Multiple defendants in *In re Bill of Lading* argued that the complaint was deficient because it failed to allege that the defendants specifically instructed their customers to perform each step of the patented method.[58]  The Federal Circuit rejected those arguments.[59]

For example, one of the defendants (and the district court) considered the complaint insufficient because R+L did not provide statements from DriverTech that "specifically instruct[ed]" DriverTech customers to perform "all" of the steps of the patented method; the Federal Circuit disagreed, stating: "These arguments suffer from the same deficiency.  DriverTech is essentially arguing that, at the pleading stage, R+L must allege facts that prove all aspects of its claims, or at the very least make those claims probable.  But that is not what is required."[60]

The Federal Circuit rejected a similar argument by another defendant ("ACS")—one almost identical to Twilio's:  that the pleaded facts did not give rise to a plausible claim for relief because ACS's advertising did not expressly mention preparing an advance loading manifest—"**an essential step**" of the patented method— and thus, it could not intentionally induce its customers to practice the asserted patent.[61]  The Federal Circuit explained that while ACS was correct that to prove infringement of a method patent "a plaintiff must show that every step of the method is performed in the claimed order, nothing in *Twombly* or *Iqbal* demands this level of factual specificity at the pleading stage."[62]  Such a requirement would be "dangerously close to requiring a plaintiff to prove he is entitled to relief at the pleading stage.  At this stage of the litigation a plaintiff is only required to plead enough facts to enable a court to draw the reasonable inference that the defendant is liable for the misconduct

---

[58] *Bill of Lading*, 681 F.3d at 1341-42, 1344-45.

[59] *Id.*  Further, the factual allegations are not required to "mimic the precise language used in a claim[.]"  *Id.* at 1343.

[60] *Id.* at 1341.

[61] *Id.* at 1342.

[62] *Id.*

alleged."[63]  Further, "there is no requirement that the facts alleged mimic the precise language used in a claim; what is necessary is that facts, when considered in their entirety and in context, lead to the common sense conclusion that a patented method is being practiced."[64]

Twilio appears to confuse what TeleSign must plead with what it must ultimately prove.  For example, Twilio states that TeleSign "fails to establish that Twilio possessed the specific intent to encourage another's infringement."[65]  But TeleSign need not *establish* this at the pleadings stage.  Twilio also states "TeleSign has not provided any evidence that Twilio actively encourages its customers to allegedly infringe the asserted patent."[66]  But TeleSign need not provide *evidence* at the pleadings stage.[67]  Requiring actual evidence would improperly elevate the plausibility standard into one of probability.[68]

As explained above TeleSign has met its pleading obligations.  By way of further example, advertising an infringing use or instructing how to engage in an infringing use shows an affirmative intent that the product be used to infringe.[69]

---

[63] *Id.* (citation and quotation omitted).  While the court noted that "[i]n some circumstances, failure to allege facts that plausibly suggest a specific element or elements of a claim have been practiced may be fatal in the context of a motion to dismiss[,]" (*id.*), that is not the case here given that TeleSign provides factual allegations that Twilio's customers practice each element of the claims, either alone or in combination with Twilio.  *See* ECF No. 40 at ¶¶ 119-156.

[64] *Id.*

[65] ECF No. 42 at 3:8-10.

[66] ECF No. 40 at 3:10-11.

[67] *See Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'").

[68] *See Iqbal*, 556 U.S. at 696 ("*Twombly* does not require a court at the motion-to-dismiss stage to consider whether the factual allegations are probably true.  We made it clear, on the contrary, that a court must take the allegations as true, no matter how skeptical the court may be.").

[69] *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) ("Evidence of 'active steps . . . taken to encourage direct infringement,' such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe, and a showing that infringement was encouraged overcomes the law's reluctance to find liability when a defendant merely sells a commercial product suitable for some lawful use[.]" (citation omitted)); *Takeda Pharms. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 631 n.3 (Fed. Cir. 2015) ("We have specifically approved Grokster's definition in the patent context.").

TELESIGN'S OPPOSITION TO TWILIO'S MOTION TO DISMISS

TeleSign's Amended Complaint makes such allegations, including in ¶¶ 162-164, 174 and 175.

### 3.    Specific intent does not need to be alleged on an element-by-element basis; but even if it were, TeleSign has done so.

Twilio advances the unsupported position that TeleSign must plead specific intent for each and every aspect of each and every claim limitation in this case.[70]  As discussed in Subsection 2 above, the Federal Circuit considered and rejected that general position in *Bill of Lading*.[71]

Even if Twilio's position was adopted, it would be moot in this case because contrary to Twilio's main argument (ECF No. 42 at 9:18) that TeleSign's Amended Complaint purportedly does not plead specific intent as to the notification aspect of claim 1, it does.   For example, TeleSign's complaint includes the following allegations (all emphasis added):

- "Twilio continues to provide tutorials that recommend using verifying and registering techniques in combination with tutorials that **recommend notifications**." (¶ 162.)

- "Twilio continues to offer and link to its tutorials that instruct users to verify, **notify**, and register **users**—all with knowledge (or willful blindness) that these induced acts constitute patent infringement." (¶ 163.)

- "For example, Twilio lists a number of 'use cases' at https://www.twilio.com/use-cases.  These use cases include 'Two Factor Authentication,' '**Dispatch Notification**' using 'automated SMS' and more." (¶ 164.)

- "Twilio recommends and encourages users to use Authy and Twilio's REST API to verify and **notify users** of events to provide additional

---

[70] ECF No. 42 at 9:1-2 ("Specifically, TeleSign fails to allege specific intent to induce infringement for the claim element that it argued . . .").
[71] *Bill of Lading*, 681 F.3d 1323, 1342.

