UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESIGN CORPORATION,<br><br>　　　　Plaintiff,<br>v.<br><br>TWILIO, INC.,<br><br>　　　　Defendant. | Case No. 16-2106-PSG-SS<br><br>**[PROPOSED] ORDER DENYING TWILIO'S MOTION TO DISMISS** |

　　　This matter came before the Court for hearing on November 14, 2016, the Honorable Philip S. Gutierrez, District Judge presiding, on Twilio's Motion to Dismiss Amended Complaint. ECF No. 42. Having considered the moving and opposition papers, arguments of counsel, and all other matters presented, the Court denies Twilio's motion.

　　　Twilio argues that a plaintiff, such as TeleSign, must set forth each legal theory for its claim for relief in the complaint. ECF No. 42 at 1:10-12. Twilio's argument is contrary to precedent. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014) ("it is unnecessary to set out a legal theory for the

1  plaintiff's claim for relief") (quotation omitted).  The Court will not require
2  TeleSign to identify its legal theories in its complaint.

3  Twilio also argues that TeleSign's induced infringement count should be
4  dismissed.  ECF No. 42 at 2:1-4.  As to specific intent, a complaint is sufficient
5  if it alleges facts from which the Court could reasonably conclude that the
6  defendant intended to encourage infringement.  *In re Bill of Lading*
7  *Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir.
8  2012).  A plaintiff does not have to "prove its case at the pleading stage." *Id.*

9  The Federal Circuit has rejected arguments similar to Twilio's involving
10 a step-by-step analysis.  *Id.* at 1343 (rejecting defendant's argument that
11 because its "advertising does not expressly mention preparing an 'advance
12 loading manifest,'—an essential step of the patented method—it cannot
13 intentionally induce its customers to practice the '078 patent").  Federal Circuit
14 authority does not require allegations that Twilio specifically intended to induce
15 infringement of one particular step of a patent claim, where the allegations
16 support a reasonable conclusion that a defendant intended to encourage
17 infringement of the claim.  *Id.* at 1340.

18 Although not required by *Bill of Lading*, TeleSign has pleaded that
19 Twilio specifically intends to induce infringement of all steps.  ECF No. 40 at
20 ¶¶ 157-189.  TeleSign also pleaded underlying direct infringement (*Id.* at ¶¶
21 119-156), that Twilio knew of the '792 patent (*Id.* at ¶¶ 53-66 and 115-118),
22 and that Twilio knew that the induced acts constituted patent infringement (*Id.*
23 at ¶¶ 108-110, 113, 118, 122-156, 159-165, 174-175, and 184).  Therefore,
24 TeleSign's allegations in its First Amended Complaint are sufficient to support
25 its count for induced infringement.  Twilio's Motion to Dismiss (ECF No. 42) is
26 denied.

27
28

1 **IT IS SO ORDERED.**

Dated: _____   _____
The Honorable Philip S. Gutierrez
U.S. District Court Judge

[PROPOSED] ORDER DENYING TWILIO'S MOTION TO DISMISS