**BAKER BOTTS L.L.P.**
Wayne O. Stacy (*pro hac vice*)
wayne.stacy@bakerbotts.com
2001 Ross Avenue
Dallas, TX  75201
Telephone: 214.953.6678
Facsimile:  214.661.4678

Sarah J. Guske (SBN 232467)
sarah.guske@bakerbotts.com
101 California St., Ste. 3070
San Francisco, CA 94111
Telephone: 415.291.6200
Facsimile: 415.291.6300

Jay Bayard Schiller (SBN 298747)
jay.schiller@bakerbotts.com
1001 Page Mill Road,
Building One, Suite 200
Palo Alto, CA 94304
Telephone: 650.739.7500
Facsimile:  650.739.7600

Attorneys for Defendant
TWILIO INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| TELESIGN CORPORATION,<br><br>             Plaintiff,<br><br>     vs.<br><br>TWILIO INC.,<br><br>             Defendants. | Case No.  2:16-CV-02106-PSG-SS<br><br>**TWILIO'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Honorable Judge Philip S. Gutierrez<br>Hearing Date: November 14, 2016<br>Hearing Time: 1:30 P.M.<br>Courtroom: 880 |
|---|---|

**INTRODUCTION**

Pleadings matter. And in particular, complaints matter. The complaint is (1) the only document that puts the defendant on notice of what it must defend against and (2) the only document that directs the Court on the proper scope of discovery. A vague complaint subjects defendants to discovery fishing expeditions and the Court to unnecessary discovery disputes. To make use of the proportionality rules added to the Federal Rules of Civil Procedure last December, Courts must require the complaint to put the defendant and the Court on notice of the proper bounds for discovery. The days of just pleading a cause of action and then demanding any document that could lead to potentially admissible evidence are over—yet TeleSign seeks to resurrect those days through its vague complaint.

After the initial dismissal, TeleSign provided the proper level of detail in its complaint for most pled causes of action. TeleSign finally named the products that it accused of infringement and adequately set forth plausible facts related to Twilio's literal infringement. TeleSign even set forth most of its induced direct infringement claim with sufficient details—though still failing to name a single direct infringer. But just as the complaint was getting to the most important parts around inducement and doctrine of equivalents, TeleSign reverted to the old pleading standard and failed to provide the plausible facts required by the Supreme Court. Instead of turning to FRCP 11(b)(3) and admitting that it does not currently have the necessary facts, TeleSign asks this Court to make new law and declare that a patent owner need not make out a complete plausible case of indirect infringement.

TeleSign wants this Court to be the first to adopt a partial-proof principle on indirect infringement. TeleSign's new law would state that as long as the patent owner pleads plausible facts for some claim elements, it need not plead plausible facts for all the claim elements. This standard is wrong under *Iqbal*/*Twombly* and its adoption will only serve to allow patent owners to engage in discovery fishing

expeditions.

If TeleSign does not have facts in its possession today to plead induced infringement for each element of even a single claim, TeleSign can either drop the allegation or specifically plead under FRCP 11(b)(3) that while it does not currently have sufficient evidentiary support, it will likely find it after a reasonable opportunity of further investigation.[1]

TeleSign has already indicated that it intends to use its vague complaint as a lever to open up unlimited discovery. For example, TeleSign included an entire section in its brief about reserving rights to pursue causes of action not plead in its complaint. (D.I. 43 at 12.) Neither Twilio nor the Court has any way of determining what discovery is proportional to this unpled doctrine of equivalents cause of action. Further, TeleSign defends the sufficiency of its complaint by pointing to Twilio's "Dispatch Notification" product that TeleSign no longer accuses of infringement. So even after being required to drop its vague product names in the first complaint, TeleSign is telegraphing its intention to use the ambiguities in the second amended complaint to continue its broad discovery assault on all Twilio products—named and unnamed.

The dispute is narrow at this point. TeleSign can resolve all remaining complaint sufficiency issues by properly addressing (1) the doctrine of equivalents and (2) induced infringement for the following three notification-event elements of Claim 1:

- maintaining a record of one or more notification events associated with actions that require acknowledgement by the user;
- upon receiving an indication of an occurrence of an established

---

[1] *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 WL 2972374, at *3 (N.D. Cal. Sept. 14, 2009) (requiring Apple to at least articulate "some facts as to why it is reasonable to believe there is infringement. Simply guessing or speculating that there may be a claim is not enough.")

        notification event, transmitting a message addressed to the verified telephone number indicating the occurrence of the notification event; and

- receiving, from the user, an acknowledgement of an action associated with the established notification event.

