# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2106 PSG (SSx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | Telesign Corp. v. Twilio, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):    Order DENYING Defendant's Motion to Dismiss**

Before the Court is Defendant Twilio, Inc.'s motion to dismiss Plaintiff's First Amended Complaint ("*FAC*"). Dkt. # 42. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court DENIES the motion.

I.    <u>Background</u>

This is a patent infringement case involving a process most readily described as two-step identity verification. *FAC* ¶¶ 33-34. The process deters online fraud by allowing companies to verify the identity of their online users before the users "register" with the company or access restricted areas of the company's website. *Id.* The process involves three steps. First, the user provides the company with a telephone number. Second, the company sends a "verification code" to the telephone number provided. Third, the user enters the verification code into the company's website. *Id.* The process gives the company greater assurance as to the reliability of the received user information, and it provides better security for users who then receive notifications every time a "notification event" occurs on their account. *Id.* ¶ 34.

On March 29, 2016, the U.S. Patent Office issued Plaintiff Telesign a right, title, and interest in U.S. Patent No. 9,300,792 (the "792 Patent")—a patent that covers a "Registration, Verification and Notification System" like the two-step identity verification process above. *Id.* ¶¶ 17-18. Plaintiff alleges that two of Defendant Twilio's products—Authy and Twilio's 2FA Protection—infringe directly on the 792 Patent. *Id.* ¶¶ 67-106. Plaintiff also alleges that Defendant Twilio's "building block" applications, referred to collectively as REST API or Use Case APIs, induce indirect infringement of the 792 Patent. *Id.* ¶ 109. By offering these

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2106 PSG (SSx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | Telesign Corp. v. Twilio, Inc. | | |

"building blocks," Twilio allegedly allows developers at other companies to create customized two-step identity verification systems that infringe the patent. *Id.*

Plaintiff filed the original complaint in this case on March 28, 2016, alleging three causes of action for (1) direct infringement, (2) indirect infringement, and (3) willful infringement. *See generally Complaint*. On July 28, 2016, the Court granted Defendant's first motion to dismiss with leave to amend, raising concerns that Plaintiff had not provided Defendant with adequate notice of which of its products were at issue in the case. *See* Dkt. 39, at 3-4. Plaintiff subsequently filed an amended complaint, and Defendant now once again moves to dismiss. *See* Dkts. # 40, 42. In the motion, Defendant concedes that Plaintiff pled a cause of action for direct infringement under a theory of "literal infringement," but it asks the Court to dismiss any cause of action for direct infringement under a doctrine of equivalents theory. *See Motion to Dismiss* ("*Mot.*") 6-8. Defendant also moves to dismiss Plaintiff's indirect infringement action for failure to state a claim. *Id.* 8-12.

II.    <u>Legal Standard</u>

Defendant brings this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Although patent claims are normally governed by the law of the Federal Circuit, the rules for purely procedural matters, such as the Federal Rules of Civil Procedure, are governed by the law of the Ninth Circuit. *See K-Tech Telecommc'ns, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013) ("Because it raises a purely procedural issue, an appeal from an order granting a motion to dismiss for failure to state a claim upon which relief can be granted is reviewed under the applicable law of the regional circuit.").

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009). The Court, however, is not required to accept "legal conclusions . . . cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. After accepting all non-conclusory allegations as true and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 679-80. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2106 PSG (SSx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | Telesign Corp. v. Twilio, Inc. | | |

The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 663, 678.

III.   Discussion

Defendant raises two grounds for dismissal of the FAC.  First, Defendant argues that Plaintiff insufficiently pled a cause of action for direct infringement under the "doctrine of equivalents." *Mot.* 6-8.  Second, Defendant argues that Plaintiff insufficiently pled a cause of action for indirect infringement because Plaintiff failed to establish that Defendant acted with "specific intent."  The Court first addresses Defendant's direct infringement arguments and then turns to those related to indirect infringement.

