Gary Miller (*pro hac vice*)
SHOOK HARDY & BACON L.L.P.
111 S. Wacker Dr.
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195
gmiller@shb.com

Jesse J. Camacho (*pro hac vice*)
Mary J. Peal (*pro hac vice*)
SHOOK HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Tel: (816) 474-6550
Fax: (816) 421-5547
jcamacho@shb.com
mpeal@shb.com

Tony M. Diab (SBN 277343)
Shook, Hardy & Bacon L.L.P.
Jamboree Center, 5 Park Plaza
Suite 1600
Irvine, CA 92614
Tel: (949) 475-1500
Fax: (949) 475-0016
tdiab@shb.com

Attorneys for Plaintiff
TeleSign Corporation

Sarah J. Guske
Baker Botts LLP
101 California Street Suite 3600
San Francisco, CA 94111
Tel: 415-291-6205
Fax: 415-291-6305
sarah.guske@bakerbotts.com

Wayne O. Stacy
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201-2980
Tel: 214-953-6678
Fax: 214-661-4678
wayne.stacy@bakerbotts.com

J.B. Schiller
Baker Botts LLP
1001 Page Mill Road Building One
Suite 200
Palo Alto, CA 94304
Tel: 650-739-7536
Fax: 650-739-7636
jb.schiller@bakerbotts.com

Attorneys for Defendant
Twilio Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESIGN CORPORATION,<br><br>       Plaintiff,<br>v.<br>TWILIO INC.,<br><br>       Defendant. | Case No. 2:16-cv-2106-PSG-SS<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Honorable Philip Gutierrez**<br><br>Date:  March 17, 2017<br>Time:  2:00 PM<br>Crtm:  6A |

**JOINT RULE 26(f) REPORT**

The Parties respectfully submit this Joint Report. Counsel for TeleSign and counsel for Twilio met and conferred telephonically on February 7, 2017 to discuss the topics contained in Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1.

## I.     L.R. 26-1 REQUIREMENTS

### A.     Complex Cases.

This patent infringement case is not complex and the procedures of the Manual For Complex Litigation (current edition) should not be utilized.

### B.     Motion Schedule.

**By TeleSign**:  The parties' Proposed Schedule, submitted as Appendix A, indicates the date by which TeleSign believes any dispositive or partially dispositive motions shall be made. Before *TeleSign I*[1] was stayed, the Court instructed the parties at a January 11, 2016 hearing to assemble a schedule that resulted in a January 2017 trial date. TeleSign's portion of the schedule in Appendix A applies a commensurate timeframe.

**Response to Twilio's comments below**. Despite Twilio's claim, TeleSign is not seeking two separate trials, etc. TeleSign is not opposed to a consolidation framework that avoids a *de facto* stay of this case, ("*TeleSign II*"). If this case is to be consolidated with *TeleSign I*, the consolidated case should not be stayed because there are too few issues that remain to be simplified via IPRs that justify a stay. Under the auspices of a simple consolidation, Twilio is actually vying to stay this case. Twilio bears the burden to show that a stay is justified and has not moved for a stay. Twilio's main basis for a stay has been that issues stand to be simplified because the Patent office might invalidate a large number, if not all, of the patent claims at issue. But things have changed. That is no longer a possibility. Five of Twilio's six attempts to

---

[1] *TeleSign Corp. v. Twilio*, Case No. 2:15-cv-03240-PSG-SS ("TeleSign I")

attack TeleSign's patents have failed.[2] The Patent Office 1) denied IPR institution of TeleSign's first patent (the '038 patent), 2) denied Twilio's corresponding rehearing request, 3) denied IPR institution of TeleSign's second patent (the '920 patent), 4) denied Twilio's corresponding rehearing request, and 5) recently denied Twilio's CBM (covered-business-method) patent-review request to invalidate the instant patent (the '792 patent) on Section 101 and obviousness grounds. The table below summarizes the claims asserted and those challenged in IPR:

| Patent | Claims unchallenged in IPR[3] | Claims challenged in IPR | Total Asserted |
|---|---|---|---|
| '920 | 22 | 0 | 22 |
| '038 | 22 | 0 | 22 |
| '034 | 23 | 11 | 34 |
| '792 (this case) | 1 (claim 9)[4] | 6[5] | 6 |
| Total | 68 of 84 | 17 | 84 |

