# EXHIBIT A

| | |
|---|---|
| **From:** | Miller, Gary M. (SHB) <GMILLER@shb.com> |
| **Sent:** | Thursday, March 02, 2017 8:21 AM |
| **To:** | Stacy, Wayne |
| **Cc:** | Camacho, Jesse (SHB) |
| **Subject:** | TeleSign v Twilio II |

Wayne,

Following up on our conversation after the hearing yesterday:

1. Discovery Responses. You asked for a 30 day extension of Twilio's time to answer our initial written discovery requests in TeleSign II. You said this is a routine request for a professional accommodation, which Twilio will reciprocate if TeleSign requires additional time to respond to Twilio's discovery requests. You also that Twilio will not attempt to use our agreement to this extension to argue that TeleSign agrees discovery in TeleSign II should be delayed pending developments in TeleSign I or w/r/t the IPRs. I made clear we do not agree to that. Based on our conversation, we agree to your request for a 30 day extension.

2. Consolidation. You said Twilio intends to file a motion asking the Court to consolidate TeleSign I and TeleSign II. As I said, we agree that consolidation may make sense at some point. We are concerned, however, that consolidation at this stage could be used by Twilio as a basis to argue that discovery in TeleSign II should be stayed in light of the stay in TeleSign I. We want to move forward with discovery in TeleSign II and so could not agree to consolidation if that would prevent such discovery. We would support consolidating the two cases now if Twilio will agree to jointly ask the court to lift the stay in TeleSign I. Given that discovery in TeleSign I will certainly move forward at some point since Twilio's two IPR petitions going to the 2FA patents were denied, we think lifting the stay to allow coordinated discovery with Telesign II makes sense. We will set forth our position in the Rule 26 report.

Gary

Mail Gate made the following annotations on Thu Mar 02 2017 10:21:15

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.