# EXHIBIT B

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

Twilio Inc.
Petitioner

v.

TeleSign Corporation
Patent Owner

_____

Case IPR2016-00360
Patent No. 7,945,034 B2
_____

**PATENT OWNER'S CONTINGENT MOTION TO AMEND
UNDER 37 C.F.R. § 42.121**

791643

# TABLE OF CONTENTS

Contents

TABLE OF CONTENTS ........................................................................ i

I.    INTRODUCTION ....................................................................... 1

II.   THE SUBSTITUTE CLAIMS DO NOT EXPAND THE SCOPE OF THE
      CLAIMS ............................................................................... 2

III.  THE SUBSTITUTE CLAIMS ARE SUPPORTED BY THE ORIGINAL
      DISCLOSURE OF THE '034 PATENT. ............................................... 6

IV.   THE SUBSTITUTE CLAIMS ARE PATENTABLE OVER THE PRIOR
      ART ................................................................................... 8

      A.    CLAIM CONSTRUCTION ................................................... 8
      B.    THE    CLAIM    AMENDMENTS    OVERCOME    THE
            ASSERTED GROUNDS OF UNPATENTABILITY ...................... 14
            1.    The prior art of record does not teach or suggest
                  registering the user "based on" the phone carrier of the
                  telephone number. ................................................. 15
            2.    Nguyen does not teach determining the contracting
                  carrier, and there was no apparent reason to combine
                  Nguyen and De Petris to do so. ................................. 17
            3.    Nguyen and De Petris use different databases for a
                  different purpose than the substitute claims. ................ 18
            4.    Nguyen, De Petris, and Singhal do not teach or suggest
                  the elements of substitute claim 36 ............................ 21
            5.    Nguyen, De Petris, and Singhal do not teach or suggest
                  adding a telephone number and determined telephone
                  number characteristics as recited. ............................. 22

6.      Nguyen, De Petris, and Singhal do not teach or suggest
        determining whether the telephone number is associated
        with a voice over internet protocol telephone..........................23

V.     CONCLUSION............................................................................ 24

CLAIM LISTING (With Changes Marked) ....................................................... xxvi

CLAIM LISTING (Clean) ................................................................................ xxxix

## I.    INTRODUCTION

Without diminishing the weight of Patent Owner's arguments, should claim 1 be found unpatentable, Patent Owner moves to cancel claim 3 and substitute claims 35-47 for claims 1, 2, and 4-14 as follows.[1]

| Original Claim | Substitute |
|---|---|
| 1 | 35 |
| 2 | 36 |
| 14 | 37 |
| 4 | 38 |
|  |  |

| Original Claim | Substitute |
|---|---|
| 5 | 39 |
| 6 | 40 |
| 7 | 41 |
| 8 | 42 |
|  |  |

| Original Claim | Substitute |
|---|---|
| 9 | 43 |
| 10 | 44 |
| 11 | 45 |
| 12 | 46 |
| 13 | 47 |

In compliance with 37 C.F.R. § 42.121, the substitute claims do not broaden the scope of the claims and the original disclosure supports each proposed substitute claim. For at least the following reasons, the substitute claims are patentable over all prior art of record.[2] *Idle Free Sys. Inc. v. Bergstrom Inc.*,

---

[1] A "to confer" call was held with the Board on September 6, 2016, during which Judge McGraw orally approved the filing of a motion to amend.

[2] As used herein, "prior art of record" includes material art in the prosecution history of the '034 patent, material art of record in this IPR proceeding, material art of record in any other proceeding before the Office involving the '034 patent (there have been none), and any material prior art known to Patent Owner that would be

IPR2012-00027 Decision Motion to Amend Claims, Paper 26, June 11, 2013; *MasterImage 3D, Inc. v. Reald Inc.*, IPR2015-00040 Order Conduct of Proceedings, Paper 42, July 15, 2015 (Precedential). Under current case law, Patent Owner bears the burden of persuasion that substitute claims are patentable over all prior art of record. *Id.* The propriety of requiring the Patent Owner to prove patentability is the subject of an *en banc* review by the United States Court of Appeals for the Federal Circuit. *In re: Aqua Products, Inc.*, Order Granting Rehearing *En Banc* at pp. 2-3, No. 2015-1177 (Fed. Cir. Aug. 12, 2016). Patent Owner respectfully submits that the burden of proving a proposition of unpatentability properly rests with the Petitioner and respectfully objects to being required to carry its current burden. 35 U.S.C. § 316(e).

## II.    THE SUBSTITUTE CLAIMS DO NOT EXPAND THE SCOPE OF THE CLAIMS

Substitute claim 35 retains or narrows all elements of claim 1, as follows:

35.    A process for telephonically registering a user over one or more communication networks through determining characteristics of a telephone number, comprising the steps of:

---

disclosed pursuant to Patent Owner's duty of candor and good faith to the Office, in light of this Motion to Amend (there is none). *MasterImage*, IPR 2015-00040, Paper 42 at pages 2-3.

[1A] receiving a telephone number;

[1B] **querying an electronic database to** electronically **determine** ~~determining~~ the type of phone **associated with the telephone number**, the phone carrier **of the telephone number** and geographic characteristics associated with the telephone number;

[1C] connecting to a telephone associated with the telephone number through at least one of the communication networks;

[1D] communicating a verification message with the telephone over at least one of the communication networks; and

[1E] registering the user through at least one of the communication networks based on the type of phone **associated with the telephone number**, the phone carrier **of the telephone number**, the geographic characteristics associated with the telephone number and the verification message.[3]

The Institution Decision construed the term "phone carrier . . . associated with the telephone number" to "encompass both the phone carrier that is the contracting carrier as well as a phone carrier that routes a telephone call for a telephone number." *See*, Paper 18 (June 28, 2016) at page 8 (hereinafter, the "Institution Decision").  "[T]he phone carrier **of the telephone number**" refers to

---

[3] The labels [1A]-1[E] have been added for ease of reference.

3

the "contracting carrier[4]," not a phone carrier who routes a call for a telephone number but is not the contracting carrier.[5] As such, this proposed amendment retains and/or narrows the potential Broadest Reasonable Interpretation (BRI) of the claim element from two possible kinds of phone carriers (i.e., the routing carrier of a call or the contracting carrier of the number) to one kind of phone carrier (i.e., the "contracting carrier").

The proposed amendment also confirms that each of "the phone type" and "geographic characteristics" are still "associated with the telephone number." Thus, the amendment "the type of phone **associated with the telephone number**" maintains the original scope of this claim element by retaining this feature. The same changes are made in element 1[E] to maintain proper antecedent basis.

---

[4] The term "contracting carrier" is used herein only for consistency with the cited portion of the Institution Decision and to help simplify the issue of contrasting it with the routing carrier, which can be different. The term is not meant to imply that a one-year, two-year, or any similar customer obligation necessarily exists with a carrier. Instead, this is a more general term that refers to a specific company's obligation to provide service, even for phones such as burner phones, prepaid phones, VoIP service, etc. that do not require contracts like the one- and two-year subscriber agreements that are common today.

