Gary Miller (*pro hac vice*)
(gmiller@shb.com)
Jesse Camacho (*pro hac vice*)
(jcamacho@shb.com)
Mary Jane Peal (*pro hac vice*)
(mpeal@shb.com)
Tony M. Diab (SBN 277343)
(tdiab@shb.com)
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614
Telephone:  949.475.1500
Facsimile:   949.475.0016

Attorneys for Plaintiff
TELESIGN CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESIGN CORPORATION,<br><br>PLAINTIFF,<br>v.<br>TWILIO, INC.,<br>DEFENDANT. | Case No. 2:16-cv-02106-PSG-SS<br><br>**PEAL DECLARATION IN SUPPORT OF TELESIGN'S APPLICATION TO FILE UNDER SEAL**<br><br>Honorable Philip S. Gutierrez |

I, Mary J. Peal, declare:

1. I am an attorney at the law firm Shook, Hardy & Bacon LLP and counsel for TeleSign. I make this declaration in support of TeleSign's Application for Leave to File Under Seal, with respect to Exhibits H, I and K to the Peal Declaration in support of TeleSign's Opposition to Twilio's Motion to Stay and related discussions of those Exhibits in TeleSign's Opposition brief and in the Peal Declaration.

2. The documents that TeleSign seeks to file under seal contain confidential information of TeleSign's that is sealable pursuant to Civil Local Rule 79-5.2.2(b).

3. The information in Exhibits H, I and K includes at least TeleSign's marketing and sales strategies, and customer contacts and communications, not readily obtained by outside competitors. This information is protected against Disclosure by the Protective Order between TeleSign and Twilio and is therefore not publicly-accessible.

4. Exhibits H, I and K contain sensitive material, disclosure of which would competitively harm TeleSign. The redacted portions of the Opposition and the Peal Declaration in support of the Opposition refer to and discuss this sensitive material. Public disclosure of this information would competitively harm TeleSign's business because it would provide competitors access to TeleSign's marketing analysis, negotiations with customers and sales strategies.

5. Courts have acknowledged the importance of protecting "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Courts in the Ninth Circuit have sealed confidential business information. *See Huawei Techs. Co. v. Samsung Elecs. Co*, 2017 U.S. Dist. LEXIS 64347, *8 n.1 (N.D. Cal. 2017).

6. TeleSign's competitive standing in the marketplace would be harmed and impaired if competitors and any member of the public could view its sensitive business information.

7. Therefore, TeleSign's Opposition to Twilio's Motion to Stay Case and Exhibits H, I and K are being filed under seal. (Additional portions of the Opposition are sealed due to discussion of Twilio's confidential information.)

I declare under penalty of perjury that the statements above are true to the best of my knowledge, information and belief. If called upon to testify I could and would testify.

Executed on May 1, 2017.

*/s/ Mary Jane Peal*

Mary Jane Peal