Gary Miller (*pro hac vice*)
(gmiller@shb.com)
Jesse Camacho (*pro hac vice*)
(jcamacho@shb.com)
Mary Jane Peal (*pro hac vice*)
(mpeal@shb.com)
Janet L. Hickson (SBN 198849)
(jhickson@shb.com)
Tony M. Diab (SBN 277343)
(tdiab@shb.com)
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614
Telephone:   949.475.1500
Facsimile:   949.475.0016

Attorneys for Plaintiff
TELESIGN CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESIGN CORPORATION, | Case No. 2:16-cv-02106-PSG-SS |
| Plaintiff, | **APPLICATION FOR LEAVE TO FILE UNDER SEAL** |
| v. | |
| TWILIO, INC., | [Filed concurrently with Declaration in Support of Application and [Proposed] Order] |
| Defendant. | |
| | Honorable Philip S. Gutierrez |

On March 17, 2017, Twilio filed a non-dispositive motion to stay this case.[1]  In conjunction with its Opposition, TeleSign seeks to file under seal (1) Peal Declaration Exhibits C, D, E and F, which are excerpts of two documents produced by Twilio bearing the Bates ranges TW00011610-12; TW00015140-42; TW00015165-67; TW00015217-19, and designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the stipulated Protective Order in *TeleSign I*;[2] (2) Peal Declaration Exhibits H, I and K, which are three email threads between TeleSign and its customers or potential customers, also designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the stipulated Protective Order submitted by the parties; (3) TeleSign's unredacted Opposition brief that references specific content from Twilio's documents and from TeleSign's email threads; and (4) the unredacted Peal Declaration in Support of TeleSign's Opposition.

The documents produced by Twilio contain information considered confidential by Twilio, and relate to internal Twilio business planning related to technology TeleSign has accused of infringement in this case.  Twilio has represented to TeleSign that it believes the excerpts related to Twilio's documents that TeleSign wishes to present to the Court should be filed under seal, along with the related portions of TeleSign's Opposition Brief.

The email threads between TeleSign and its customers or potential customers relate to TeleSign's confidential and strategic business operations.  This information would provide an advantage to competitors if made public relating to TeleSign's sales, marketing and strategies in the marketplace.  Twilio has represented to TeleSign that it does not oppose the sealing of TeleSign's confidential communications with its customers and related portions of TeleSign's Opposition brief.

Therefore, TeleSign respectfully requests that the Court grant the application.

---

[1] ECF No. 65, Twilio Inc.'s Notice of Motion and Motion to Consolidate and Stay Related Cases; Memorandum of Points and Authorities.

[2] *TeleSign Corp. v. Twilio Inc.*, Case No. 15-3240-PSG-SS, ECF No. 110.

APPLICATION FOR LEAVE TO FILE UNDER SEAL

Attached hereto are unredacted versions of Exhibits C, D, E and F, proposed to be sealed due to Twilio's confidential information.    Also attached hereto are unredacted versions of Exhibits H, I and K, proposed to be sealed due to TeleSign's confidential information.    Additionally, an unredacted version of TeleSign's Opposition brief, proposed to be sealed due to content from and relating to the exhibits listed above, is attached hereto.  The only portions of that document redacted are lines that reference content from the unredacted Exhibits above, and thus the bases for redacting those lines is the same as the bases for redacting the aforementioned Exhibits.    Finally, an unredacted version of the Peal Declaration in support of TeleSign's Opposition is attached, which refers to Exhibits H, I and K.    These portions of the Peal Declaration must be filed under seal in order to protect the confidential portions of TeleSign's Opposition, and the exhibits referenced therein.

Pursuant to Local Rule 79-5.2.2(b), Twilio, Inc. will file a declaration within four days of the filing of the instant application setting forth the good cause and/or compelling reasons why Exhibits C, D, E and F, and related portions of TeleSign's Opposition, should be sealed.

TeleSign's declaration setting forth good cause and compelling reasons why Exhibits H, I and K, and related portions of TeleSign's Opposition and the Peal Declaration in support, should be sealed.


Dated:  May 1, 2017                        Signed:*/s/  Tony M. Diab*
                                           Gary Miller
                                           (gmiller@shb.com)
                                           Shook, Hardy & Bacon L.L.P.
                                           111 S. Wacker Dr.
                                           Chicago, IL 60606
                                           Telephone:  312.704.7700
                                           Facsimile:  312.558.1195

                                           Jesse Camacho
                                           (jcamacho@shb.com)

PAGE 2

APPLICATION FOR LEAVE TO FILE UNDER SEAL

Mary Jane Peal
(mpeal@shb.com)
Shook, Hardy & Bacon L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone:  816.474.6550
Facsimile:  816.421.5547

Tony M. Diab
(tdiab@shb.com)
Shook, Hardy & Bacon L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614
Telephone:  949.475.1500
Facsimile:   949.475.0016

Attorneys for Plaintiff
TELESIGN CORPORATION

APPLICATION FOR LEAVE TO FILE UNDER SEAL