AO 120 (Rev. 08/10)

| TO: | **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court   for the Central District of California   on the following

☐ Trademarks or   ☒ Patents.   ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO.<br>CV16-02106 PSG | DATE FILED | U.S. DISTRICT COURT |
|---|---|---|
| PLAINTIFF<br>TELESIGN CORPORATION | | DEFENDANT<br>TWILIO, INC. |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1  9,300,792 | March 29, 2016 | TeleSign Corporation |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| see attached |

| CLERK<br>KIRY K. GRAY | (BY) DEPUTY CLERK | DATE<br>5/16/17 |
|---|---|---|

**Copy 1**—Upon initiation of action, mail this copy to Director     **Copy 3**—Upon termination of action, mail this copy to Director
**Copy 2**—Upon filing document adding patent(s), mail this copy to Director     **Copy 4**—Case file copy



American LegalNet, Inc.
www.FormsWorkFlow.com

#65(5/22 hrg off)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3240-PSG (SSx)<br>CV 16-2106 PSG (SSx) | Date | May 16, 2017 |
|---|---|---|---|
| Title | TeleSign Corporation v. Twilio, Inc.<br>Telesign Corp. v. Twilio, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Defendant's Motion to Consolidate and Stay Related Cases

Before the Court is Defendant Twilio, Inc.'s motion to consolidate and stay related cases. Dkt. # 65. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Because Plaintiff Telesign Corporation does not oppose consolidation, *Opp.* 1:16–19, the Court GRANTS Defendant's motion to consolidate. The Court also GRANTS Defendant's motion for a stay until March 2018 when the PTO is expected to complete its *inter partes* review ("IPR") of four claims in the '792 patent.

I.  Background

In the two related cases now before the Court, *Telesign Corp. v. Twilio, Inc.* ("*Telesign I*"), CV 15-3240 PSG (SSx), and *Telesign Corp. v. Twilio, Inc.* ("*Telesign II*"), CV 16-2106 PSG (SSx), Plaintiff Telesign Corporation alleges that Defendant Twilio, Inc. infringes Plaintiff's patents for two-factor Internet security authentication. The three patents involved in *Telesign I* are Telesign patents 8,687,038 ("the '038 patent"), 8,462,920 ("the '920 patent"), and 7,945,034 ("the '034 patent"), and the one patent involved in *Telesign II* is Telesign patent 9,300,792 ("the '792 patent").

On March 9, 2016, the Court granted Defendant's motion to stay *Telesign I* pending a request for IPR of twenty-two claims in the '038 patent, seventeen claims in the '920 patent, and eleven claims in the '034 patent. *See* CV 15-3240, Dkt. # 124. In July 2016, the Patent Trial and Appeal Board ("PTAB") of the U.S. Patent and Trademark Office ("PTO") denied the IPR petitions for the '038 and '920 patents but granted the IPR petition for eleven claims in the '034 patent. *See* CV 15-3240, Dkts. # 125-1, 125-2, 125-3. Because PTAB granted IPR for only some of the claims in *Telesign I*, Plaintiff petitioned the Court to reopen the case. Dkt. # 125. The Court denied the request on September 15, 2016. Dkt. # 141. Both parties expect that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3240-PSG (SSx) <br> CV 16-2106 PSG (SSx) | Date | May 16, 2017 |
|---|---|---|---|
| Title | TeleSign Corporation v. Twilio, Inc. <br> Telesign Corp. v. Twilio, Inc. | | |

PTAB will complete its IPR of the eleven claims in the '034 patent by June 28, 2017. *Opp.* 8:1–9.

On March 28, 2016, three weeks after the Court granted the stay in *Telesign I*, Plaintiff filed a second case against Twilio, alleging infringement of a related patent (the '792 patent). *See Complaint* ("*Compl.*"), CV 16-2106, Dkt. # 1. The parties admit that the '792 patent is in the same patent family as the '038 and '920 patents, but the '792 patent is not in the same family as the '034 patent now undergoing IPR review. *Mot.* 2:19–22; *Reply* 3:15–19, 6:12–15.