TELESIGN'S OPPOSITION TO TWILIO'S MOTION TO DISMISS

security, and Twilio knows or is willfully blind to the fact that these induced acts constitute patent infringement." (¶ 174.)

- "Twilio instructs its customers to complete registrations based on verified telephone numbers, including instructing customers to use an Authy verification that is sent to an end user's phone. Twilio instructs its customers to maintain records of **notification events**." (¶ 175.)

### 4.    Twilio's cases are distinguishable.

Twilio's cases are not applicable because the complaints in those cases were detrimentally light on alleged facts whereas TeleSign's Amended Complaint is not. Twilio cites *Cleveland Clinic Foundation* (ECF No. 42 at 11:2), but there, the court found that the "complaint is completely devoid of any factual allegations supporting this theory. In fact, the complaint contains no allegations even generally describing defendant's alleged role in the infringement of the '260 patent or any manner in which defendant induces such infringement."[72]    TeleSign's Amended Complaint includes such allegations in ¶¶ 157-189.

Twilio relies on *Straight Path IP* (ECF No. 42 at 11:16), but there, the court found that the applicable "statements amount to a threadbare recitation of the necessary elements.  Though Plaintiff cites to Vonage's website, it does not state any facts in its Amended Complaint to support the plausible inference that it is entitled to relief for Vonage's alleged induced infringements."[73]    TeleSign's allegations in the Amended Complaint's paragraphs 157-189 are sufficient, not threadbare.

Twilio's reliance on *Memory Integrity* is also misplaced.  There, the court found that the complaint did not allege that the Intel's instructions to customers taught an

---

[72] *See Cleveland Clinic Foundation v. True Health Diagnostics LLC*, No. 15-2331, 2016 WL 705244, at *9 (N.D. Ohio Feb. 23, 2016).
[73] *Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*, No. 14-502, 2014 WL 1266623, at *3 (D.N.J. Mar. 26, 2014).

infringing use.[74]  But TeleSign's Amended Complaint does so allege, particularly in paragraphs 162-164.

*Unisone Strategic IP* is also distinguishable, where the plaintiff made only general allegations that the court found merely indicated that the defendant provided technical support and the like for using its own software.[75]  But TeleSign's Amended Complaint alleges far more, including that Twilio well knew of Twilio's patent claims (¶ 160); has continued to provide specific tutorials that encourage infringement (¶¶ 161-164); that Twilio recommends its named APIs be used and knows that such use is infringing (¶ 174); that Twilio intentionally instructs customers to perform infringing steps (¶ 175); and has continued to provide the mentioned services technologies with knowledge or willful blindness to the fact that its induced acts constitute patent infringement (¶ 184).  In total, Section IX(C) of TeleSign's Amended Complaint includes detailed and specific factual allegations showing how Twilio teaches its customers to engage in infringing uses, and that additional detail requires a different result:  that TeleSign's allegations are sufficient.[76]

## IV.    Conclusion

Parties need not articulate legal theories in pleadings and TeleSign's inducement allegations are sufficient.  If the Court disagrees, TeleSign requests leave to address the Court's concerns.  Twilio does not dispute that leave should be granted: "While the Court has already dismissed TeleSign's original complaint in this case

---

[74] *Memory Integrity, LLC v. Intel Corp.*, No. 15-262, 2015 WL 4251026, at *3 (D. Or. July 13, 2015).

[75] *Unisone Strategic IP, Inc. v. Life Tech. Corp.*, No. 13-1278, 2013 WL 5729487, at *3 (S.D. Cal. Oct. 22, 2013) ("Plaintiff further alleges Defendant 'intentionally designs, manufactures, markets, promotes, sells, services, supports (including technical support), provides updated software, and educates its customers and suppliers about its SCMS software.'  Even taken as true, these allegations also fail because they merely indicate that Defendant provides instruction, technical support, and training for using its own software, and nothing more.").

[76] *L.A. Biomedical Research Inst. at Harbor-UCLA Med. Ctr. v. Eli Lilly & Co.*, No. 13-8567, 2014 U.S. Dist. LEXIS 185431, at *12 (C.D. Cal. May 12, 2014) ("Because Plaintiff's allegations here are more detailed than those in *Catapano*, *Avocet* and *Unisone*, the result here is different.").

TELESIGN'S OPPOSITION TO TWILIO'S MOTION TO DISMISS

once before, Twilio asks that TeleSign be provided with one more opportunity to properly plead its doctrine of equivalents and inducement claim such that Twilio is at a minimum provided fair notice."[77]  Under Rule 15(a)(2), "the court should freely give leave [to amend] when justice so requires."[78]  The Ninth Circuit applies this policy with "'extreme liberality.'"[79]  Dismissal without leave to amend is "not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment."[80]

---

[77] ECF No. 42 at 1:26-2:1.

[78] FED. R. CIV. P. 15(a)(2).

[79] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

[80] *Id.*

TELESIGN'S OPPOSITION TO TWILIO'S MOTION TO DISMISS

Dated:  October 24, 2016          Signed:/s/  Jesse J. Camacho

Gary Miller
(gmiller@shb.com)
Shook, Hardy & Bacon L.L.P.
111 S. Wacker Dr.
Chicago, IL 60606
Telephone:  312.704.7700
Facsimile:  312.558.1195

Jesse Camacho
(jcamacho@shb.com)
Mary Jane Peal
(mpeal@shb.com)
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone:  816.474.6550
Facsimile:  816.421.5547

Tony M. Diab
(tdiab@shb.com)
Shook, Hardy & Bacon L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614
Telephone:  949.475.1500
Facsimile:   949.475.0016

Attorneys for Plaintiff
TELESIGN CORPORATION

TELESIGN'S OPPOSITION TO TWILIO'S MOTION TO DISMISS