# ARGUMENT

## 1. TeleSign still has not shown Twilio acted with specific intent for its induced infringement claim

TeleSign argues that it need not plead plausible facts to support an element by element infringement analysis and cites to *Bill of Lading*. But *Bill of Lading* does not support TeleSign's argument. Rather, *Bill of Lading* demonstrates that a complaint must include facts sufficient to prove induced infringement—assuming that the facts are taken as true. And to prove inducement, the plaintiff must prove infringement for each and every element. Thus, to plead sufficient plausible facts for induced infringement, the plaintiff must plead enough facts to satisfy the element-by-element analysis. The *Bill of Lading* court properly looked across the entire complaint to find facts sufficient to support that type of complete analysis.

In this case, the Court can look across TeleSign's entire complaint and it still will not find facts sufficient to support an induced infringement claim. Further, the Court will not find one reference to FRCP 11(b)(3) or any similar discovery request.

Twilio challenged TeleSign's second amended complaint on three specific claim elements related to notification events:

- maintaining a record of one or more notification events associated with actions that require acknowledgement by the user;
- upon receiving an indication of an occurrence of an established notification event, transmitting a message addressed to the verified telephone number indicating the occurrence of the notification event;

|   |   |
|---|---|
| 1 | and |
| 2 | • receiving, from the user, an acknowledgement of an action associated |
| 3 | with the established notification event. *See* U.S. Patent No. 9,300,792, |
| 4 | Claim 1 |

In response, TeleSign could only point to five paragraphs in the complaint that, when taken as true, allegedly demonstrate induced infringement. (D.I. 43 at 20-21.) The Court can decide the induced infringement issue by looking at just these five paragraphs.

TeleSign's five supporting paragraphs, as shown below, point generically to notification activity and avoid the actual detailed claim requirements about "notification events." While on the surface, this distinction may seem trivial, TeleSign expressly focused the Patent Office on the importance of its "notification event" over 100 times. (*See* Declaration of Jay B. Schiller ("Schiller Decl."), Ex. A IPR2016-00450, Paper 7, Patent Owners Prelim Response (PTAB Apr. 13, 2016).) Compare that emphasis to the fact that TeleSign mentioned "notification event" only once for its induced infringement claim.

Paragraph One: TeleSign cites to ¶162 in its complaint, which provides: "Twilio continues to provide tutorials that recommend using verifying and registering techniques in combination with tutorials that **recommend notifications**." (emphasis in original). First, courts have dismissed complaints where the plaintiff cited extensively to instructions on a defendant's website but did not plausibly show that the defendant intended to induce infringement through those instructions. *See Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*, No. 14-cv-502, 2014 WL 1266623, at *2 (D.N.J. Mar. 26, 2014). Purely pointing to Twilio's online tutorials is not sufficient. Second, TeleSign generally addresses "notifications," but as stated above, the main focus of the claim is directed towards specific manipulations of "notification events." TeleSign's paragraph 162 does not plead facts sufficient to show Twilio's specific intent with regard to the three

claim elements.  For example, where is TeleSign's fact that, when taken as true, demonstrates that Twilio's product is "receiving, from the user, an acknowledgement of an action associated with the established notification event?"

Paragraph Two: TeleSign next cites to ¶163, which again focuses on Twilio's online tutorials "that instruct users to verify, **notify**, and register **users**…" (emphasis in original.) First, citing to Twilio's online tutorials is not sufficient under the law.  (D.I. 42 at 16.)  Second, this paragraph does not address notification events.  For example, paragraph 163 does not address "receiving, from the user, an acknowledgement of an action associated with the established notification event."

Paragraph Three: TeleSign next cites ¶164 where TeleSign bolds and underlines its key evidence: **"Dispatch Notification."**  (D.I. 40 at 32.)  Dispatch Notification is a Twilio product that TeleSign does not accuse of infringement and does not allege is related to authentication.  (D.I. 40 at ¶108.)  TeleSign did a simple word search for "notification" on Twilio's website and this reference to an unaccused product was the best TeleSign could find.  TeleSign's reference to an unaccused product that just happens to have the word "notification" in the name is not sufficient to plead induced infringement of any element.

Paragraph Four: TeleSign next cites to ¶174, which provides: "Twilio recommends and encourages users to use Authy and Twilio's REST API to verify and **notify users** of events to provide additional security . . ." (emphasis in original.)  Again, this generic language does not address the very specific requirements in the patent claims.  For example, how does this language demonstrate "receiving, from the user, an acknowledgement of an action associated with the established notification event?"

Paragraph Five: As its last proof of induced infringement, TeleSign cites to ¶175. This is the only paragraph that TeleSign points to that mentions the phrase "notification event." This paragraph, when taken as true, likely satisfies the

pleading element for one of the three notification-event elements: "maintaining a record . . ." But paragraph 175 does not address the other two notification-event elements. For example, it does not address "receiving, from the user, an acknowledgement of an action associated with the established notification event."