A.   Direct Infringement

Direct infringement occurs when someone "without authority makes, uses or sells any patented invention[] within the United States during the term of the patent therefor."  35 U.S.C. § 271(a); *L.A. Gear, Inc. v. E.S. Originals, Inc.* 859 F. Supp. 1294, 1298 (C.D. Cal. 1994).  A patent owner may prove direct infringement under two theories: literal infringement or the doctrine of equivalents.  *See Energy Transp. Grp., Inc. v. Williams Demant Holding A/S*, 697 F.3d 1342, 1352 (Fed. Cir. 2012).  Literal infringement requires the patent holder to show that the "claim reads on the accused device exactly."  *See Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995).  In contrast, the doctrine of equivalents allows a patent claim to proceed if the two products "work in substantially the same way, and accomplish substantially the same result . . . even though they differ in name, form, or shape."  *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 35 (1997) (quoting *Machine Co. v. Murphy*, 97 U.S. 120, 125 (1878)).

In its motion to dismiss, Defendant does not dispute the sufficiency of Plaintiff's literal infringement allegations.  *See Opposition* ("*Opp.*") 6:23-24.  Rather, Defendant only asks the Court to determine whether Plaintiff must, in addition to asserting its direct infringement claim under a literal infringement theory, assert a claim under the doctrine of equivalents.  *See Reply* 2:18 ("The dispute is narrow at this point.").  Without the clarification, Defendant asserts that it will not have fair notice of the "full scope of the patentee's infringement accusations" and that Plaintiff will seek "unfettered discovery."  *Id.* 8:7-14.

District courts are split as to whether a patent owner must explicitly assert a cause of action for direct infringement under the doctrine of equivalents.  *Compare Probatter Sports, LLC v. Sports Tutor, Inc.*, No. 5-1975 VLB, 2015 WL 4390055, at *29-31 (D. Conn. July 15,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2106 PSG (SSx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | Telesign Corp. v. Twilio, Inc. | | |

2015) ("The nature of the infringement—whether literal or under the doctrine of equivalents—need not be pleaded.'"); *U.S. Gympsum Co. v. LaFarge N. Am., Inc.*, 508 F. Supp. 2d 601, 618-20 (N.D. Ill. 2007) ("A plaintiff is not required to expressly refer to the doctrine of equivalents in a complaint, alleging infringement and citing to [the statute prohibiting infringement] is sufficient."); *and Ferring B.V. v. Watson Laps, Inc.*, No. CV 11-481 RCJ (VPCx), 2013 WL 499158, at *13 (D. Nev. Feb. 6, 2013) ("Like the doctrine of negligence per se, the doctrine of equivalents is not a separately cognizable cause of action that need be (or can be) separately pled, but a legal theory that may aid a plaintiff in proving his claim."), *with Automated Trans. Corp. v. Bill Me Later, Inc.*, No. CV 9-61903 JIC, 2010 WL 1882264, at *2 (S.D. Fla. May 11, 2010) (finding that, although the Federal Circuit has not expressly addressed the question, the doctrine of equivalents must be pled explicitly).

In an attempt to clear up the confusion in the district court opinions, Plaintiff points to an equally cryptic passage in the Federal Circuit's recent opinion in *TecSec, Inc. v. Adobe Systems Inc.*, No. 2015-1686, 2016 WL 4394603, at *4 (Fed. Cir. Aug. 18, 2016). In *TecSec*, plaintiff did not mention the doctrine of equivalents until the district court raised a related issue *sua sponte*. *Id.* at *5. On appeal, defendant argued that plaintiff had "waived" the doctrine of equivalents by failing to assert it. *Id.* at *15. The Federal Circuit dismissed the "waiver" argument, holding that plaintiff had no obligation to assert the doctrine of equivalents when it was the court, and not defendant, that first prompted the issue. *Id.* Despite Plaintiff's best efforts to clarify the Federal Circuit's holding, *TecSec* is the equivalent of a Rorschach test. On the one hand, it counsels in favor of liberality in pleading direct infringement. On the other, it suggests that plaintiffs should amend their pleadings when defendant, and not the court, presses the issue.