Trial is inevitable. Given that the vast majority of the asserted claims are not challenged in post-grant proceedings, the issues cannot be simplified enough to eliminate trial on any of the patents. No matter what, 68 of 84 of TeleSign's claims stand unchallenged by Twilio. A certain amount of time and resources will need to be expended to address the issues associated with TeleSign's asserted claims. Only a marginal amount of additional resources will need to be expended to address *all* claims, and the prospect of possibly saving that marginal amount of time does not justify preventing any progress on any case.

The reasons that favor consolidation also favor advancing this case. Twilio argues that the instant patent (the '792 patent) is similar to two of the patents in *TeleSign I*. If that's the case, and given that the other two patents are not subject to any IPR proceedings, it cannot be the case that sufficient issues stand to be simplified

---

[2] This does not include Twilio's '792 IPR request, which the Office is expected to provide an institution decision on by March 15.
[3] Claims asserted but not challenged in any IPR
[4] This presumes Twilio's CBM petition is denied.
[5] The Patent Office has not yet decided whether to institute this IPR. A decision is expected by March 15, 2017.

to justify a stay. Addressing the issues of the non-IPR patents will inherently address many of the issues with the '792 patent. So little to no time stands to be saved by waiting for the '792 IPR request to run its course. It is precisely because the patents are similar that any consolidated case should proceed now.

The Patent Office is set to issue a final written decision by June 27, 2017 in the lone IPR that was instituted (which implicates only 11 of 34 claims). Thus, allowing a consolidated case to proceed now is justified in view of Rule 1 given that the unchallenged claims will need to be addressed in this litigation and Twilio cannot yet identify what remaining issues are purportedly left to be simplified to justify a stay, particularly against competitors where a risk of harm is present, as TeleSign has set forth in prior briefing.

TeleSign proposes handling the litigation in a way that accommodates potential findings by the patent office. For example, damages and infringement will—as is typically the case—be analyzed on a per-claim basis to accommodate the possibility that a small fraction of TeleSign's claims might—a big "might"—ultimately be found invalid. TeleSign strongly believes that none of its claims will be found invalid.

The Patent Office's analysis has not turned out the way Twilio predicted. In five of six attempts, the Patent Office has refused to even consider further invalidating any of TeleSign's claims. When Twilio first moved for a stay, it said "the Patent Office will get the final word on invalidity." *TeleSign I*, ECF 98 at 1:3-4. We now know that was inaccurate. TeleSign cautioned that granting a stay was premature because the Patent Office might not even institute IPRs on all of the patents. That is what happened. When TeleSign sought to lift the stay, Twilio argued that TeleSign's request was premature because—despite denying Twilio's petitions—the Board had not ruled on Twilio's rehearing requests. *TeleSign I*, ECF 132, pp. 4-5. It was not premature. Although the Court did not know the outcome of Twilio's rehearing requests at the time it denied lifting the stay, it now does: Twilio's rehearing requests were also denied. *TeleSign I*, ECF No. 142.

TeleSign requests that if this case is consolidated with *TeleSign I*, it not be stayed. If the Court contemplates possibly staying a consolidated case, TeleSign respectively requests full briefing. This report is not sufficient. When TeleSign sought to lift the stay in *TeleSign I*, Twilio requested full briefing by way of a noticed motion. *TeleSign I*, ECF No. 126. The Court granted that request. *TeleSign I*, ECF No. 127. TeleSign respectfully requests the same opportunity.

TeleSign respectfully requests that at least discovery be allowed to proceed in any consolidated case.