[5] See Section IV (A), below.

The addition of "querying an electronic database" in element 1[B] specifies how the recited phone-number characteristics are determined, and, therefore, maintains or narrows the scope of the original claim element, "electronically determining."

Substitute claims 36-47 depend, directly or indirectly, from substitute claim 35. As such, the changes in claim 35 similarly maintain or narrow the scope of substitute claims 36-47.

Substitute claim 36 retains or narrows all elements of claim 2, as follows:

36. (Proposed Substitute for claim 2)  The process of claim ~~1~~ **35**, including the step of creating or providing access to **the** ~~an~~ electronic database**, wherein the electronic database contains** ~~containing~~ a plurality of telephone numbers, and characteristics of each of the telephone numbers.

Substitute claim 36 expressly refers to "the electronic database," that is, the electronic database of substitute claim 35. This maintains or narrows the scope of original claim 2, which recited "an electronic database".

Substitute claim 37 retains or narrows all elements of claim 14, as follows:

37. (Proposed Substitute for claim 14) The process of claim ~~2~~ **36**, including the step of adding a telephone number and determined telephone number characteristics**, including the type of phone associated with the added telephone number, the phone carrier of the added telephone number and geographic**

5

**characteristics associated with the added telephone number,** to the **electronic** database.

Substitute claim 37 provides a non-exclusive list of characteristics added to the database. This maintains or narrows the scope original claim 14, which recited adding determined telephone number characteristics to the database.

Substitute claim 38 retains or narrows all elements of claim 4, as follows:

38.    (Proposed Substitute for Claim 4) The process of claim ~~1~~ **35**, wherein determining the phone type characteristic comprises determining whether the telephone number is associated with a ~~landline telephone, cellular telephone, or a~~ voice over internet protocol telephone.

Proposed substitute claim 38 reduces the recital by two types of characteristics. As such, substitute claim 38 narrows claim 4 from three possible, allegedly independent telephone number types to a single telephone number type.

**Substitute claims 39-47** read the same as claims 5-13, respectively, except for the difference in claim dependency.

## III.    THE SUBSTITUTE CLAIMS ARE SUPPORTED BY THE ORIGINAL DISCLOSURE OF THE '034 PATENT.

Each of the proposed substitute claims are supported by the original disclosure of the '034 patent. EX1012 is a copy of the as-filed application leading

to the '034 patent. The following references to the specification are meant to be exemplary rather than exhaustive.

**Substitute claim 35** recites a process for telephonically registering a user over one or more communication networks through determining characteristics of a telephone number. EX1012 at ¶¶ 6-14, 44-51, 53-59, FIGs. 8-10.  The process comprises:

[1A] receiving a telephone number (EX1012 at ¶¶ 6, 45, Step 800 of FIG. 8, Step 902 of FIG. 9, Step 1002 of FIG. 10);

[1B] querying an electronic database to electronically determine determining the type of phone associated with the telephone number, the phone carrier of the telephone number and geographic characteristics associated with the telephone number (EX1012 at claim 1 (p. 20); Abstract; ¶¶ 6, 8, 10, 11, 12, 44, 46-51, 54, 59);

[1C] connecting to a telephone associated with the telephone number through at least one of the communication networks (EX1012 at ¶¶ 27, 32, 35, 38, 43, 56);

[1D] communicating a verification message with the telephone over at least one of the communication networks (EX1012 at ¶¶ 32, 35, 36, 9, 42, 43, 56,); and

[1E] registering the user through at least one of the communication networks based on the type of phone associated with the telephone number, the phone carrier

7

of the telephone number, the geographic characteristics associated with the
telephone number and the verification message (EX1012 at ¶¶ 4, 6, 10, 11, 12, 44,
50, 51, 53-56, 59).

Additionally the following support is indicated for each claim:

| Substituted claim | Support (from the as-filed application) |
|---|---|
| 36 | EX1012 ¶¶ 8-9, 46-47, and 59; see also support for 1[E]. |
| 37 | EX1012 at ¶¶ 9, 59 |
| 38 | EX1012 claim 4 (p. 20) and ¶¶ 47-52, 59. |

**Substitute claims 39-47** read the same as claims 5-13, respectively, except
for the difference in claim dependency.  Therefore, there are no changes for which
written support need be identified.

## IV.    THE SUBSTITUTE CLAIMS ARE PATENTABLE OVER THE PRIOR ART

### A.    CLAIM CONSTRUCTION

**"[t]he phone carrier of the telephone number."**  Substitute claim 35
recites *querying an electronic database* to electronically determine . . . *the phone
carrier of the telephone number*. As amended, the term "the phone carrier" now
expressly refers to "the phone carrier **of the** telephone number."  Patent Owner
argued in its Preliminary Response that the original recital ("the phone carrier . . .
*associated with* the telephone number") referred to what the Board calls the

8

"contracting carrier." Institution Decision, p. 7. One of Patent Owner's arguments was that the specification refers to the recited phone carrier as being the carrier "of the" telephone number. Ex. 1001 at Abstract, 2:13-14, 8:17-59. In rejecting that argument and indicating that the Board perceived a difference between "associated with" and "of the" when modifying "phone carrier," the Institution Decision noted that original claim 1 does not recite "of the" telephone number. Institution Decision, p. 7. Substitute claim 35 now does, which even more clearly confirms that what is being referred to in claim 35 is the contracting carrier. Similarly, Dr. Shamos's assertions that "associated with" did not modify or restrict "the phone carrier" are now no longer applicable given the amendments in claim 35.

In claim 35, the definite article "the" precedes "phone carrier" both times it is used. It does so in addition to the "the" preceding "type of phone." Thus, the claim recites "the" phone type and "the" phone carrier. This makes clear that a definite and specific carrier is being referred to; namely the contracting carrier. EX2027 ¶¶ 8.12, 8.20, 8.30, 20.4.

Moreover, claim 35 recites querying an electronic database to electronically determine the recited attributes. This further indicates that "the phone carrier" refers to the contracting carrier in view of the specification because it clarifies that the carrier that is identified is not identified by way of examining attributes of a live call, but by querying a database that stores a relationship that exists

9

independent of any call.  EX2027 ¶ 20.3. The specification discloses providing a database that is useable to query to determine the phone-number characteristics. EX1001 at 2:29-34. The specification explains: "Within the database, for every given telephone number, fields are *associated with* the telephone number to indicate the type of phone (wireless, landline, VOIP, etc.), *carrier*[.]" This is referring to the carrier obligated to provide service to the phone number, the contracting carrier.