On March 8, 2017, PTAB granted IPR review of four of the six claims asserted in the '792 patent. Dkt. # 58-1. Defendant represents that PTAB's IPR decision "turned on the construction of 'notification event,' a term found in the '792, '038, and '920 patents." *Mot.* 4:25–5:13. The parties believe that PTAB will issue its final decision on the four claims in the '792 patent by March 2018. *Opp.* 8:1–9.

Separately, in December 2016, Twilio filed suit against Telesign in the Northern District of California. *See Twilio Inc. v. Telesign Corp.*, No. CV 16-6925 LHK (SVKx). Although the parties do not brief the Court on what patents are implicated in this Northern District case, Telesign informs the Court of the Northern District's discovery order authorizing cross-discovery between the Northern District and Central District cases. *See* CV 16-6925 LHK (SVKx), Dkt. # 61, at 3 ("[B]ecause of the similarities in the cases and adequate safeguards for third parties, Rule 1 favors cross-use of discovery in this case and the CDCA cases to allow for the 'just, speedy, and inexpensive' resolution of the cases.").

Defendant now moves the Court to stay all proceedings until PTAB finishes the IPR for the four claims in the '792 patent in March 2018. At this point, the parties are stayed from litigating all matters related to the '038, '920, and '034 patents until PTAB completes its IPR review of the eleven claims in the '034 patent in June 2017. Plaintiff opposes the motion to stay.

II.     Legal Standard

    A.     *Inter Partes* Review

In 2011, Congress enacted the America Invents Act ("AIA"), Pub. L. No. 112–29, 125 Stat. 284 (2011). The AIA created new adjudicatory proceedings before the PTO, including IPRs, post-grant reviews, and covered business method reviews. *See PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, 815 F.3d 734, 740–41 (Fed. Cir. 2016). Congress

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3240-PSG (SSx)<br>CV 16-2106 PSG (SSx) | Date | May 16, 2017 |
|---|---|---|---|
| Title | TeleSign Corporation v. Twilio, Inc.<br>Telesign Corp. v. Twilio, Inc. | | |

intended these proceedings to provide "quick and cost effective alternatives" to litigation in the courts. H.R. Rep. No. 112–98, pt. 1 at 48 (2011), as reprinted in 2011 U.S.C.C.A.N. 67, 78; *see also id.* at 40 ("[AIA] is designed to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs.").

An IPR is available to any "person who is not the owner of a patent . . . ." 35 U.S.C. § 311(a). Through IPR, petitioners "may request to cancel as unpatentable [one] or more claims of a patent only on a ground that could be raised under [35 U.S.C.] section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." *Id.* § 311(b). Before instituting an IPR trial, PTAB must determine that the petition presents a "reasonable likelihood that the petitioner would prevail with respect to at least [one] of the claims challenged in the petition . . . ." *E. Digital Corp. v. Dropcam, Inc.*, No. CV 14-4922 JST, 2016 WL 658033, at *2 (N.D. Cal. Feb. 18, 2016) (alteration, citation, and internal quotation marks omitted) (quoting 35 U.S.C. § 314(a) and *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030 (C.D. Cal. 2013)). Once a petition is accepted, the entire IPR, including PTAB's final written decision, must be completed "within one year from the date of institution, absent an extension for good cause." 35 U.S.C. § 316(a)(11). Although a good cause extension could extend the review up to six months, federal regulations implementing these time requirements anticipated that extensions would be rare. *See* 35 U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c); *Wonderland Nurserygoods Co., Ltd. v. Baby Trend, Inc.*, EDCV 14-1153 VAP (SPx), 2015 WL 1809309, at *2 (C.D. Cal. Apr. 20, 2015).