In conclusion, TeleSign's claims focus on notification events and methods of handling them. TeleSign focused on "notification events" in front of the Patent Office—mentioning them over 100 times in its arguments for patentability. (*See* Schiller Decl., Ex. A IPR2016-00450, Paper 7, Patent Owners Prelim Response, at 1). But to defend its complaint, TeleSign can only point to a single paragraph that mentions "notification events." Assuming that TeleSign has the evidence, it should be given one more chance to plead its inducement case around notification events.

## 2. TeleSign should be required to plead infringement by the doctrine of equivalents

TeleSign's amended complaint made it impossible to determine whether TeleSign is pleading DOE. Therefore, Twilio is unable to effectively defend itself because Twilio is unable to discern what—if any—DOE theory is at play in this case. As set forth in the parties briefing, there is a split in the law on this issue and Twilio submits to this Court that under the new pleading standards and in compliance with *Iqbal/Twombly*, a party should be required to plead DOE.

Courts have acknowledged that whether a doctrine of equivalents theory must be explicitly pled after *McZeal*, *Twombly*, and *Iqbal* is a close question, and one that the Federal Circuit has not explicitly answered. *Auburn Univ. v. Int'l Bus. Machines, Corp.*, 864 F. Supp. 2d 1222, 1226 (M.D. Ala. 2012); *see also Automated Trans. Corp. v. Bill Me Later, Inc.*, No. 09–61903–CIV, 2010 WL 1882264, at *2 (S.D. Fla. May 11, 2010) (indicating that the Federal Circuit has not explicitly addressed this question). District Courts are split on the issue. *Compare EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp.2d 527, 532

(D. Del. 2011) (holding that a pleading for direct infringement is sufficient if it complies with Rule 84 and Form 18 of the Federal Rules of Civil Procedure) and *U.S. Gypsum Co. v. LaFarge N. Am., Inc.*, 508 F. Supp. 2d 601, 618–620 (N.D. Ill. 2007) ("A plaintiff is not required to expressly refer to the doctrine of equivalents in a complaint, alleging infringement and citing to [the statute prohibiting infringement] is sufficient.") *with Automated Transaction Corp.*, 2010 WL 1882264 at *2 (finding that the Federal Circuit has implied a requirement that a doctrine of equivalents claim be pled explicitly and allowing plaintiff to amend its complaint to do so) and *Macronix Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014) (recognizing the harm to defendants, courts have struck complaints for this type of insufficient pleading on the doctrine of equivalents) and *W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*, 778 F.Supp.2d 667, 675 (E.D.Va.2011) (questioning whether a bare-bones Form 18 pleading of direct infringement encompasses a claim under a doctrine of equivalents theory).

TeleSign urges this Court to side with those that reject DOE pleading requirements. As support, TeleSign points to <u>criminal and § 1983</u> Supreme Court cases. TeleSign's primary case, *Skinner v. Switzer*, dealt with a State prisoner's § 1983 suit who had been convicted of capital murder and sentenced to death. 562 U.S. 521 (2011). And *Johnson v. City of Shelby*, which TeleSign asserts is "even more clear and forceful," was about a group of former police officers who brought a suit against the city, alleging that they were terminated in violation of due process. 135 S. Ct. 346 (2014). These cases could not be further from the canons of patent law and do not relate to a judicially-created cause of action like DOE.

The better approach was adopted by *Automated Transaction Corp.*, in which the Court looked to two Federal Circuit cases for guidance (*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007); *Boss Control, Inc. v. Bombardier, Inc.*, 410 F.3d 1372, 1380 (Fed. Cir. 2005)). 2010 WL 1882264 at *2. In *Automated Transaction Corp.*, the Court found that the Federal Circuit

1  stated in *McZeal* that what is required in an infringement complaint "is notice of
2  what the alleged infringer must defend." *Id*. And that based on the reasoning in
3  *McZeal* the Plaintiff should be required to amend its Complaint in order to pursue
4  a claim for infringement by DOE because "the two different theories of
5  infringement must be included in a pleading to properly inform the alleged
6  infringer of what it must defend." *Id*.

7  Twilio respectfully requests that this Court also find that an accused
8  infringer be provided fair notice of the full scope of the patentee's infringement
9  accusations, and if a patentee intends to reply on the doctrine of equivalents to
10 prove infringement it must plead infringement under the DOE in its complaint.
11 Twilio further submits that in light of the recent rule changes on the bounds of
12 discovery, requiring a party to plead DOE in its complaint will help frame the
13 scope of discovery and prevent parties from springing DOE on parties at a later
14 date which would allow for unfettered discovery.

15 **CONCLUSION**
16 TeleSign has the ability to fix its complaint by either pleading additional
17 facts or specifically relying on FRCP 11(b)(3). Either way, the Court and the
18 defendant will benefit significantly from a properly pled case.

20 Dated: October 31, 2016                    Respectfully submitted,

                                              BAKER BOTTS L.L.P.

                                              */s/ Wayne Stacy*
                                              Wayne Stacy

                                              Attorney for Defendant
                                              TWILIO INC.