Because the legal precedent is unclear, the Court turns to the principles underlying the Federal Rules of Civil Procedure and the doctrine of equivalents. Plaintiff points out that the doctrine of equivalents is a catch-all claim. *Opp.* 7:9-23. It allows Plaintiff to hold Defendant liable for direct infringement even if Plaintiff cannot show that the patented product and the infringing product are exact replicas. Under the doctrine of equivalents, the fact finder looks only to whether the products are, as the name suggests, functional equivalents. *See id.*; *see also Warner-Jenkinson Corp. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997) ("[A] product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claims elements of the patented intervention."). Because a claim under the doctrine of equivalents overlaps with a claim for literal infringement, Defendant has not shown why allowing the Complaint to proceed as is would needlessly multiply discovery. Plaintiff has already put Defendant on notice as to what products might infringe Plaintiff's patent. This is all

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-2106 PSG (SSx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | Telesign Corp. v. Twilio, Inc. | | |

that is required by Rule 8. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) ("[U]nder the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument."). At this point, only discovery can tell which, if any, of Plaintiff's theories of direct infringement will remain.

Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiff's direct infringement claim under the doctrine of equivalents.

B.   Induced Infringement

To state a claim of induced infringement, Plaintiff must allege (1) direct infringement by a third party, (2) that the alleged infringer intended to induce the third-party's infringement, and (3) that the alleged infringer knew of the patent and knew that the induced acts constituted patent infringement. *See* 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer."); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.").

Defendant contends that the FAC is inadequate because Plaintiff failed to show that Defendant had the "specific intent" to induce infringement. *Mot.* 8:27-28. In support of its argument, Defendant points to the limited scope of its "building block" programs, which do not instruct third parties on how to notify consumers when a "notification event" occurs on their account. *Id.* 9:1-17. Defendant argues that "a fact finder could not find in Telesign's favor because Telesign pleads no facts showing that customers practiced and that Twilio intended its customers to practice all claim elements in an infringing manner." *Id.* 10:8-12.

The Federal Circuit has already addressed and dismissed similar arguments. In *Bill of Lading*, defendants similarly argued that plaintiff could not establish specific intent because defendants had not instructed their customers to "perform all of the steps of the patented method" or because defendant's instructions were missing an "essential step" in the patented process. *See In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1340, 1342 (Fed. Cir. 2012). The Federal Circuit rejected the argument, finding that it imposed too strict a pleading standard on the complaint. *Id.* at 1341-42 ("[W]hile [defendants] are correct that to prove infringement of a method patent a plaintiff must show that every step of the method is performed in the claimed order, nothing in *Twombly* or *Iqbal* demands this level of factual specificity at the pleading stage."). The court explained that the factual analysis is

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-2106 PSG (SSx) | Date | November 7, 2016 |
|---|---|---|---|
| Title | Telesign Corp. v. Twilio, Inc. | | |

context-specific; "what is necessary is that facts, when considered in their entirety and in context, lead to the common sense conclusion that a patented method is being practiced." *Id.*

The FAC asserts specific intent by alleging that Defendant instructs its customers about how to infringe Plaintiff's patent. The FAC alleges that Twilio knew of Telesign's patent claims and continued to provide tutorials to customers to allow them to "perform infringing steps." *See FAC* ¶¶ 162-64, 174-75. Although Plaintiff does not recite every element of the patent and link each element to Defendant's building block programs, Plaintiff's allegations, construed in Plaintiff's favor, assert that Defendant's programs violate all aspects of the patent. For example, Plaintiff alleges that Defendant "instructs users to verify, notify, and register users" and "encourages users to use Authy and Twilio's REST API to verify and notify users of events to provide additional security." *Id.* ¶¶ 163, 174. Plaintiff also points to specific products to put Defendant on notice of the basis for the induced infringement claim. *Id.* ¶ 109. This is all that is required at this stage in the litigation.

The Court thus finds that Plaintiff's allegations are sufficient to reasonably infer specific intent. To be sure, the FAC does not expressly say which specific claims of which patents are infringed. But, as the Court already instructed the parties in *Telesign I*, *Bill of Lading* does not require Plaintiff to prove its case. There is enough here to support an inducement claim, and so the Court DENIES the motion to dismiss the induced infringement claims.

IV.    <u>Conclusion</u>

Given the above considerations, the Court DENIES Defendant's motion to dismiss the direct infringement and inducement claims in the FAC.

**IT IS SO ORDERED.**