Besides the arguments TeleSign has argued to this Court (ECF Nos. 117, 125, 140), one court recently performed an in-depth statistical analysis regarding IPRs and their effect on stays, ultimately finding that "there are nontrivial, comparable odds that the IPR petition substantially simplifies these cases and that the IPR petition only minimally, if at all, simplifies the cases. Accordingly, the court concludes this factor is neutral." *Nat'l Prods. v. Arkon Res., Inc.*, No. C15-1984JLR, 2016 U.S. Dist. LEXIS 142744, *12 (W.D. Wash. Oct. 14, 2016). The same conclusion should be reached here, or that the IPRs are even less of an impact because only 20% of the claims are even subject to *inter partes* review.

**By Twilio**: Twilio requests this suit be consolidated with *TeleSign I*. Twilio's Motion to Consolidate will be before the Court on March 8, 2017.

**Response to TeleSign's Argument:** As shown above in TeleSign's four page brief, TeleSign is essentially asking this Court for **2** separate jury selections, **2** trials, **2** sets of dispositive motions, etc., on nearly identical patents. In an effort to save this Court's (and the parties) time and resources, Twilio requests this suit be consolidated with *TeleSign Corp. v. Twilio*, Case No. 2:15-cv-03240-PSG-SS ("*TeleSign I*"). *TeleSign I* is currently stayed pending completion of the instituted '034 IPR. (*See TeleSign I*, Dkt. 141 (Order Denying TeleSign's Application to Reopen Case).) A final written decision regarding the '034 patent is expected in June 2017, at which point Twilio proposes the parties return to this Court to discuss whether TeleSign

intends to appeal the final written decision.

Twilio additionally takes issue with TeleSign's accelerated schedule. (*See* Appendix A.) TeleSign's accelerated schedule is improper given the pending '792 IPR and pending '034 final written decision. As stated below, a decision regarding institution is expected by March 15, 2017. If the '792 Patent is instituted TeleSign's proposed schedule would improperly prejudice the parties by forcing potentially unneeded and unnecessary discovery on Twilio.

The important facts regarding consolidation are as follows:

- Both actions involves the same patent family, same asserted technology, and the same parties.
- Of TeleSign's 45 identified witnesses likely to have discoverable information in this suit, 44 are the same witnesses previously identified in *TeleSign I*.
- The '792 patent, the single patent asserted in this suit, is in the same patent family of <u>all</u> the asserted patents in *TeleSign I*.
- TeleSign accuses the same products in this case as in *TeleSign I*.
- The '792 patent contains substantial overlap of claim language, *identical* subject matter, and *identical* patent disclosure with the '920 and '038 patents asserted in *TeleSign I*. For example, here is a side-by-side comparison of the asserted '792 patent and the '038 patent asserted in *TeleSign I*:

| '038 (Claim 1[a]) | '792 (Claim 1[a]) |
|---|---|
| receiving, from a user, information responsive to at least part of a form that is presented to the user on a website, the received information including an electronic contact address associated with the user; | receiving, from a user, information via a computing interface presented to the user as a result of an attempt by the user to access a service, the received information including a telephone number associated with the user; |
| **'038 (Claim 1[b])** | **'792 (Claim 1[b])** |

| | |
|---|---|
| verifying the received electronic contact address, wherein verifying the received electronic contact address includes:<br><br>establishing a first telephonic connection with the user using the received electronic contact address;<br><br>communicating a first communicated verification code to the user through the first telephonic connection;<br><br>receiving a first submitted verification code after it is entered by the user via the website; and<br><br>verifying the received electronic contact address if the first submitted verification code is the same as the first communicated verification code; | verifying the telephone number by:<br><br>establishing a short message service (SMS) connection with the user using the received telephone number;<br><br>communicating a verification code to the user through the SMS connection;<br><br>receiving, via the computing interface, a submitted verification code that is entered by the user; and<br><br>verifying the telephone number if the submitted verification code is the same as the communicated verification code; |

Additionally, and in further support of consolidation, TeleSign has recently served its first sets of discovery requests (ROGs and RFPs) on Twilio. Many of the ROGs and RFPs seek the same information requested in *TeleSign I*. More concerning is the fact that TeleSign has included different ROGs and RFPs from *TeleSign I*. Thus, if this suit is not consolidated with *TeleSign I*, TeleSign will be receiving double the amount of discovery on the same patents and accused products.