Dr. Nielson explains his bases for concluding that the original "the phone carrier…associated with the telephone number" referred to the contracting carrier. All of his rationale applies with even greater force given the proposed amendment. EX2027 §8, ¶ 20.2. For example, the fact that claim 35 never refers to "a" carrier, but only "the" carrier would convey to a skilled artisan that it is referring to the contracting carrier.  EX2027 ¶¶ 20.4, 8.13.  The fact the claim refers to the carrier of the phone "number" (as opposed to "call") further confirms that it refers to the contracting carrier.  EX2027 ¶¶ 20.5, 8.12. Each time "the phone carrier" is used, a skilled artisan would understand the wording to indicate that the relevant association is with the telephone "number," not a "call." Thus, claim 35 further implicates the contracting carrier.  EX2027 ¶¶ 20.5, 8.14.  There is no example of ever determining the routing carrier in the '034 patent.

Extending the scope of "the phone carrier . . . of with the telephone phone number" to the routing carrier is inconsistent with the specification. EX2027 ¶¶ 20.6, 8.18-8.30. The routing carrier can be different from the contracting carrier. Despite the possibility that a carrier such as Vonage, for example, might team or partner with other companies to actually route calls, it's the determination that Vonage is the phone carrier of the telephone number that matters in the context of the '034 patent. EX2027 ¶ 8.2. Specifically, the specification describes making distinctions between carriers such as Skype, a cable company, Vonage, and Lingo. EX1001 at 8:45-59. Those are the contacting carriers. This is not a mere example. It is illustrating the point that the relationship with the contracting carrier is what is significant. EX2027 ¶¶ 8.25-8.30.

The phone carrier *of the telephone number* helps assess the risk of fraud in the form of a fake website registration. So the claimed registration would be based on the phone number being that of telephone "numbers" (not calls) and not based on transiently used companies that helps route calls. EX1001 at 8:45-59. Other carriers may require equipment to place a VoIP call, or may even provide a "fixed VOIP number," such as a VoIP number assigned to a person by a cable company. EX1001 at 8:50-55.

As Dr. Nielson further confirms: the contracting carrier is a significant choice for the scheming defrauder. EX2027 ¶¶ 8.25, 8.29. Some contracting

carriers require identification, a credit check, and other interactions that defrauders shun. EX2027 ¶ 8.27. Others do not, such as those providing pre-paid phones, which would be desirable for those who wish to remain less traceable. EX2027 ¶ 8.27. Hence, the specification's concern with different carriers (e.g., Skype, Lingo, Vonage) or those that would use prepaid cellular phones. EX1001 at 8:45-59.

Determining the routing carrier is completely dissimilar. Unlike any of these other examples, the routing carrier is not chosen by the defrauder. EX2027 ¶ 8.29. When the defrauder uses his or her phone, which carriers receive, route, and forward the call are controlled by the telecommunications network. EX2027 ¶ 8.29. The good users and the bad users all get the same service at the routing level. Therefore, the routing carrier is not useful in distinguishing fraudulent users. EX2027 ¶ 8.29. Thus, the goal of claim 35 is to identify the contracting carrier, not the routing carrier.

**"registering…*based on*."** Claim 35 further requires "registering the user *based on* . [the recited items]." Registering the user based on the phone carrier of the telephone number should be interpreted to mean using [the recited items] as criteria or factors when storing user-specific data. The Petition contemplates "registering" as meaning storing using-specific data. Petition at pp. 15, 22, and 47.

As to "based on," the entire point of determining the phone-number characteristics in the '034 patent is to consider them when registering to help detect

fraud. EX1001 at 1:52-63; 7:37-41; 9:26-29; 9:14-16; 9:23-25; 9:48-49; EX2027 ¶¶ 7.8-.14). User information is stored differently based on the recited characteristics, for example, some are not flagged as fraudulent, some are. EX1001 at 9:49.

Dr. Shamos, in his deposition, stated that it is not logically correct to say that a determination is based on something that is not a factor in that determination (EX2025 at 51:21-52:4):

This comports with common usage of the phrase "based on." EX2027 ¶ 7.8. "Based on" should not be equated with "determining" which is a separate step 1[B]. EX2027 ¶¶ 7.14-7.18. The concept of considering as a factor or criteria is borne out in Nguyen as well, which lists criteria and requires during its registering steps (235-245). Ex. 1003 at 9:52-10:2. Registering, as in the original claims, means storing user-specific data.

**B.    THE CLAIM AMENDMENTS OVERCOME THE ASSERTED GROUNDS OF UNPATENTABILITY**

Without waiving its aforementioned objection to bearing the burden to show patentability, given the current case law, Patent Owner submits the following rationale for the patentability of the substitute claims.  Even if the individual elements of a claim were known (which is not this case), the obviousness inquiry requires a determination of "whether there was an apparent reason to combine the known elements in the fashion claimed".  *KSR International Co. v. Teleflex, Inc.*, 550 U.S. 398, 418 (2007).  The patent under consideration cannot be used as a "roadmap" to assemble teachings from different references, as this has "the insidious effect of a hindsight syndrome wherein that which only the inventor taught is used against its teacher."  *Zoltek Corp. v. United States*, 815 F.3d 1302, 1313 (Fed. Cir. 2016) (citations omitted).

In the context of the '034 patent, one of skill in the art would have at least an undergraduate degree in computer science, or equivalent experience, and in addition would be familiar with Internet communications and accessing databases. *Accord*, Petition, pp. 9-10.

Substitute claims 35-47 retain or narrow all elements of the original claims, which were found to be patentable over the art of record prior to the initiation of this IPR.  As such, substitute claims 35-47 are patentable over the prior art of

14

record, prior to the filing of the Petition for IPR, for at least the same reasons as the original claims they would replace.

With regard to the art cited in the Petition, **substitute claim 35** recites, in part, *querying an electronic database* to electronically determine *the phone carrier of the telephone number*. With regard to claim 1 (unamended), the Institution Decision asserted that the recited phone carrier "may refer to the carrier that is providing service to the number at that time as well as the contracting carrier." Institution Decision at 8. But now, as described above, substitute claim 35 should be construed to refer to the phone carrier of the telephone number, or what the Institution Decision refers to as the contracting carrier. Institution Decision at 7.

      **1.**      **The prior art of record does not teach or suggest registering the user "based on" the phone carrier of the telephone number.**

As explained below, Nguyen does not teach determining the contracting carrier of a phone number, as the phone carrier is not necessary to the practice of Nguyen.  But even if a contracting carrier were incidentally identified in the art, none of the art of record discloses registering a user "based on" that contracting carrier.  Determining a phone carrier is not the same as registering based on the phone carrier.  This is apparent in claim 35, which recites both steps separately, in the elements labeled 1B and 1E.  As explained, the BRI of this term means:  **using [the recited items] as criteria or factors when storing user-specific data**.  But

Nguyen does not list the contracting carrier among its registration criteria or requirements. Ex 1003 at 9:53-10:2. This makes sense because there is no reason Nguyen would need to consider a carrier when storing user-specific data. EX2027 § 12. And De Petris and Singhal do not mention or allude to using a contracting carrier as a criterion when storing user specific data.