In an IPR review, PTAB "gives claim language its broadest reasonable interpretation." *PPC Broadband, Inc.*, 815 F.3d at 740 (citing *In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1279 (Fed. Cir. 2015)). "By giving the claim language its broadest reasonable interpretation, the patent examiner is able to 'reduce the possibility that, after the patent is granted, the claims may be interpreted as giving broader coverage than justified.'" *Id.* (citing *In re Prater*, 56 CCPA 1381, 415 F.2d 1393, 1404–05 (1969)). This is different from district court review because "[d]istrict courts, by contrast, do not assign terms their broadest reasonable interpretation. Instead, district courts seek out the correct construction—the construction that most accurately delineates the scope of the claimed invention—under the framework laid out in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc)." *Id.* A party may appeal a final written PTAB decision to the Federal Circuit. 35 U.S.C. § 141.

B. Motion to Stay

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3240-PSG (SSx)<br>CV 16-2106 PSG (SSx) | Date | May 16, 2017 |
|---|---|---|---|
| Title | TeleSign Corporation v. Twilio, Inc.<br>Telesign Corp. v. Twilio, Inc. | | |

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citation omitted). Courts generally consider three factors in deciding whether to grant a stay during IPR proceedings:

1.  whether discovery is complete and whether a trial date has been set;

2.  whether a stay will simplify the issues in question and trial of the case; and

3.  whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.

*Wonderland Nurserygoods*, 2015 WL 1809309, at *2 (quoting *Universal Elecs.*, 943 F. Supp. 2d at 1030–31). Courts should also consider the "totality of the circumstances" in evaluating whether a stay is proper. *Id.* ("While the case law enumerates several general considerations that are helpful in determining whether to order a stay, ultimately 'the totality of the circumstances governs.'" (quoting *Universal Elecs.*, 943 F. Supp. 2d at 1031)); *see also E. Digital*, 2016 WL 658033, at *2 ("While case law supplies these general considerations, the Court ultimately must decide whether to issue a stay on a case-by-case basis.").

"There is a 'liberal policy in favor of granting motions to stay proceedings pending the outcome' of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery," but "[c]ourts are not required to stay judicial proceedings pending re-examination of a patent." *Pi-Net Int'l, Inc. v. Hertz Corp.*, No. CV 12-10012 PSG (JEMx), 2013 WL 7158011, at *2 (C.D. Cal. June 5, 2013) (quoting *Aten Int'l Co. Ltd. v. Emine Tech. Co.*, No. SACV 09-0843, AG (MGLx), 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010)).

III. Discussion

Defendant Twilio urges the Court to stay the case pending the IPR for the '792 patent, which is scheduled to conclude in March 2018. *See generally Mot.* For the reasons discussed below, the Court agrees and GRANTS Defendant's motion to stay the case until PTAB finishes its IPR of the '792 patent. The Court reviews the three factors—stage of the proceedings, the possibility of simplifying issues, and undue prejudice to the non-moving party—and ultimately finds that a stay is justified.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3240-PSG (SSx)<br>CV 16-2106 PSG (SSx) | Date | May 16, 2017 |
|---|---|---|---|
| Title | TeleSign Corporation v. Twilio, Inc.<br>Telesign Corp. v. Twilio, Inc. | | |

A. <u>Stage of the Proceedings</u>

The first factor asks the Court to consider the progress already made in the case, such as the completion of discovery, the setting of a trial date, and whether claim construction has occurred. *See E. Digital*, 2016 WL 658033, at *2; *Wonderland Nurserygoods*, 2015 WL 1809309, at *2. "[D]istrict courts have adopted the date of the filing of the motion to stay" as the "proper time to measure the stage of litigation." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) (collecting cases).

Here, Defendant filed the current motion on March 17, 2017. *See* Dkt. # 65. At that time, *Telesign I* had already been stayed for a little more than a year. Although the parties in *Telesign I* had exchanged initial disclosures, responded to requests for production and interrogatories, and had just begun claim construction at the time of the stay, the Court had not yet set firm scheduling dates, and the parties had not yet filed claim construction briefs or motions for summary judgment. *See* Dkt. # 124. *Telesign II*, filed in March 2016, is still in the early stages of discovery as well. The parties have filed initial disclosures and negotiated the terms of scheduling and protective orders, but the Court has not yet set a briefing schedule or a firm trial date. *See Opp.* 7:19–26.