As such, Twilio requests this suit be consolidated with *TeleSign I* and stayed at least until the completion of the '034 IPR. After completion of the '034 IPR Twilio recommends the parties return to the Court to discuss whether TeleSign intends to appeal the final written decisions issued by the PTAB. To the extent TeleSign does intend to appeal the PTAB's final written decision, Twilio recommends that during the remaining pendency of the IPR that the parties provide status updates every 90 days for the purposes of keeping the Court informed on the matters.

As an additional matter, Twilio has filed an IPR petition on the asserted '792

Patent. A decision on this matter is expected before April 1, 2017. If the IPR petition is instituted Twilio requests that the stay should extend through the resolution the matter given that the '792 Patent is essentially identical in patent disclosure, claim coverage, and accused products with patents asserted in *TeleSign I*.

C.   ADR Selection.

The parties received a Notice of the Court-Directed ADR Program. The parties currently believe that (1) this case is best-suited for private mediation; and (2) should occur at a mutually agreeable time.

D.   Trial Estimate.

**By TeleSign**:  TeleSign estimates a trial length of 5 days in this case.

**By Twilio**:  Assuming this suit is consolidated with *TeleSign I*, with four Asserted Patents, Twilio estimates ten court days for a jury trial.

E.   Additional Parties. The likelihood of appearance of additional parties.

The parties are not aware of any additional parties likely to appear in this case at this time.

F.   Expert Witnesses. The proposed timing of disclosures under F. R. Civ. P. 26(a)(2).

**By TeleSign**:  The parties' Proposed Schedule, submitted as Appendix A, indicates TeleSign's proposed timing of disclosures under F. R. Civ. P. 26(a)(2).

**By Twilio**:  It is Twilio's position this suit should be consolidated with *TeleSign I* and stayed pending completion of the pending IPR (*See* Section I.B. (Motion Schedule).) In any event, and given the proceedings on the patent families in multiple venues, there is no reason to accelerate this suit as TeleSign proposes.

II.   RULE 26(f) PROPOSED DISCOVERY PLAN

A.   What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

**By TeleSign**: TeleSign served its initial disclosures in this case on February 21, 2017.

**By Twilio**: Twilio served its Initial Disclosures on February 21, 2017 in accordance with Appendix A and the FRCP, but per section I.B. above, believes this suit should be consolidated with *TeleSign I* and stayed.

> **B.     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

**By TeleSign**: Discovery is likely to be needed on infringement, including induced and joint infringement, and validity of the patent. TeleSign does not believe that any discovery regarding Twilio's sixth affirmative defense (inequitable conduct) is necessary or proper, and in fact it would be improper to conduct discovery regarding the baseless allegations in Twilio's sixth affirmative defense. TeleSign has provided notice to Twilio detailing why it believes that Twilio's inequitable-conduct allegations are meritless, a declaration by Mr. Camacho, and a draft Rule 11 motion. The parties are conferring on this topic. The parties' Proposed Schedule, submitted as Appendix A, indicates TeleSign's proposed date for the completion of discovery.

**By Twilio**: As previously stated, it is Twilio's position that this suit should be consolidated and stayed with *TeleSign I*. (*See* Section I.B; *see also* Appendix A.) Additionally, while this is not the proper forum to discuss Twilio's affirmative defenses—Twilio's well-founded inequitable conduct allegations will require discovery.

> **C.     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties are negotiating an order regarding Electronically Stored Information for the Court's consideration, including agreements on the form or forms in which it should be produced.

> **D.     Any issues about claims of privilege or of protection as trial-**

> preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

The parties agree that discovery in *TeleSign I* and in this case can be shared across both cases.

**By TeleSign**: TeleSign intends to request entry of a Protective Order in this case that is substantially similar to the one governing *TeleSign I* (which includes a procedure to assert claims of privilege after inadvertent disclosures under Federal Rule of Evidence 502). The PO would memorialize the parties' agreement that discovery in either case can be shared across both cases.

**By Twilio**: Because this case should be consolidated with *TeleSign I* and stayed, the Protective Order in *TeleSign I* would apply. The parties incorporated Fed. R. Evid. 502 in that Order.