Another indication that this element is not taught in the art is the lack of analysis provided by the Petitioner even though this element contributed to the original claims being allowed. EX2002 p.4. The Petition mentions this on its first page, but offers only 7 sentences to allege that Nguyen teaches or would be modified to register a user based on the phone carrier. Petition, pp.46-47. None of those 7 sentences actually makes an argument for "based on" separate from "determining," or possibly being a requirement as part of an overall process. But as explained above and as illustrated by Dr. Shamos's testimony, that is not sufficient. Even if a contracting carrier were necessarily determined (though it is not), that would not be any more relevant to showing "based on" than demonstrating that power to Nguyen's servers is required. Those seven sentences do not cite to any teaching in the prior art of using the phone carrier of the telephone number as a criterion or factor when storing user-specific data. A missing claim element cannot be argued into the art. *Arendi S.A.R.L. v. Apple Inc.*, No. 2015-2073, slip op. at 9 (Fed. Cir. 2016).

### 2. Nguyen does not teach determining the contracting carrier, and there was no apparent reason to combine Nguyen and De Petris to do so.

In asserting that Nguyen teaches determining the contracting carrier, the Petition relied on inherency: "In order to access the phone carrier's database, the game server must first determine the phone carrier associated with the telephone number." Petition, p. 31. See also Institution Decision, pp. 11-12. However, this assertion is inaccurate. As of 2004, databases existed that correlated phone numbers to registered addresses. EX2027 ¶¶ 12.14-12.19, §13. Databases such as www.anywho.com could provide this information based on a telephone number without knowing the carrier of the telephone number. EX2027 ¶¶ 12.14-12.19, §13. Dr. Shamos acknowledges the existence of such databases. Ex. 2025 at 87:14-8:16. Nguyen could have used this sort of carrier-independent database. In fact, skilled artisans would have preferred doing so. EX2027 ¶ 13.7. Thus, Nguyen does not disclose identifying the carrier of a telephone number at least because it is not inherent and there was no need to do so to practice the invention of Nguyen.

Even accepting that Nguyen teaches determining the carrier of a particular telephone call, which Patent Owner expressly does not concede, it not the case that Nguyen determines the contracting carrier of the telephone number. The Petition alleges that Nguyen must know the carrier information to submit a location request in order to locate a phone and thus a player. Petition at pp. 28-29. But Nguyen

explains the location information can be provided without knowing the carrier of
the telephone number. As described in Nguyen, for example, the location
information can be "forward[ed]" to the gaming system in "much the same way" as
it would be passed to an emergency dispatcher. EX1003 at 12:39-41. Skilled
artisans would not have been motivated to determine the phone carrier of the
telephone number. EX2027 §12, particularly ¶ 12.47. The Petition asserts that De
Petris teaches determining the phone carrier associated with a telephone number.
Petition at p. 32. However, Patent Owner has demonstrated that there is no need or
incentive for Nguyen to determine the carrier in the first place. Thus, absent such
need or incentive, there was no apparent reason to combine Nguyen with De Petris,
because the only potential or purported reason was to identify a carrier, which is
not necessary or desired (as it would, for example, complicate Nguyen, require
additional resources, and create more opportunities for failure). EX2027 ¶¶ 12.51,
§14. Even accepting the Petition's characterization of De Petris (which Patent
Owner does not concede is accurate), there was no reason to combine De Petris
with Nguyen in the fashion claimed, as explained in even more detail below.

### 3.     Nguyen and De Petris use different databases for a different purpose than the substitute claims.

Nguyen states that a user's registered address may be checked by
referencing a database, such as a database of telephone numbers and associated
addresses. EX1003 at 9:2-7. But Nguyen does not contemplate querying an

electronic database to determine the phone carrier of the telephone number for example. As just explained, Nguyen would likely search a carrier-independent database to check registered-address information.

De Petris teaches creating and using a database containing an identifier it assigns to a mobile telephone carrier and telephone prefixes associated with that carrier. *See*, EX1005 at [0035] and [0044]. Singhal teaches the use of customer, system, and transaction databases. EX1006 at [0052] and [0057-61]. The databases may store customer information such as caller ID, name, e-mail address, PIN, a "system A ID" and corresponding user ID, and set time for the password. *Id.* at [0059]. None of Nguyen, De Petris, and Singhal contemplates querying an electronic database to electronically determine the type of phone associated with the telephone number, the phone carrier *of a telephone number* and geographic characteristics associated with the telephone number.

Further, when De Petris checks a database of carrier and retailer information, the purpose is to locate a *phone* at a particular time.  EX1004 at [0044]. The phone serves as a proxy for the owner of the phone. *Id.* at [0046] (if a user has multiple phones, additional numbers may be checked if the location of the first phone does not match the location of the retailer).  De Petris is locating the owner of the phone as a way of authenticating an individual conducting a transaction. *See*, *id.* at [0007-0009]. One of skill in the art would not look to De Petris to determine

characteristics *of the telephone number*. De Petris does not characterize *the telephone number*, and there was no apparent reason for De Petris to do so. *See,* EX2027 ¶ 17.3.

De Petris is not relevant for many of the same reasons Nguyen's log-in of Figure 3 is not relevant (there, a player's *current* location is determined). *See,* EX1003 at Abstract; steps 315 and 320 of FIG. 3; step 420 of FIG. 4; 1:51-54; 2:5-11; 2:37-41; 2:65-3:2; 3:24-31; 3:44-47; 3:65-4:10; 4:26-35; 5:15-18; 5:40-50; 10:31-40; 10:46-13:7 (all associating location determination with initiating a gaming session, as addressed in the log-in process of Fig. 3); and 9:5-7; 9:65-67 (discussing the separate verification portion of the registration process of Fig. 2). Substitute claim 35 recites registering the user based on the type of phone associated with the telephone number, the phone carrier *of the telephone number*, the geographic characteristics associated with the telephone *number* and the verification message, distinguishing it from the log-in process of Nguyen's Figure 3 and the location determining process of De Petris.

As such, neither Nguyen alone nor in combination with Singhal and De Petris teaches or suggests querying an electronic database to electronically determine the type of phone associated with the telephone number, the phone carrier of the telephone number and geographic characteristics associated with the telephone number, as recited in substitute claim 35.

### 4. Nguyen, De Petris, and Singhal do not teach or suggest the elements of substitute claim 36

**Substitute** claim 36 further recites creating or providing access to the electronic database, wherein the electronic database contains a plurality of telephone numbers, and characteristics of each of the telephone numbers. Nguyen is cited as storing "player-specific data" from the registration process in a database. Petition at 48-49. However, Nguyen gives no indication that the "player-specific data" includes characteristics of the player's telephone number. EX1003 at 9:63 to 10:13. To the contrary, Nguyen specifically mentions storing "registration data and voice data". EX1003 at 10:2-4. Nguyen describes registration data as including information like the user's name, age, address, and telephone number. EX1003 at 8:3-9. Additional registration data, according to Nguyen, may include "data regarding the player's accounts maintained by financial institutions (e.g., bank accounts) that may be accessed to enable or facilitate gaming." EX1003 at 8:9-13. Nguyen does not contemplate creating or providing access to an electronic database containing a plurality of telephone numbers, and characteristics of each of the telephone numbers, as recited in substitute claim 36.