Because discovery in *Telesign I* and *II* is not yet completed, the parties have not filed claim construction briefs, and the Court has not set a firm trial date in either case, the Court finds that this factor weighs in favor of a stay. *See Wonderland Nurserygoods*, 2015 WL 1809309, at *3 (finding that this factor weighed in favor of a stay where fact discovery was not yet complete and the parties had submitted claim construction briefs, but the *Markman* hearing had not yet occurred); *Locata LBS, LLC v. Yellowpages.com, LLC*, No. CV 13-7664 JAK, 2014 WL 8103949, at *2–3 (C.D. Cal. July 11, 2014) (finding this factor weighed in favor of a stay where the parties had engaged in some preliminary discovery, but the parties had not settled on formal dates and depositions had yet to take place).

B. <u>Simplify Issues</u>

The Court next considers whether a stay will simplify the issues in the case. *See Wonderland Nurserygoods*, 2015 WL 1809309, at *2; *Black Hills Media, LLC v. Pioneer Elecs. (USA) Inc.*, No. CV 14-0471 SJO (PJWx), 2014 WL 4638170, at *6 (C.D. Cal. May 8, 2014).

According to Defendant, the '792 IPR will focus on the term "notification event." *See Mot.* 4:25–26. Defendant asserts that this IPR will simplify the issues before the Court because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3240-PSG (SSx)<br>CV 16-2106 PSG (SSx) | Date | May 16, 2017 |
|---|---|---|---|
| Title | TeleSign Corporation v. Twilio, Inc.<br>Telesign Corp. v. Twilio, Inc. | | |

the "notification event" term appears in the '792 patent as well as the '038 and '092 patents, and the patent office's ability to provide the broadest construction for this term will at least limit the scope of issues before the Court at trial. *See id.*; *Reply* 1:22–24 ("[T]his term appears in every independent claim in every patent of the second patent family."), 3:20–4:2. Defendant also raises concerns about allowing the federal case to proceed at the same time as the IPR. Defendant points out that "if the jury finds some claims of the '792 patent valid, but the Patent Office finds those same claims invalid, the ultimate outcome would depend upon which decision would reach finality first." *Mot.* 10:16–27. Given the likely briefing schedule, there is a real risk that the Court would set a trial in the consolidated *Telesign* case in spring 2018—around the same time that PTAB is expected to complete its IPR of the '792 patent—and there might be a race to verdict. *See id.*

Plaintiff counters that, although the '792 IPR might simplify the issues somewhat, the potential benefit from the IPR is minimal. Plaintiff points out that, after the PTAB completes its IPR of the '034 patent, only the four claims in the '792 patent will remain for IPR review. This means that, as of June 2017, PTAB will have before it only four out of the 84 claims implicated in this case. *See Opp.* 9:10–16. Plaintiff does not comment on how the four remaining claims before the PTO might influence the other claims not under review. Nonetheless, noting that PTAB's IPR review is limited to determining the broadest possible claim interpretation, Plaintiff also underscores that the IPR is not outcome determinative of Plaintiff's infringement claims, and cannot speak to the issue of whether some of Plaintiff's claims are barred by waiver, estoppel, acquiescence, or unclean hands. Plaintiff also speculates that, once the IPRs are over, Defendant will ask the Court to ignore the IPRs completely. *See Opp.* 11:6–13:8. This argument assumes, of course, that Plaintiff will prevail before the IPR and that the Court, if presented with such a request to ignore the PTAB proceedings, would grant it.