> E. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

**By TeleSign**: At this time, TeleSign does not propose changes. TeleSign's proposals herein are for this case. If this case were consolidated with others, TeleSign would work in good faith with Twilio on other limitations.

**By Twilio**: Because this suit should be consolidated, it is Twilio's position that there should be a single set of discovery limits that apply to both cases consistent with the limits for a single case under the Federal Rules of Civil Procedure. Additionally, Twilio requests that the deposition limits set forth in FRCP 30 for fact witnesses be altered to 70 hours per side in the consolidated case.

> F. **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

**By TeleSign**: The parties intend to submit a proposed Protective Order in this case. The Court should enter a Scheduling Order under Rule 16(b) based on TeleSign's proposed dates in the parties' Proposed Schedule, submitted as Appendix

1  A.  If Twilio seeks discovery of TeleSign's litigation counsel, the Court should consider the entry of a Protective Order under 26(c) to preclude Twilio from accessing privileged communications without sufficient bases to do so.

**By Twilio**:  26(c): There is currently a protective order in place that was previously entered between the parties in *TeleSign I*. Because the cases should be consolidated, the *TeleSign I* protective order should stand in both cases. In fact, TeleSign proposes the same protective order in this case.

16(b): As previously stated above in Section I.B., it is Twilio's position this suit should be consolidated and stayed with *TeleSign I*. Once the pending IRP activity is concluded then a scheduling order should be entered, until then, all of TeleSign's proposed dates are premature. Additionally, TeleSign has proposed a schedule for narrowing issues that apply only to this case. (*See* Appendix A.) If this case proceeds on its own, there is no pressing need to have such restrictions or the accelerated schedule as proposed by TeleSign.

16(c): Twilio respectfully requests that the Court consider the issue of consolidation and stay with *TeleSign I* at the conference (*See* Section I.B.) Additionally, to the extent this suit is not consolidated with *TeleSign I*, Twilio respectfully requests that the Court not permit TeleSign's accelerated case schedule. (*See* Appendix A.)

G.  **Proposed Schedule.**

The parties' joint Proposed Schedule is submitted herewith as Appendix A.

H.  **Misc.**

1.  **Other Stipulations**

Unless expressly prohibited by the Federal Rules of Civil Procedure, the Central District of California Local Rules, and/or this Court's orders, the parties agree, pursuant to Rule 5(B)(2)(E), that service of all pleadings, discovery requests and responses, motions, notices, and other materials required to be served may be effected

by email to then-current counsel of record for the party to be served for such purpose.

The parties further agree that they shall not be required to log privileged communications dated on or after April 30, 2015, which is the date TeleSign filed its original complaint against Twilio in *TeleSign I*.

## 2. Magistrate Judge

The parties do not presently consent to proceed before a Magistrate Judge for all proceedings, including trial. The parties, however, are amenable to referring certain issues to Magistrate Judge Segal.

Dated: March 3, 2017

By: */s/ Mary Jane Peal*

Jesse Camacho (*pro hac vice*)
(jcamacho@shb.com)
Gary Miller (*pro hac vice*)
(gmiller@shb.com)
Mary Jane Peal (*pro hac vice*)
(mpeal@shb.com)
Tony Diab (SBN 277343)
(tdiab@shb.com)
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614
Telephone: 949.475.1500
Facsimile: 949.475.0016

Attorneys for Plaintiff
TELESIGN CORPORATION

Date: March 3, 2017

By: */s/ Sarah J. Guske*

Sarah J. Guske
(sarah.guske@bakerbotts.com)
Wayne O. Stacy
(wayne.stacy@bakerbotts.com)
J.B. Schiller
(jb.schiller@bakerbotts.com)
Baker Botts LLP
101 California Street Suite 3600
San Francisco, CA 94111
Tel: 415-291-6205
Fax: 415-291-6305

Attorneys for Defendant
TWILIO INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Attestation Regarding Signatures**

I, Mary Jane Peal, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


Dated:  March 3, 2017                              By:   */s/ Mary Jane Peal*
                                                              Mary Jane Peal