De Petris teaches creating and using a database containing an identifier assigned to a mobile telephone carrier and telephone prefixes associated with that carrier. *See*, EX1005 at [0035] and [0044]. Singhal teaches the use of customer, system, and transaction databases. EX1006 at [0052] and [0057-61]. The databases

may store customer information such as caller ID, name, e-mail address, PIN, a system A ID and corresponding user ID, and set time for the password. EX1006 at [0059]. Neither De Petris nor Singhal contemplates creating or providing access to the claimed electronic database, wherein the electronic database contains a plurality of telephone numbers, and characteristics of each of the telephone numbers.

As such, neither Nguyen alone nor in combination with Singhal and De Petris teaches or suggests creating or providing access to the electronic database, wherein the electronic database contains a plurality of telephone numbers, and characteristics of each of the telephone numbers, as recited in substitute claim 36.

> **5.    Nguyen, De Petris, and Singhal do not teach or suggest adding a telephone number and determined telephone number characteristics as recited.**

**Substitute claim 37** recites adding a telephone number and determined telephone number characteristics, including the type of phone associated with the added telephone number, the phone carrier of the added telephone number and geographic characteristics associated with the added telephone number, to the electronic database. None of Nguyen, De Petris, and Singhal contemplates adding a telephone number and determined telephone number characteristics, including the type of phone associated with the added telephone number, the phone carrier of the added telephone number and geographic characteristics associated with the

added telephone number, to the electronic database. For example, Nguyen supposes using a database maintained by a telephone company, which he would not have the right to update. As described above, De Petris and Singhal donot teach or suggest adding a telephone number and the determined telephone number characteristics, including the type of phone associated with the added telephone number, the phone carrier of the added telephone number and geographic characteristics associated with the added telephone number, to their respective databases.

Neither Nguyen alone nor in combination with Singhal and De Petris teaches or suggests adding a telephone number and determined telephone number characteristics, including the type of phone associated with the added telephone number, the phone carrier of the telephone number and geographic characteristics associated with the added telephone number, to the electronic database, as recited in substitute claim 37.

### 6. Nguyen, De Petris, and Singhal do not teach or suggest determining whether the telephone number is associated with a voice over internet protocol telephone.

**Substitute claim 38** recites determining the phone type characteristic comprises determining whether the telephone number is associated with a voice over internet protocol telephone. The Petition asserts that "it would have been obvious for Nguyen to also determine whether the associated phone was a voice

over internet protocol (VoIP) phone." Pet. at 51; EX1002 at ¶155. However, there is no description in the Petition, Dr. Shamos's Declaration (EX1002), or Nguyen as to *how* (or why) this would be accomplished. EX2027 ¶ 20.8. At best, Dr. Shamos addresses only whether it would be *desirable*. EX1002 at ¶155. EX2027 ¶ 20.8. The fact that Nguyen expressly mentions VoIP shows that Nguyen was aware of VoIP. And the additional fact that Nguyen does not even mention determining that a phone number is a VoIP number confirms that such determination is not relevant in Nguyen. EX2027 ¶ 20.8. De Petris and Singhal are not asserted to be, and are not understood to be, germane to the desirability or technical processes for identifying VOIP calls. As such, Nguyen, alone or in combination with Singhal and De Petris, is not understood to teach or suggest determining the phone type characteristic comprises determining whether the telephone number is associated with a voice over internet protocol telephone, as recited in substitute claim 38.

Patent Owner TeleSign has no new art to add to the record. As such, it is respectfully submitted that for at least the reasons discussed above, substitute claims 35 to 47 are patentable over all art of record.

## V.    CONCLUSION

The Federal Circuit has recently reversed the Board where "the PTAB's decision was 'conclusory and unsupported by substantial evidence" or the analysis "contained no explanation why or how a person having ordinary skill in the art

would modify" the prior art to arrive at the claimed invention. *In re Lemay*, 2016 U.S. App. LEXIS 17041, 6-7 (Fed. Cir. 2016).

Patent Owner respectfully asserts that those principles, along with avoiding hindsight, guide the outcome in this case. By way of illustration, consider that the Petition asserts: "Because Nguyen's Figure 2 registration process already suggests determining the phone carrier **in order to** reference the carrier's database and request the location of a cell site, a POSA would have a high expectation of success to try using the prefix method disclosed in De Petris **for looking up the carrier**." Those two premises are not supported by substantial evidence. Nguyen does not need to know the carrier "in order to" search its database, thus there is no need to find a way or a reference that purportedly describes how to do so. Only by impermissibly using the '034 patent as a road map would one reached the claimed invention.

September 21, 2016                    Respectfully submitted,

                              /AMY M. FOUST/
                              Amy M. Foust
                              Reg. No. 57,782
                              Counsel for Patent Owner

SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
(816) 474-6550

**CLAIM LISTING (With Changes Marked)**

1. (Conditionally replaced by Substitute Claim 35)      A process for telephonically registering a user over one or more communication networks through determining characteristics of a telephone number, comprising the steps of:

receiving a telephone number;

electronically determining the type of phone, the phone carrier and geographic characteristics associated with the telephone number;

connecting to a telephone associated with the telephone number through at least one of the communication networks;

communicating a verification message with the telephone over at least one of the communication networks; and

registering the user through at least one of the communication networks based on the type of phone, the phone carrier, the geographic characteristics associated with the telephone number and the verification message.

2. (Conditionally replaced by Substitute Claim 36) The process of claim 1, including the step of creating or providing access to an electronic database containing a plurality of telephone numbers, and characteristics of each of the telephone numbers.

3. (Conditionally Canceled)    The process of claim 2, including the step of querying the database to determine if the telephone number is within the database.

4. (Conditionally replaced by Substitute Claim 38) The process of claim 1, wherein determining the phone type characteristic comprises determining whether the telephone number is associated with a landline telephone, cellular telephone, or a voice over internet protocol telephone.

5. (Conditionally replaced by Substitute Claim 39) The process of claim 1, including the step of determining whether the telephone number is a non-geographic telephone number, fixed voice over internet protocol telephone number, equipment based voice over internet protocol telephone number, prepaid cellular telephone number, or a direct inward dialing or automatically forwarding telephone number.

6. (Conditionally replaced by Substitute Claim 40) The process of claim 1, wherein determining the geographic characteristics includes the step of determining at least one of the time zone, country, state, county, city, zip code and metro area of the phone number.

7. (Conditionally replaced by Substitute Claim 41) The process of claim 1, wherein the receiving step comprises using caller identification upon receiving a telephone call or obtaining the telephone number from a form.

8. (Conditionally replaced by Substitute Claim 42) The process of claim 1, including the step of creating a telephone connection by receiving or making a telephone call to the telephone number and analyzing the telephone connection to determine at least one of: quality of connection, pitch and frequency of ring, how long the phone rings, and time to establish a connection.