Although the rationale for a stay is lessened when IPR proceedings are asserted against some, but not all, of the claims at issue, the fact that not all claims are challenged in the IPR does not mean that the IPR for the '792 patent will not simplify the case. *See, e.g.*, *SAGE Electrochromics, Inc. v. View, Inc.*, No. CV 12-6441 JST, 2015 WL 66415, at *2 (N.D. Cal. Jan. 5, 2015) (citing *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1372 (Fed. Cir. 2014), *vacated on other grounds*, 780 F.3d 1123 (Fed. Cir. 2015)); *PersonalWeb Techs., LLC v. Apple, Inc.*, 69 F. Supp. 3d 1022, 1028–29 (N.D. Cal. 2014); *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. C 14-1575 EMC, 2014 WL 3107447, at *5 (N.D. Cal. July 3, 2014). As the court in *Robert Bosch* concluded, even if claims remain for trial after IPR, the PTAB decision "is strong evidence that the court must consider in assessing whether the party asserting invalidity has met its burden of clear and convincing evidence." 2014 WL 3107447, at *4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3240-PSG (SSx)<br>CV 16-2106 PSG (SSx) | Date | May 16, 2017 |
|---|---|---|---|
| Title | TeleSign Corporation v. Twilio, Inc.<br>Telesign Corp. v. Twilio, Inc. | | |

(quoting *Evolutionary Intelligence, LLC v. Facebook, Inc.*, C 13-4202 SI, 2014 WL 261837, at *7–8 (N.D. Cal. Jan. 23, 2014)); *see also Software Rights Archive, LLC v. Facebook, Inc.*, C 12-39721 RMW, 2013 WL 5225522, at *16 (N.D. Cal. Sept. 17, 2013) ("Although there is no guarantee an IPR will eliminate all the claims at issue, the higher standard to initiate an IPR ('reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition' as opposed to 'substantial new question of patentability') gives at least some promise that certain challenged claims will be struck down or amended if the PTO grants the petitions."). Moreover, because the four '792 claims at issue in the IPR implicate the '038 and '092 patents, given that they are part of the same family and use the same terms, Defendant has made a sufficient showing to tilt the balance in favor of a stay.

In light of the above, the Court finds that the second factor, the simplification of the issues, weighs in favor of a stay.

  C.  <u>Undue Prejudice</u>

The final factor is whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party—here, Plaintiff Telesign. *See Wonderland Nurserygoods*, 2015 WL 1809309, at *2. "In weighing the prejudice to the non-moving party, courts consider four sub-factors: '(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties.'" *E. Digital*, 2016 WL 658033, at *4 (quoting *Cypress Semiconductor Corp. v. GSI Tech, Inc.*, No. CV 13-2013 JST, 2014 WL 5021100, at *3 (N.D. Cal. Oct. 7, 2014)).

The first two sub-factors deal with the application for IPR proceedings. A party may not file IPR proceedings more than one year after that party has been served with a complaint. 35 U.S.C. § 315(b). Courts have critiqued the moving party when it waited until the last minute to file its IPR proceedings. *See, e.g.*, *Evolutionary Intelligence*, 2014 WL 93954, at *4. Although the parties do not provide the Court with the date that Defendant applied for IPR of the '792 patent, the timing of the PTO's grant of IPR is enough to confirm that Defendant filed for IPR soon after Plaintiff filed *Telesign II*, given that Plaintiff filed *Telesign II* in March 2016 and the PTO had already granted review by March 7, 2017. *See* CV 16-2106, Dkt. # 58. Moreover, Defendant petitioned for a stay only two weeks after PTAB granted the IPR. *See id.*, Dkt. # 65 (March 17, 2017). Because Defendant did not delay in requesting IPR or a stay from this Court, the first two sub-factors weigh in favor of a stay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3240-PSG (SSx)<br>CV 16-2106 PSG (SSx) | Date | May 16, 2017 |
|---|---|---|---|
| Title | TeleSign Corporation v. Twilio, Inc.<br>Telesign Corp. v. Twilio, Inc. | | |

The third sub-factor deals with the status of the IPR proceedings. Here, the PTO granted Defendant's IPR petition for the '792 patent, and the PTAB is scheduled to complete its review of the four claims in the patent by March 2018. Because the case is already stayed until June 2017, granting this request for stay would delay the case for another eight months. Although Plaintiff argues that the stay could last for longer than that, given the potential of a good cause extension and appeals to the Federal Circuit, courts have recognized that PTAB rarely, if ever, requests good cause extensions, *see Wonderland Nurserygoods*, 2015 WL 1809309, at *2, and the reasons for a stay diminish significantly after PTAB issues its IPR decision in the first instance. This third factor thus also weighs in favor of a stay.