9. (Conditionally replaced by Substitute Claim 43) The process of claim 1, including the step of informing a third party of the determined telephone number characteristics.

10. (Conditionally replaced by Substitute Claim 44)     The process of claim 1, including the step of comparing the determined characteristics of the telephone number with previously provided corresponding verification information.

11. (Conditionally replaced by Substitute Claim 45)     The process of claim 1, including the step of denying or granting access to a web-site or system upon determining the characteristics of the telephone number.

12. (Conditionally replaced by Substitute Claim 46)     The process of claim 1, including the steps of providing an online registration form to a registrant and receiving an at least partially completed online registration form, including the registrant's telephone number.

13. (Conditionally replaced by Substitute Claim 47)      The process of claim 12, including the steps of establishing a telephonic connection with the registrant through the registrant telephone number, communicating a registration code to the registrant, and receiving the registration code from the online registration form or a telephone verification system to permit access to the web-site or system.

14. (Conditionally replaced by Substitute Claim 37)      The process of claim 2, including the step of adding a telephone number and determined telephone number characteristics to the database.

15. (Original)      A process for telephonically registering a user over one or more communication networks through determining characteristics of a telephone number, comprising the steps of:

creating or providing access to an electronic database containing a plurality of
    telephone numbers, and characteristics of each of the telephone numbers;
receiving a telephone number;
querying the database to determine if the telephone number is within the
    database;
using the database, determining the characteristics of the telephone number,
    including determining whether the telephone number is associated with a

landline telephone, cellular telephone, or a voice over internet protocol telephone;

connecting to a telephone associated with the telephone number through at least one of the communication networks:

communicating a verification message with the telephone over at least one of the communication networks;

registering the user through at least one of the communication networks based on the type of phone, the phone carrier, the geographic characteristics associated with the telephone number and the verification message; and

denying or granting access to a web-site or system based upon the characteristics of the telephone number associated with the registered user.

16. (Original)    The process of claim 15, including the step of determining whether the telephone number is a non-geographic telephone number, fixed voice over internet protocol telephone number, equipment based voice over internet protocol telephone number, prepaid cellular telephone number, or a direct inward dialing or automatically forwarding telephone number.

17. (Original)    The process of claim 15, including the step of determining the phone carrier of the phone number.

18. (Original)    The process of claim 15, including the step of determining the geographic characteristics of the telephone number including at

least one of the time zone, country, state, county, city, zip code and metro area of the telephone number.

19. (Original)    The process of claim 15, wherein the receiving step comprises using caller identification upon receiving a telephone call or capturing a telephone number from a form.

20. (Original)    The process of claim 15, including the step of creating a telephone connection by receiving or making a telephone call to the telephone number and analyzing the telephone connection to determine at least one of: quality of connection, pitch and frequency of ring, how long the phone rings, and time to establish a connection.

21. (Original)    The process of claim 15, including the step of informing a third party of the determined telephone number characteristics.

22. (Original)    The process of claim 15, including the step of comparing the determined characteristics of the telephone number with previously provided corresponding verification information.

23. (Original)    The process of claim 15, including the steps of providing an online registration form to a registrant and receiving an at least partially completed online registration form, including the registrant's telephone number.

24. (Original)    The process of claim 23, including the steps of establishing a telephonic connection with the registrant through the registrant

telephone number, communicating a registration code to the registrant, and receiving the registration code from the online registration form or a telephone verification system to permit access to the web-site or system.

25. (Original)    The process of claim 15, including the step of adding a telephone number and determined telephone number characteristics to the database.

26. (Original)    A process for telephonically registering a user over one or more communication networks through determining characteristics of a telephone number, comprising the steps of:

provide an online registration form to a registrant;

receiving an at least partially completed online registration form, including the registrant's telephone number;

determining whether the telephone number is a non-geographic telephone number, fixed voice over internet protocol telephone number, equipment based voice over internet protocol telephone number, prepaid cellular telephone number, or a direct inward dialing or automatically forwarding telephone number;

determining the type of phone associated with the phone number, including determining whether the telephone number is associated with a landline telephone, cellular telephone, or a voice over internet protocol telephone;

connecting to a telephone associated with the telephone number through at least

one of the communication networks;

communicating a verification message with the telephone over at least one of

the communication networks;

registering the user through at least one of the communication networks based

on the type of phone, the phone carrier, the geographic characteristics

associated with the telephone number and the verification message; and

denying or granting access to a web-site or system based upon the

characteristics of the telephone number associated with the user.

27. (Original)     The process of claim 26, including the step of
determining the phone carrier of the phone number.

28. (Original)     The process of claim 26, including the step of
determining geographic characteristics of the telephone number, including
determining at least one of the time zone, country, state, county, city, zip code and
metro area of the telephone number.

29. (Original)     The process of claim 26, including the step of creating or
providing access to an electronic database containing a plurality of telephone
numbers, and characteristics of each of the telephone numbers and querying the
database to determine if the telephone number is within the database.

30. (Original)        The process of claim 29, including the step of adding a telephone number and determined telephone number characteristics to the database.

31. (Original)        The process of claim 26, including the step of creating a telephone connection by receiving or making a telephone call to the telephone number and analyzing the telephone connection to determine at least one of: quality of connection, pitch and frequency of ring, how long the phone rings, and time to establish a connection.

32. (Original)        The process of claim 26, including the step of informing a third party of the determined telephone number characteristics.

33. (Original)        The process of claim 26, including the step of comparing the determined characteristics of the telephone number with registrant provided corresponding verification information.

34. (Original)        The process of claim 26, including the step of establishing a telephonic connection with the registrant through the registrant telephone number, communicating a registration code to the registrant, and receiving the registration code from the online registration form or a telephone verification system to permit access to the web-site or system.

35.    (Proposed Substitute for Claim 1)    A process for telephonically registering a user over one or more communication networks through determining characteristics of a telephone number, comprising the steps of:

receiving a telephone number;

**querying an electronic database to** electronically **determine** ~~determining~~ the type of phone **associated with the telephone number**, the phone carrier **of the telephone number** and geographic characteristics associated with the telephone number;

connecting to a telephone associated with the telephone number through at least one of the communication networks;

communicating a verification message with the telephone over at least one of the communication networks; and

registering the user through at least one of the communication networks based on the type of phone **associated with the telephone number**, the phone carrier **of the telephone number**, the geographic characteristics associated with the telephone number and the verification message.

36.    (Proposed Substitute for claim 2)    The process of claim ~~1~~ **35**, including the step of creating or providing access to ~~an~~ **the electronic database, wherein the** electronic database **contains** ~~containing~~ a plurality of telephone numbers, and characteristics of each of the telephone numbers.

37.    (Proposed Substitute for claim 14)      The process of claim ~~2~~ **36**, including the step of adding a telephone number and determined telephone number characteristics**, including the type of phone associated with the added telephone number, the phone carrier of the added telephone number and geographic characteristics associated with the added telephone number,** to the **electronic** database.