The final sub-factor deals with the relationship among the parties. Where the parties are direct competitors, as they are here, some courts "presume that a stay will prejudice the non-movant." *ADA Sols., Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 3d 348, 351 (D. Mass. 2011). Plaintiff argues that it will be unduly prejudiced by a stay because it has already lost substantial business accounts to Twilio. *See Opp.* 17:4–19:10. Although courts "are generally reluctant to stay proceedings where the parties are direct competitors," *see Verinata Heath, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-5501 SI, 2014 WL 121640, at *3 (N.D. Cal. Jan. 13, 2014) (quoting *Boston Sci. Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011)), courts grant stays, even in cases among direct competitors, where the non-moving party has not made "a specific showing of prejudice beyond the delay necessarily inherent in a stay," *Affinity Labs of Texas, LLC v. Samsung Elecs. Co.*, No. 14-2717, 2014 WL 3845684, at *4 (N.D. Cal. Aug. 1, 2014). Here, Plaintiff asserts that it is harmed by continuing to have to compete in the marketplace with an entity that it believes has infringed its patents. Although the harm to Plaintiff is not insignificant, it is recoverable if Plaintiff prevails in this litigation, and so, the prejudice from the delay is diminished, if ever so slightly.

Moreover, the Court is not convinced that the burden from the eight months of additional stay is "undue." The Court and the parties will benefit from the IPR, and waiting until the IPR is complete will ensure that the parties and the Court use their resources in the most efficient manner possible. Although Plaintiff, at times, seems to accuse Defendant of maneuvering for unfair advantage in this litigation and the case now pending in the Northern District, the Court recognizes that Defendant had little opportunity to move faster with IPR review of the '792 patent, given that the PTO registered the patent well after the others in the same family, and Plaintiff, not Defendant, filed the second lawsuit multiplying these proceedings.

Thus, although the Court recognizes that some prejudice might accrue to Plaintiff from further delaying these proceedings, the Court does not see this prejudice as "undue." The Court

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3240-PSG (SSx)<br>CV 16-2106 PSG (SSx) | Date | May 16, 2017 |
|---|---|---|---|
| Title | TeleSign Corporation v. Twilio, Inc.<br>Telesign Corp. v. Twilio, Inc. | | |

therefore finds that this factor only weighs slightly against the stay.

    D.    <u>Summary</u>

The Court finds that two of the three factors weigh in favor of a stay. Although the Court recognizes that a speedy adjudication is generally in the interests of justice, and acknowledges that a stay will prejudice Plaintiff to some extent, the Court finds that the potential harm to Plaintiff from an additional eight month stay does not outweigh the benefit of a final IPR decision on the '792 patent. The Court therefore GRANTS the motion to stay the case pending the '792 IPR.

IV.    <u>Conclusion</u>

In the motion now before the Court, Defendant requested that the Court consolidate *Telesign I* and *Telesign II*, and stay the consolidated case until PTAB completed its IPR of the '792 patent. Because Plaintiff does not oppose consolidation, the Court GRANTS the motion to consolidate, ordering all subsequent pleadings and motions filed under the first-filed case, *Telesign Corp. v. Twilio, Inc.*, CV 15-3240 PSG (SSx), and closing the second-filed case, *Telesign Corp. v. Twilio, Inc.*, CV 16-2106 PSG (SSx). Although the parties vigorously contested Defendant's request for an additional stay, the Court finds it appropriate to stay the case for an additional eight months pending the IPR of the '792 patent and GRANTS the motion to stay. Because CV 15-3240 PSG (Ssx) was already stayed and administratively closed, the case should remain administratively closed and may be reopened by application of either party.

    **IT IS SO ORDERED.**