38.    (Proposed Substitute for claim 4)      The process of claim ~~1~~ **35**, wherein determining the phone type characteristic comprises determining whether the telephone number is associated with a ~~landline telephone, cellular telephone, or a~~ voice over internet protocol telephone.

39. (Proposed Substitute for Claim 5) The process of claim ~~1~~ **35**, including the step of determining whether the telephone number is a non-geographic telephone number, fixed voice over internet protocol telephone number, equipment based voice over internet protocol telephone number, prepaid cellular telephone number, or a direct inward dialing or automatically forwarding telephone number.

40. (Proposed Substitute for Claim 6) The process of claim ~~1~~ **35**, wherein determining the geographic characteristics includes the step of determining at least one of the time zone, country, state, county, city, zip code and metro area of the phone number.

41. (Proposed Substitute for Claim 7) The process of claim ~~1~~ **35**, wherein the receiving step comprises using caller identification upon receiving a telephone call or obtaining the telephone number from a form.

42. (Proposed Substitute for Claim 8) The process of claim ~~1~~ **35**, including the step of creating a telephone connection by receiving or making a telephone call to the telephone number and analyzing the telephone connection to determine at least one of: quality of connection, pitch and frequency of ring, how long the phone rings, and time to establish a connection.

43. (Proposed Substitute for Claim 9) The process of claim ~~1~~ **35**, including the step of informing a third party of the determined telephone number characteristics.

44. (Proposed Substitute for Claim 10) The process of claim ~~1~~ **35**, including the step of comparing the determined characteristics of the telephone number with previously provided corresponding verification information.

45. (Proposed Substitute for Claim 11) The process of claim ~~1~~ **35**, including the step of denying or granting access to a web-site or system upon determining the characteristics of the telephone number.

46. (Proposed Substitute for Claim 12) The process of claim ~~1~~ **35**, including the steps of providing an online registration form to a registrant and receiving an at

least partially completed online registration form, including the registrant's telephone number.

47. (Proposed Substitute for Claim 13) The process of claim ~~12~~ **46**, including the steps of establishing a telephonic connection with the registrant through the registrant telephone number, communicating a registration code to the registrant, and receiving the registration code from the online registration form or a telephone verification system to permit access to the web-site or system.

**CLAIM LISTING (Clean)**

1. (Conditionally replaced by Substitute Claim 35)        A process for telephonically registering a user over one or more communication networks through determining characteristics of a telephone number, comprising the steps of:

receiving a telephone number;

electronically determining the type of phone, the phone carrier and geographic characteristics associated with the telephone number;

connecting to a telephone associated with the telephone number through at least one of the communication networks;

communicating a verification message with the telephone over at least one of the communication networks; and

registering the user through at least one of the communication networks based on the type of phone, the phone carrier, the geographic characteristics associated with the telephone number and the verification message.

2. (Conditionally replaced by Substitute Claim 36) The process of claim 1, including the step of creating or providing access to an electronic database containing a plurality of telephone numbers, and characteristics of each of the telephone numbers.

3. (Conditionally Canceled)    The process of claim 2, including the step of querying the database to determine if the telephone number is within the database.

4. (Conditionally replaced by Substitute Claim 38) The process of claim 1, wherein determining the phone type characteristic comprises determining whether the telephone number is associated with a landline telephone, cellular telephone, or a voice over internet protocol telephone.

5. (Conditionally replaced by Substitute Claim 39) The process of claim 1, including the step of determining whether the telephone number is a non-geographic telephone number, fixed voice over internet protocol telephone number, equipment based voice over internet protocol telephone number, prepaid cellular telephone number, or a direct inward dialing or automatically forwarding telephone number.

6. (Conditionally Replaced by Substitute Claim 40)    The process of claim 1, wherein determining the geographic characteristics includes the step of determining at least one of the time zone, country, state, county, city, zip code and metro area of the phone number.

7. (Conditionally Replaced by Substitute Claim 41)    The process of claim 1, wherein the receiving step comprises using caller identification upon receiving a telephone call or obtaining the telephone number from a form.

8. (Conditionally Replaced by Substitute Claim 42)    The process of claim 1, including the step of creating a telephone connection by receiving or making a telephone call to the telephone number and analyzing the telephone connection to determine at least one of: quality of connection, pitch and frequency of ring, how long the phone rings, and time to establish a connection.

9. (Conditionally Replaced by Substitute Claim 43)    The process of claim 1, including the step of informing a third party of the determined telephone number characteristics.

10. (Conditionally Replaced by Substitute Claim 44)    The process of claim 1, including the step of comparing the determined characteristics of the telephone number with previously provided corresponding verification information.

11. (Conditionally Replaced by Substitute Claim 45)    The process of claim 1, including the step of denying or granting access to a web-site or system upon determining the characteristics of the telephone number.

12.    (Conditionally Replaced by Substitute Claim 46)    The process of claim 1, including the steps of providing an online registration form to a registrant and receiving an at least partially completed online registration form, including the registrant's telephone number.

13. (Conditionally Replaced by Substitute Claim 47)    The process of claim 12, including the steps of establishing a telephonic connection with the registrant through the registrant telephone number, communicating a registration code to the registrant, and receiving the registration code from the online registration form or a telephone verification system to permit access to the web-site or system.

14. (Conditionally replaced by Substitute Claim 37)    The process of claim 2, including the step of adding a telephone number and determined telephone number characteristics to the database.

15. (Original)    A process for telephonically registering a user over one or more communication networks through determining characteristics of a telephone number, comprising the steps of:

creating or providing access to an electronic database containing a plurality of telephone numbers, and characteristics of each of the telephone numbers;

receiving a telephone number;

querying the database to determine if the telephone number is within the database;

using the database, determining the characteristics of the telephone number, including determining whether the telephone number is associated with a

landline telephone, cellular telephone, or a voice over internet protocol telephone;

connecting to a telephone associated with the telephone number through at least one of the communication networks:

communicating a verification message with the telephone over at least one of the communication networks;

registering the user through at least one of the communication networks based on the type of phone, the phone carrier, the geographic characteristics associated with the telephone number and the verification message; and

denying or granting access to a web-site or system based upon the characteristics of the telephone number associated with the registered user.

16. (Original)    The process of claim 15, including the step of determining whether the telephone number is a non-geographic telephone number, fixed voice over internet protocol telephone number, equipment based voice over internet protocol telephone number, prepaid cellular telephone number, or a direct inward dialing or automatically forwarding telephone number.

17. (Original)    The process of claim 15, including the step of determining the phone carrier of the phone number.

18. (Original)    The process of claim 15, including the step of determining the geographic characteristics of the telephone number including at

least one of the time zone, country, state, county, city, zip code and metro area of the telephone number.

19. (Original)    The process of claim 15, wherein the receiving step comprises using caller identification upon receiving a telephone call or capturing a telephone number from a form.

20. (Original)    The process of claim 15, including the step of creating a telephone connection by receiving or making a telephone call to the telephone number and analyzing the telephone connection to determine at least one of: quality of connection, pitch and frequency of ring, how long the phone rings, and time to establish a connection.

21. (Original)    The process of claim 15, including the step of informing a third party of the determined telephone number characteristics.

22. (Original)    The process of claim 15, including the step of comparing the determined characteristics of the telephone number with previously provided corresponding verification information.

23. (Original)    The process of claim 15, including the steps of providing an online registration form to a registrant and receiving an at least partially completed online registration form, including the registrant's telephone number.

24. (Original)    The process of claim 23, including the steps of establishing a telephonic connection with the registrant through the registrant

telephone number, communicating a registration code to the registrant, and receiving the registration code from the online registration form or a telephone verification system to permit access to the web-site or system.

25. (Original)      The process of claim 15, including the step of adding a telephone number and determined telephone number characteristics to the database.

26. (Original)      A process for telephonically registering a user over one or more communication networks through determining characteristics of a telephone number, comprising the steps of:

   providing an online registration form to a registrant;

   receiving an at least partially completed online registration form, including the registrant's telephone number;

   determining whether the telephone number is a non-geographic telephone number, fixed voice over internet protocol telephone number, equipment based voice over internet protocol telephone number, prepaid cellular telephone number, or a direct inward dialing or automatically forwarding telephone number;

   determining the type of phone associated with the phone number, including determining whether the telephone number is associated with a landline telephone, cellular telephone, or a voice over internet protocol telephone;

connecting to a telephone associated with the telephone number through at least

one of the communication networks;

communicating a verification message with the telephone over at least one of

the communication networks;

registering the user through at least one of the communication networks based

on the type of phone, the phone carrier, the geographic characteristics

associated with the telephone number and the verification message; and

denying or granting access to a web-site or system based upon the

characteristics of the telephone number associated with the user.

27. (Original)    The process of claim 26, including the step of determining the phone carrier of the phone number.

28. (Original)    The process of claim 26, including the step of determining geographic characteristics of the telephone number, including determining at least one of the time zone, country, state, county, city, zip code and metro area of the telephone number.

29. (Original)    The process of claim 26, including the step of creating or providing access to an electronic database containing a plurality of telephone numbers, and characteristics of each of the telephone numbers and querying the database to determine if the telephone number is within the database.

30. (Original)    The process of claim 29, including the step of adding a
telephone number and determined telephone number characteristics to the
database.

31. (Original)    The process of claim 26, including the step of creating a
telephone connection by receiving or making a telephone call to the telephone
number and analyzing the telephone connection to determine at least one of:
quality of connection, pitch and frequency of ring, how long the phone rings, and
time to establish a connection.

32. (Original)    The process of claim 26, including the step of informing
a third party of the determined telephone number characteristics.

33. (Original)    The process of claim 26, including the step of comparing
the determined characteristics of the telephone number with registrant provided
corresponding verification information.

34. (Original)    The process of claim 26, including the step of
establishing a telephonic connection with the registrant through the registrant
telephone number, communicating a registration code to the registrant, and
receiving the registration code from the online registration form or a telephone
verification system to permit access to the web-site or system.

35.    (Proposed Substitute for Claim 1)    A    process    for    telephonically
registering a user over one or more communication networks through determining
characteristics of a telephone number, comprising the steps of:

receiving a telephone number;

querying an electronic database to electronically determine the type of phone
associated with the telephone number, the phone carrier of the telephone
number and geographic characteristics associated with the telephone
number;

connecting to a telephone associated with the telephone number through at least
one of the communication networks;

communicating a verification message with the telephone over at least one of
the communication networks; and

registering the user through at least one of the communication networks based
on the type of phone associated with the telephone number, the phone carrier
of the telephone number, the geographic characteristics associated with the
telephone number and the verification message.

36.    (Proposed Substitute for claim 2)    The process of claim 35,
including the step of creating or providing access to the electronic database,
wherein the electronic database contains a plurality of telephone numbers, and
characteristics of each of the telephone numbers.

37.    (Proposed Substitute for claim 14)    The process of claim 36, including the step of adding a telephone number and determined telephone number characteristics, including the type of phone associated with the added telephone number, the phone carrier of the added telephone number and geographic characteristics associated with the added telephone number, to the electronic database.

38.    (Proposed Substitute for claim 4)    The process of claim 35, wherein determining the phone type characteristic comprises determining whether the telephone number is associated with a voice over internet protocol telephone.

39. (Proposed Substitute for Claim 5) The process of claim 35, including the step of determining whether the telephone number is a non-geographic telephone number, fixed voice over internet protocol telephone number, equipment based voice over internet protocol telephone number, prepaid cellular telephone number, or a direct inward dialing or automatically forwarding telephone number.

40. (Proposed Substitute for Claim 6) The process of claim 35, wherein determining the geographic characteristics includes the step of determining at least one of the time zone, country, state, county, city, zip code and metro area of the phone number.

41. (Proposed Substitute for Claim 7) The process of claim 35, wherein the receiving step comprises using caller identification upon receiving a telephone call or obtaining the telephone number from a form.

42. (Proposed Substitute for Claim 8) The process of claim 35, including the step of creating a telephone connection by receiving or making a telephone call to the telephone number and analyzing the telephone connection to determine at least one of: quality of connection, pitch and frequency of ring, how long the phone rings, and time to establish a connection.

43. (Proposed Substitute for Claim 9) The process of claim 35, including the step of informing a third party of the determined telephone number characteristics.

44. (Proposed Substitute for Claim 10) The process of claim 35, including the step of comparing the determined characteristics of the telephone number with previously provided corresponding verification information.

45. (Proposed Substitute for Claim 11) The process of claim 35, including the step of denying or granting access to a web-site or system upon determining the characteristics of the telephone number.

46. (Proposed Substitute for Claim 12) The process of claim 35, including the steps of providing an online registration form to a registrant and receiving an at least partially completed online registration form, including the registrant's telephone number.

47. (Proposed Substitute for Claim 13) The process of claim 46, including the steps of establishing a telephonic connection with the registrant through the registrant telephone number, communicating a registration code to the registrant, and receiving the registration code from the online registration form or a telephone verification system to permit access to the web-site or system.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 21, 2016, a copy of the foregoing, with all newly filed exhibits, was served by electronic mail (or is being served simultaneously with its filing on even date) on the persons listed below at their corresponding addresses, which includes all counsel of record:

> Wayne O. Stacy, wayne.stacy@bakerbotts.com and wstacy@cooley.com
> Mikaela Stone, zTwilioIPR@cooley.com and mstone@cooley.com
> Britton Davis, bdavis@cooley.com
> Carrie Richey, crichey@cooley.com

This document was (or will be) filed through the PTAB E2E System.

Dated: September 21, 2016                    Respectfully submitted,


By: /AMY M. FOUST/

Amy M. Foust
Reg. No. 57,782
Counsel for Patent Owner


SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
(816) 474-6550